SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
J. Gregory Milmoe
Kenneth S. Ziman
J. Eric Ivester

Proposed Counsel for Debtors and
  Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re                                    :  Chapter 11
                                         :
MF Global Holdings Ltd.                  :  Case No. 11-15059 (SMB)
                                         :
          Debtor.                        :
                                         :
Tax ID Number 98-0551260
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                         :
In re                                    :  Chapter 11
                                         :
MF Global Finance USA Inc.               :  Case No. 11-15058 (SMB)
                                         :
          Debtor.                        :
                                         :
Tax ID Number 98-0554890
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MOTION OF DEBTORS FOR ORDER UNDER FED. R. BANKR. P. 1015
DIRECTING JOINT ADMINISTRATION OF THE CHAPTER 11 CASES
AND GRANTING RELATED RELIEF**

MF Global Holdings Ltd. and MF Global Finance USA Inc., debtors and debtors-in-possession in the above-captioned cases (collectively the "Debtors" and the Debtors, together with MF Global Holdings Ltd.'s non-debtor affiliates and subsidiaries shall be referred to herein as "MF Global" or the "Company") submit this motion (the "Motion") for entry of an order under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

providing for the joint administration of the Debtors' separate chapter 11 cases for procedural purposes only and seeking a waiver of the requirement that the captions in these chapter 11 cases list the Debtors' tax identification numbers and addresses. In support of this Motion the Debtors rely upon and incorporate by reference the Declaration of Bradley I. Abelow (the "<u>Abelow Declaration</u>") filed under Rule 1007-2 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York and in support of the Debtors' Chapter 11 Petitions and First Day Orders. In further support of this Motion, the Debtors represent as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The predicate for the relief requested herein is Bankruptcy Rule 1015(b).

## BACKGROUND

2. On the date of this Motion (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition in this Court for reorganization relief under chapter 11 of the Bankruptcy Code. The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the Abelow Declaration filed concurrently herewith and fully incorporated herein by reference.[1]

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Abelow Declaration.

3. The Debtors continue to manage and operate their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code.

**RELIEF REQUESTED**

4. By this Motion, the Debtors seek entry of an order pursuant to Bankruptcy Rule 1015(b) consolidating the Debtors' chapter 11 cases for procedural purposes only and waiving the requirement that the Debtors' caption contain tax identification numbers and addresses.

**BASIS FOR RELIEF**

5. Bankruptcy Rule 1015(b) provides that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." See Fed. R. Bankr. P. 1015(b). Section 101(2) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), in turn, defines the term "affiliate" in pertinent part as a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned . . . by the debtor." 11 U.S.C. § 101(2).

6. MF Global Holdings Ltd. is the indirect owner of MF Global Finance USA Inc. As such, the Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b). Accordingly, joint administration of the Debtors' cases is appropriate under Bankruptcy Rule 1015(b).

7. Moreover, the joint administration of the Debtors' chapter 11 cases will permit the Clerk of the Court to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. Indeed, the Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these cases will affect both Debtors. Joint administration also will protect

3

parties in interest by ensuring that parties in each of the Debtors' respective chapter 11 cases will be apprised of the various matters before the Court in these cases.  To this end, contemporaneously herewith the Debtors are filing a consolidated list of creditors.

8. Joint administration will also save time and money and avoid duplicative and potentially confusing filings by permitting counsel for all parties in interest to (a) use a single caption on the numerous documents that will be served and filed herein and (b) file the papers in one case rather than in multiple cases.  In addition, joint administration will protect parties in interest by ensuring that parties in <u>each</u> of the Debtors' respective chapter 11 cases will be apprised of the various matters before the Court in these cases.

9. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights.  Each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right.

10. Accordingly, the Debtors request that the official caption of the chapter 11 cases to be used by all parties in all pleadings in the jointly administered cases be as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| MF Global Holdings Ltd., <u>et al.</u>, | : | Case No. 11-15059 (SMB) |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

11. The Debtors submit that use of this simplified caption, without reference to their respective tax identification numbers, addresses and other detail specified by Bankruptcy Code section 342(c) and Bankruptcy Rule 2002(n), will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification. Further, such case-specific information will be listed in the petitions for each Debtor, which are publicly available to parties in interest or will be provided by the Debtors upon request. Therefore, the Debtors submit that the policies behind the requirements of Bankruptcy Code section 342( c) and Bankruptcy Rule 2002(n) have been satisfied.

12. In addition, the Debtors request that the Court make separate docket entries in each of the Debtors' chapter 11 cases (other than in MF Global Holdings Ltd.'s case) substantially similar to the following:

> An order has been entered in this case consolidating this case with the case of MF Global Holdings Ltd., Case No. 11-15059, for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 11-15059 should be consulted for all matters affecting the above listed case.

13. In view of the fact that joint administration is procedural only, the Debtors respectfully request that the Court direct that any creditor filing a proof of claim against any of the Debtors or their respective estates clearly assert its claim against the particular Debtor obligated on such claim, and not against the jointly administered Debtors.

14. Finally, the Debtors seek authority to file the monthly operating reports required by the Operating Guidelines and Financial Reporting Requirements promulgated by the U.S. Trustee on a consolidated basis if the Debtors determine, after consultation with the U.S. Trustee, that consolidated reports would further administrative economy and efficiency without prejudice to any party in interest and that the reports would accurately reflect the Debtors' consolidated business operations and financial affairs; provided, however, that the consolidated

monthly operating reports will reflect the cash disbursements made by each Debtor during the applicable period.

15. Courts have routinely granted to large business debtors the same or substantially similar relief to that requested in this Motion. See, e.g., In re Lyondell Chemical Company et al., Case No. 09-10023 (REG) (Bankr. S.D.N.Y Jan. 7, 2009); In re Frontier Airlines Holdings, Inc., Case No. 08-11298 (RDD) (Bankr. S.D.N.Y. April 11, 2008); In re Fortunoff Fine Jewelry and Silverware, LLC; Case No. 08-10353 (JMP) (Bankr. S.D.N.Y. Feb. 5, 2008); In re Movie Gallery, Inc., Case No. 07-33849 (DOT) (Bankr. E.D. Va. Oct. 18, 2007); In re Tweeter Home Entm't. Group, Inc., Case No. 07-10787 (PJW) (Bankr. D. Del. June 13, 2007); In re Dana Corp., Case No. 06-10354 (BRL) (Bankr. S.D.N.Y. Mar. 3, 2006); In re Musicland Holding Corp., Case No. 06-10064 (SMB) (Bankr. S.D.N.Y. Jan. 13, 2006); In re Refco Inc., Case No. 05-60006 (RDD) (Bankr. S.D.N.Y. Oct. 19, 2005); In re Delphi Corp., Case No. 05-44481 (RDD) (Bankr. S.D.N.Y. Oct. 8, 2005); In re Winn-Dixie Stores, Inc., Case No. 05-11063 (RDD) (Bankr. S.D.N.Y. Feb. 22, 2005).

16. For these reasons, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors and other parties in interest and, therefore, should be granted.

**NOTICE**

17. Notice of this Motion has been provided by facsimile, electronic transmission, overnight delivery, or hand delivery to: (a) the United States Trustee for the Southern District of New York; (b) the United States Attorney for the Southern District of New York; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) counsel for the agents under the Debtors' prepetition credit facilities; (f) the indenture trustee for each of the Debtors' outstanding bond issuances; and (g) the parties included on the Debtors' list

of fifty (50) largest unsecured creditors. The Debtors submit that, under the circumstances, no other or further notice is necessary.

## NO PRIOR REQUEST

18. No prior request for the relief requested herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request this Court enter an order, substantially in the form annexed hereto, granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated: New York, New York
October 31, 2011

SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP

By: */s/ Kenneth S. Ziman*
J. Gregory Milmoe
Kenneth S. Ziman
J. Eric Ivester
Four Times Square
New York, New York 10036
(212) 735-3000

Proposed Counsel for Debtors and
 Debtors-in-Possession

888978-Chicago Server 2A - MSW