SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
J. Gregory Milmoe
Kenneth S. Ziman
J. Eric Ivester

Proposed Counsel for Debtors and
 Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
In re : Chapter 11
:
MF Global Holdings Ltd., et al., : Case No. 11- 15059 (SMB)
:
: (Joint Administration Pending)
Debtors. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MOTION OF THE DEBTORS FOR ORDER AUTHORIZING THE
DEBTORS TO (I) PREPARE CONSOLIDATED LIST OF CREDITORS
IN LIEU OF MAILING MATRIX, (II) FILE CONSOLIDATED LIST OF 50 LARGEST
UNSECURED CREDITORS, AND (III) MAIL INITIAL NOTICES**

MF Global Holdings Ltd. and MF Global Finance USA Inc., debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors," and the Debtors, together with MF Global Holdings Ltd.'s non-debtor affiliates and subsidiaries shall be referred to herein as "MF Global" or the "Company")[1] submit this motion (the "Motion") for entry of an order under section 521 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1007-1 of the

---

[1] The Debtors consist of: MF Global Holdings Ltd. (EIN: 98-0551260) and MF Global Finance USA Inc. (EIN: 98-0554890).

Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") authorizing the Debtors to (a) prepare a consolidated list of creditors in lieu of a mailing matrix, (b) file a consolidated list of the 50 largest unsecured creditors, and (c) mail initial notices. In support of this Motion, the Debtors rely upon and incorporate by reference the Declaration of Bradley I. Abelow Pursuant to Local Bankruptcy Rule 1007-2 and in Support of Chapter 11 Petitions and Various First Day Applications and Motions (the "Abelow Declaration"). In further support of this Motion, the Debtors represent as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code section 521, Bankruptcy Rule 1007 and Local Rule 1007-1.

**BACKGROUND**

3. On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code. The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in detail in the Abelow Declaration, filed concurrently herewith and fully incorporated herein by reference.[2]

4. The Debtors continue to manage and operate their businesses as debtors in possession under Bankruptcy Code sections 1107 and 1108.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Abelow Declaration.

## RELIEF REQUESTED

5. By this Motion, and in accordance with General Orders M-408 and M-409, the Debtors request that this Court enter an order, under Bankruptcy Code section 521, Bankruptcy Rule 1007(d) and Local Rule 1007-1, authorizing the Debtors to (a) prepare a consolidated list of creditors in electronic format only, identifying their creditors in the format or formats currently maintained in the ordinary course of business in lieu of any required mailing matrix, (b) file a consolidated list of the 50 largest general unsecured creditors, and (c) mail initial notices. The Debtors further seek authority not to file (i) the consolidated list of creditors described in the preceding clause (a) with this Court concurrently with the filing of their bankruptcy petitions, but instead to make such list available only upon request and (ii) a list of each of each Debtors' equity security holders.

## BASIS FOR RELIEF

**A. Request for Authority to Prepare a Consolidated List Of Creditors**

6. Local Rule 1007-1 directs a debtor to comply with any standing orders issued by this Court regarding the filing of creditor lists (the "Standing Orders"). Unless a debtor's schedules of assets and liabilities are filed simultaneously with a chapter 11 petition, Bankruptcy Code section 521(a), Bankruptcy Rule 1007(a)(1), Local Rule 1007-1 and General Order M-408 and General Order M-399 (Bankr. S.D.N.Y. May 17, 2010) require a debtor to file a list containing the name and address of each creditor, with the petition. Under General Order M-408, at the time of filing the petition, the debtor's counsel must (1) file the list of creditors on the docket and (2) upload the creditors' matrix into the ECF creditors' database.

7. In this instance, permitting the Debtors to maintain a consolidated list of their creditors in electronic format only in lieu of filing a creditor matrix is warranted under the circumstances. Indeed, converting the Debtors' computerized information to a format

compatible with the matrix requirements would be an exceptionally burdensome task and would greatly increase the risk and recurrence of error with respect to information already intact on computer systems maintained by the Debtors or their agents.

8. Moreover, concurrently with this Motion, the Debtors have filed an application seeking the appointment of GCG, Inc. ("GCG") as claims and noticing agent in these chapter 11 cases. If such application is granted, GCG will, among other things, (a) assist with the consolidation of the Debtors' computer records into a creditor database and (b) complete the mailing of notices to the parties in such database.

9. After consultation with GCG, the Debtors believe that preparing the consolidated list in the format or formats currently maintained in the ordinary course of business will be sufficient to permit GCG to give notice promptly to all applicable parties. Accordingly, it is in the best interest of the Debtors' estates to avoid the cost and risks associated with preparing and filing a separate matrix.

10. Given that GCG will receive an electronic list of creditors and use that list to provide notice in the Debtors' cases, filing a separate list of all creditors of the Debtors would serve no useful purpose. The Debtors therefore request that the Court waive the requirement under Bankruptcy Rule 1007(a)(1) to file a list of the Debtors' creditors.

**B. Single Consolidated List Of The 50 Largest General Unsecured Creditors**

11. Section 521 of the Bankruptcy Code requires the Debtors file a list of creditors and Bankruptcy Rule 1007(d) further requires the Debtors file "a list containing the name, address, and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders …" Fed. R. Bankr. P. 1007(d). Because, however, the employees of the Debtors were required to devote significant time and energy toward preparation for filing these cases on an emergency basis, and the Debtors would have had to divert significant resources and effort to

reconcile which claims are assertable against which specific Debtor, the Debtors instead prepared a combined list of the top 50 largest unsecured creditors in these chapter 11 cases. In light of the foregoing, the Debtors submit that authority to file a single, consolidated list of the 50 largest unsecured creditors in these chapter 11 cases is in the best interests of the estates and will facilitate the efficient and orderly administration of these chapter 11 cases.

**C.     Mail Initial Notices To Creditors**

12.     As stated above, contemporaneously herewith, the Debtors by separate application are seeking authority to retain GCG as their claims and noticing agent. The Debtors propose that GCG undertake all mailings directed by this Court, the U.S. Trustee, or as required by the Bankruptcy Code. Additionally, GCG will assist the Debtors in preparing creditor lists and mailing initial notices to the consolidated list of creditors, such as (a) a notice of filing of the chapter 11 cases, (b) a notice of a meeting of creditors under section 341 of the Bankruptcy Code, (c) notice of the time fixed for filing objections to and the hearing to consider approval of a disclosure statement or consider confirmation of a plan, and (d) any correspondence the Debtors may wish to send to creditors as part of the Debtors' communication efforts to keep their creditors informed with respect to the status of these chapter 11 cases.

13.     With such assistance, the Debtors will be prepared to file a computer-readable consolidated list of creditors and a list of equity security holders upon request, and will be capable of undertaking all necessary mailings.

14.     Courts have routinely granted to large business debtors the same or substantially similar relief to that requested in this Motion. See, e.g., In re Lyondell Chemical Company et al., Case No. 09-10023 (REG) (Bankr. S.D.N.Y Jan. 7, 2009); In re Lehman Brothers Holdings Inc. et al., Case No. 08-13555 (JMP) (Bankr. S.D.N.Y Sept. 16, 2008); In re Frontier Airlines Holdings, Inc. et al., Case No. 08-11298 (RDD) (Bankr. S.D.N.Y. April 11,

2008); In re Movie Gallery, Inc., et al., Case No. 07-33849 (DOT) (Bankr. E.D. Va. Oct. 18, 2007); In re Dana Corp., et al., Case No. 06-10354 (BRL) (Bankr. S.D.N.Y. Mar. 6, 2006); In re Musicland Holding Corp., et al., Case No. 06-10064 (SMB) (Bankr. S.D.N.Y. Jan. 17, 2006); In re Refco Inc., et al., Case No. 05-60006 (RDD) (Bankr. S.D.N.Y. Oct. 20, 2005); In re Delphi Corp., et al., Case No. 05-44481 (RDD) (Bankr. S.D.N.Y. Oct. 13, 2005 ); In re Winn-Dixie Stores, Inc., et al., Case No. 05-11063 (RDD) (Bankr. S.D.N.Y. Mar. 4, 2005).

**NOTICE**

15. Notice of this Motion has been provided by facsimile, electronic transmission, overnight delivery, or hand delivery to: (a) the United States Trustee for the Southern District of New York; (b) the United States Attorney for the Southern District of New York; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) counsel for the agents under the Debtors' prepetition credit facilities; (f) the indenture trustee for each of the Debtors' outstanding bond issuances; and (g) the parties included on the Debtors' list of fifty (50) largest unsecured creditors. The Debtors submit that, under the circumstances, no other or further notice is necessary.

**NO PRIOR REQUEST**

16. No prior request for the relief requested herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request this Court enter an order, substantially in the form annexed hereto, granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated: New York, New York
       October 31, 2011

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By:   */s/ Kenneth S. Ziman*
     J. Gregory Milmoe
     Kenneth S. Ziman
     J. Eric Ivester
     Four Times Square
     New York, New York 10036
     (212) 735-3000

Proposed Counsel for Debtors and
  Debtors-in-Possession

888971-Chicago Server 2A - MSW