SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
J. Gregory Milmoe
Kenneth S. Ziman
J. Eric Ivester

Proposed Counsel for Debtors and
 Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re : Chapter 11
:
MF GLOBAL HOLDINGS LTD., et al., : Case No. 11-15059 (SMB)
:
: (Joint Administration Pending)
Debtors. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER AUTHORIZING THE RETENTION OF GCG INC., AS CLAIMS AND
NOTICING AGENT FOR THE DEBTORS AND
APPROVING RELATED AGREEMENT**

Upon consideration of the Application (the "Application")[1] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), seeking entry of an order pursuant to 28 U.S.C. § 156(c) and Rule 5075-1(a) of the Local Rules for the Southern District of New York, authorizing the retention of GCG, Inc. ("GCG"), as its claims and noticing agent; and upon the Abelow Declaration and the Ferrante Declaration ; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

1

Application is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that GCG is disinterested pursuant to section 101(14) of the Bankruptcy Code and that the terms of the Retention Agreement are reasonable and appropriate; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The Application is GRANTED;

2. The Debtors are authorized to employ and retain GCG as their Claims Agent on the terms and for the purposes, and to provide the services, as set forth in the Retention Agreement;

3. The terms of the Retention Agreement are hereby approved;

4. GCG will assist the Debtors with, among other things, preparing and mailing notices and customized proofs of claims to creditors, claims processing, solicitation of votes on any plan, tabulation of ballots and such other services as may be requested by the Debtors or the Clerk's Office from time to time;

5. The Clerk's Office shall release all filed claims directly to GCG, and GCG will provide the Clerk's Office with the necessary labels and boxes for shipping the claims to GCG;

6. In connection with its appointment as claims and noticing agent in these cases, GCG:

    (a) is not and will not be employed by any federal or state agency (the "Government") and will not seek any compensation from the Government;

    (b) by accepting employment in these cases, waives any right to receive compensation from the Government;

(c) is not an agent of the Government and is not acting on behalf of the Government;

(d) will not misrepresent any fact to the public; and

(e) will not employ any past or present employees of the Debtors for work involving these cases;

7. If these cases convert to cases under chapter 7 of the Bankruptcy Code, GCG will continue to be paid for its services until the claims filed in the chapter 11 cases have been completely processed. If claims agent representation is necessary in the converted chapter 7 case, GCG will continue to be paid in accordance with 28 U.S.C. § 156(c) under the terms set forth in the Retention Agreement and this Order;

8. Prior to the close of these cases, an Order dismissing GCG shall be submitted terminating the services of GCG upon completion of its duties and responsibilities;

9. Upon the close of these cases, GCG shall box and transport all original documents in proper format, as provided by the Clerk's Office, to the Federal Records Administration;

10. The Debtors and GCG are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application;

11. Notwithstanding the possible applicability of Rule 6004(h) of the Bankruptcy Rules or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and

12. This Court shall retain jurisdiction with respect to all matters, claims, rights or disputes arising from or related to the implementation of this Order.

Dated: New York, New York
_____, 2011      _____
                              UNITED STATES BANKRUPTCY JUDGE