SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
J. Gregory Milmoe
Kenneth S. Ziman
J. Eric Ivester

Proposed Counsel for Debtors and
  Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
  In re                                         :       Chapter 11
:
MF GLOBAL HOLDINGS LTD., et al.,    :       Case No. 11-15059 (MG)
:
:      (Joint Administration Pending)
                  Debtors.             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MOTION FOR AN ORDER UNDER 11 U.S.C. § 521 AND FED. R. BANKR. P. 1007(c)
GRANTING AN EXTENSION OF TIME TO FILE SCHEDULES OF ASSETS
AND LIABILITIES, SCHEDULES OF EXECUTORY CONTRACTS AND
UNEXPIRED LEASES AND STATEMENTS OF FINANCIAL AFFAIRS**

        MF Global Holdings Ltd. and MF Global Finance USA Inc., debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors," and the Debtors, together with MF Global Holdings Ltd.'s non-debtor affiliates and subsidiaries shall be referred to herein as "MF Global" or the "Company")[1] submit this motion (the "Motion") for an order under Rule 1007(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") extending the time to file schedules of assets and liabilities, schedules of executory contracts and unexpired

---

[1] The Debtors consist of: MF Global Holdings Ltd. (EIN: 98-0551260) and MF Global Finance USA Inc. (EIN: 98-0554890).

leases and statements of financial affairs. In support of this Motion, the Debtors rely upon and incorporate by reference the Declaration of Bradley I. Abelow Pursuant to Local Bankruptcy Rule 1007-2 and in Support of Chapter 11 Petitions and Various First Day Applications and Motions (the "Abelow Declaration"). In further support of this Motion, the Debtors represent as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code") and Bankruptcy Rules 1007(c).

## BACKGROUND

3. On the date of this Motion (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for reorganization relief under chapter 11 of the Bankruptcy Code. The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the Abelow Declaration filed concurrently herewith and fully incorporated herein by reference.[2]

4. The Debtors continue to manage and operate their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Abelow Declaration.

**RELIEF REQUESTED**

5.     Pursuant to section 521 of the Bankruptcy Code and Rule 1007 of the Bankruptcy Rules, the Debtors are required, within 14 days of the Petition Date, to file with the Court (a) schedules of assets and liabilities, (b) schedules of current income and expenditures, (c) statements of financial affairs, (d) statements of executory contracts and unexpired leases, and (e) a list of equity security holders (collectively, the "Schedules and Statements").

6.     By this Motion, the Debtors respectfully seek an order extending (the "Extension") their time for filing the Schedules and Statements (defined below) for an additional 75 days from November 14, 2011, the date the Schedules and Statements (defined below) are otherwise required to be filed under Rule 1007 of the Bankruptcy Rules (such that the Debtors will file their Schedules and Statements within 91 days of the Petition Date) through and including Monday, January 30, 2012, without prejudice to the Debtors' ability to request additional time should it become necessary.

**BASIS FOR RELIEF**

7.     Section 521(a)(1) of the Bankruptcy Code and Rule 1007(b) of the Bankruptcy Rules provide, in pertinent part, that a debtor shall file a list of its creditors and "unless the court orders otherwise[,] a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs . . . ." 11 U.S.C. § 521(a)(1); Fed. R. Bankr. P. 1007(b).  Bankruptcy Rule 1007(c) further provides that "[a]ny extension of the time for the filing of schedules [and] statements" may be granted "on motion for cause shown."  See Fed. R. Bankr. P. 1007(c).

8.     As set forth more fully in the Abelow Declaration, the Company is one of the largest brokers in markets for commodities and listed derivatives, with operations in countries around the world.  The Company's worldwide operations result in numerous

3

transactions each day. Given the size and complexity of their businesses, the Debtors have a significant amount of information to prepare in order to file their Schedules and Statements. To prepare the required Schedules and Statements, the Debtors must compile information from books, records and documents relating to a multitude of transactions at numerous locations. Collection of the necessary information requires an expenditure of substantial time and effort on the part of the Debtors' employees. Given the limited time available to prepare for the filing of these cases, the substantial burden placed on management by commencement of these cases, the competing demands on employees, the time and attention the Debtors must devote to the restructuring process, and the fact that certain prepetition invoices have not yet been received and/or entered into the Debtors' financial systems, the Debtors have not had the opportunity to gather the necessary information to prepare and file their respective Schedules and Statements. Due to the complexity of their operations, and the substantial burdens already imposed on the Debtors' management by the commencement of these chapter 11 cases on an emergency basis, the Debtors submit that "cause" exists to extend the current deadline for filing the Schedules and Statements as set forth herein.

9. The Debtors believe that the fourteen-day automatic extension of time to file such Schedules and Statements provided by Bankruptcy Rule 1007(c) will not be sufficient to permit completion of the Schedules and Statements.

10. At this juncture, the Debtors estimate that an extension of 75 additional days will provide sufficient time to prepare and file the Schedules and Statements. The Debtors thus request that the Court establish January 30, 2012 as the date on or before which they must file their Schedules and Statements, without prejudice to the Debtors' rights to seek any further

extensions from this Court, or to seek a waiver of the requirement of filing certain Schedules and Statements.

11. Courts have routinely granted to large business debtors the same or substantially similar relief to that requested in this Motion. See, e.g., In re Lyondell Chemical Company, Case No. 09-10023 (REG) (Bankr. S.D.N.Y Jan. 7, 2009); In re Lenox Sales, Inc., Case No. 08-14679 (ALG) (Bankr. S.D.N.Y. Nov. 25, 2008); In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP) (Bankr. S.D.N.Y Sept. 16, 2008); In re Steve & Barry's Manhattan LLC, Case No. 08-12579 (ALG) (Bankr. S.D.N.Y. July 10, 2008); In re Frontier Airlines Holdings, Inc., Case No. 08-11298 (RDD) (Bankr. S.D.N.Y. April 14, 2008); In re Fortunoff Fine Jewelry and Silverware, LLC, Case No. 08-10353 (JMP) (Bankr. S.D.N.Y. Feb. 19, 2008); In re Dana Corp., Case No. 06-10354 (BRL) (Bankr. S.D.N.Y. Mar. 29, 2006); In re Musicland Holding Corp., Case No. 06-10064 (SMB) (Bankr. S.D.N.Y. Jan. 17, 2006); In re Refco Inc., Case No. 05-60006 (RDD) (Bankr. S.D.N.Y. Oct. 19, 2005); and In re Delphi Corp., Case No. 05-44481 (RDD) (Bankr. S.D.N.Y. Oct. 13, 2005).

**NOTICE**

12. Notice of this Motion has been provided by facsimile, electronic transmission, overnight delivery, or hand delivery to: (a) the United States Trustee for the Southern District of New York; (b) the United States Attorney for the Southern District of New York; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) counsel for the agents under the Debtors' prepetition credit facilities; (f) the indenture trustee for each of the Debtors' outstanding bond issuances; and (g) the parties included on the Debtors' list of fifty (50) largest unsecured creditors. The Debtors submit that, under the circumstances, no other or further notice is necessary.

## NO PRIOR REQUEST

13. No prior request for the relief requested herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request this Court enter an order, substantially in the form annexed hereto, granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated: New York, New York
October 31, 2011

SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP

By:    */s/ Kenneth S. Ziman*
      J. Gregory Milmoe
      Kenneth S. Ziman
      J. Eric Ivester
      Four Times Square
      New York, New York 10036
      (212) 735-3000

Proposed Counsel for Debtors and
 Debtors-in-Possession

888974-Chicago Server 2A - MSW