UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------- x
    In re                                   :      Chapter 11

MF GLOBAL HOLDINGS, LTD., et al.,    :      Case No. 11-15059 (MG)

                                        :      (Joint Administration Pending)
              Debtors.                 :
------------------------------- x

**AMENDED INTERIM ORDER UNDER 11 U.S.C. §§ 105, 361, 362, 363(c), AND 363(e) AND BANKRUPTCY RULES 2002, 4001, 6003, 6004 AND 9014 (I) AUTHORIZING THE DEBTORS TO USE CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION TO THE LIQUIDITY FACILITY LENDERS, AND (III) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(b) AND (c)**

Upon the motion, dated October 31, 2011 (the "Motion") of MF Global Holdings Ltd. and MF Global Finance USA Inc., as debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (i) authorizing the Debtors' use of JPMorgan Chase Bank, N.A.'s ("JPM") "cash collateral" (as defined in § 363(a) of the Bankruptcy Code, the "Cash Collateral"); (ii) providing adequate protection to JPM, in its individual capacity and in its capacity as agent for the Liquidity Facility Lenders[1] for any diminution in value of its interest in the Cash Collateral; and (iii) scheduling a final hearing (the "Final Hearing") to consider the relief requested in the Motion and the entry of a Final Order (as defined herein), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having provided notice of the

---

[1] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion. The term "Debtors" shall not include any subsequently filed entity unless otherwise consented to by JPM.

Motion and Hearing (as defined below) to: (a) the United States Trustee for the Southern District of New York; (b) the United States Attorney for the Southern District of New York; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) counsel for the agents under the Debtors' prepetition Liquidity Facility; (f) the indenture trustee for each of the Debtors' outstanding bond issuances; and (g) the parties included on the Debtors' list of fifty (50) largest unsecured creditors (collectively, the "Notice Parties"); and the Court having held a hearing to consider the requested relief (the "Hearing"); and upon the Abelow Declaration, the record of the Hearing, and all of the proceedings before the Court; the Court having found and determined that the requested relief is in the best interests of the Debtors, their estates, creditors, and all parties in interest, that the Debtors have provided due and proper notice of the Motion and that Hearing and no further notice is necessary; and whereby JPM withdrew its objection to the Motion and consented to the use of Cash Collateral based upon the terms of this Order; and after due deliberation and consideration and sufficient cause appearing therefor;

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A. Petition Date: On October 31, 2011 (the "Petition Date"), each of the Debtors filed a voluntary petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court") thereby commencing these cases (the "Chapter 11 Cases").

B. Debtors in Possession: The Debtors are continuing to manage and operate their business and properties as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

C. _Jurisdiction and Venue_: This Court has core jurisdiction over the Cases, the Motion, and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

D. _Party with Interest in Cash Collateral_: JPM, on its own behalf and on behalf of the Liquidity Facility Lenders, acting in its capacity as the Liquidity Facility Agent, has an interest in the Cash Collateral to the extent that funds on deposit with the Liquidity Facility Agent as of the Petition Date may be subject to rights of setoff or any other rights under applicable law. The Court is not by this Order making any finding of fact as to whether any of the Debtors' particular cash or securities on deposit or maintained by the Debtors in any account or accounts with JPM constitutes cash collateral of JPM within the meaning of § 363(a) of the Bankruptcy Code and this Order is without prejudice to any of the rights, remedies and privileges of JPM, including its affiliates' right to ultimately setoff and apply amounts against one or more obligations owing to them.

E. _Good Faith_. The terms of the use of the Cash Collateral have been the subject of negotiations conducted in good faith and at arm's length among the Debtors and JPM, and, pursuant to §§ 105, 361, 363 and 364 of the Bankruptcy Code, JPM is hereby found to be an entity that has acted in "good faith" in connection with the negotiation and entry of this Order, and is entitled to the protection provided under §§ 363(m) and 364(e) of the Bankruptcy Code.

F. _Necessity of Relief Requested_. In the event JPM were to have the right to, and were to exercise, any purported setoff rights against available cash or securities owned by the Debtors, the Debtors allege that they would not have sufficient available sources of working capital and financing to operate their business in the ordinary course of business or to maintain their property without the use of Cash Collateral. Without access to the cash and securities that

may be asserted to be Cash Collateral, the Debtors' allege that the continued operation of the Debtors' business would not be possible and immediate and irreparable harm would result to the Debtors, their estates and creditors, and the possibility for a successful outcome in these Chapter 11 Cases, would be gravely jeopardized.  Based on the Debtors' allegations, the relief requested in the Motion is, therefore, necessary, essential, and appropriate for the continued operation of the Debtors' business, and to facilitate the management and preservation of the Debtors' property.  Entry of this Order is in the best interests of the Debtors, their estates, their creditors and other parties in interest.

   G.  <u>Final Hearing</u>.  At the Final Hearing (defined herein), the Debtors will seek approval of the relief requested in the Motion for the proposed use of Cash Collateral arrangements on a final basis pursuant to a final order in form and substance satisfactory to JPM (the "<u>Final Cash Collateral Order</u>"), notice of such Final Hearing will be provided in accordance with this Order.

   H.  <u>Notice</u>.  The Debtors have made reasonable efforts to afford appropriate notice of the Interim Hearing and the emergency relief requested in the Motion to the Notice Parties, and under the circumstances, such notice provided to the Notice Parties is good and sufficient under the circumstances to permit the interim relief set forth in this Order, and no other or further notice of the relief sought at the Hearing and the relief granted herein is necessary or shall be required.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. <u>Motion Granted</u>. The Motion is granted, and the use of Cash Collateral on an interim basis is authorized, subject to the terms and conditions set forth in this Order.

2. <u>Authorization to Use Cash Collateral</u>. Subject to paragraph 3, the Debtors are authorized to use Cash Collateral for the period (the "<u>Specified Period</u>") from and including the Petition Date through the earlier of (x) November 14, 2011; <u>provided</u> that such date may be extended by JPM subject to its prior consent and upon the Debtors' delivery of a cash budget in form, substance and scope satisfactory to JPM and (y) the date of entry of the Final Cash Collateral Order. This authorization is limited to using Cash Collateral to (a) fund necessary expenditures of the Debtors to avoid irreparable injury to the Debtors, and (b) pay certain postpetition obligations in accordance with this Order. Notwithstanding anything herein to the contrary, (x) not more than $8 million (whether or not Cash Collateral) shall be used by the Debtors for ordinary course purposes during the Specified Period and such funds shall not be used to fund (i) MF Global Inc., (ii) any foreign non-Debtor entity unless with the prior consent of JPM and (iii) any other non-Debtor entity unless the Debtors determine in their good faith judgment that such funding is necessary to avoid irreparable harm to the Debtors' estates shall not exceed $5 million in the aggregate and (y) prior to using any Cash Collateral (including without limitation for purposes of the Carve-Out), the Debtors shall use unencumbered cash to the full extent thereof (and such unencumbered cash shall be deemed used prior to the use of any Cash Collateral). Notwithstanding the foregoing, the $8 million limit in clause (x) shall not apply in the event the Debtors shall have repaid all Cash Collateral used and shall have indefeasibly waived their rights to seek any further use of JPMorgan's Cash Collateral.

3. <u>Termination</u>. The authorization for the Debtors to use Cash Collateral shall automatically terminate on the earlier of (x) the expiration of the Specified Period, (y) any of the cases being dismissed or converted to a chapter 7 case, or a chapter 11 trustee with plenary powers, a responsible officer, or an examiner with enlarged powers relating to the operation of the businesses of the Debtors (powers beyond those set forth in §§ 1106(a)(3) and (4) of the Bankruptcy Code) being appointed in any of the cases and (z) the entry of an order reversing, amending, supplementing, staying, vacating or otherwise modifying this Order without JPM's prior consent. Nothing in this Order shall authorize the disposition of any assets of the Debtors or their estates outside the ordinary course of business, or any Debtor's use of any Cash Collateral or other proceeds resulting therefrom, except as permitted in this Order, with the prior written consent of JPM.

4. <u>Adequate Protection</u>. As a condition for the use of any cash that is Cash Collateral, and as adequate protection to the extent of any net decrease in such cash, including as a consequence of the Debtors' use thereof in accordance with this Order, JPM shall receive:

(a) *Superpriority Claims.* Allowed senior administrative expense claims (the "<u>Superpriority Claims</u>") against the Debtors with priority over any and all administrative expenses, adequate protection claims and all other claims against the Debtors, now existing or hereafter arising, of any kind whatsoever, as provided under § 507(b) of the Bankruptcy Code, including, without limitation, all administrative expenses of the kind specified in §§ 503(b) and 507(b) of the Bankruptcy Code, and over any and all administrative expenses or other claims arising under the Bankruptcy Code, whether or not such expenses or claims may become secured

6

by a judgment lien or other non-consensual lien, levy or attachment; provided that the Superpriority Claims shall be subject to the Carve-Out.[3]

(b) *Adequate Protection Liens*. Effective and perfected upon the date of this Order and without the necessity of the execution by the Debtors (or recordation or other filing) of security agreements, control agreements, pledge agreements, financing statements, mortgages or other similar documents, or the possession or control by JPM of any property, the following security interests and liens are hereby granted to JPM, for its own benefit and the benefit of the Liquidity Facility Lenders, subject only to the Carve-Out (all property identified in clauses (a) and (b) below being collectively referred to as the "Adequate Protection Collateral"; and all such liens and security interests granted to JPM, for its benefit and for the benefit of the Liquidity Facility Lenders, pursuant to this Order, the "Adequate Protection Liens"):

(i) First Lien on Unencumbered Property. Pursuant to § 364(c)(2) of the Bankruptcy Code, a valid, binding, continuing, enforceable, fully perfected first priority lien on, and security interest in, all tangible and intangible prepetition and postpetition property in which the Debtors have an interest, whether existing on or as of the Petition Date or thereafter acquired, that is not subject to valid, perfected, non-avoidable and enforceable liens in existence on or as of the Petition Date (collectively, the "Unencumbered Property"), including, without limitation, any and all avoidance actions, unencumbered cash, intercompany indebtedness owed by one or more non-debtor entities to either or both Debtors (including, without limitation, any and all amounts owed by MF Global Inc. to each Debtor), accounts receivable, inventory, general intangibles, contracts, securities, chattel paper, owned real estate, real property leaseholds, fixtures,

---

[3] Notwithstanding the Motion, for the purposes of this Order, the "Carve-Out" means (i) any fees owed to the United States Trustee and (ii) any accrued but unpaid fees of estate professionals not to exceed $3 million, inclusive of $100,000 in the aggregate for any professional fees, costs and expenses incurred by any Chapter 7 trustee.

machinery, equipment, deposit accounts, patents, copyrights, trademarks, tradenames, rights under license agreements and other intellectual property, capital stock of the subsidiaries of each Debtor and the proceeds of all of the foregoing; <u>provided</u> that, the Debtors shall not be required to pledge in excess of 65% of the capital stock of their direct foreign subsidiaries or any of the capital stock or interests of indirect foreign subsidiaries (if adverse tax consequences would result to the Debtors) or other assets that would be unlawful to pledge as determined by a final order of a court of competent jurisdiction; and <u>provided</u>, <u>further</u>, that the Court will reconsider at the Final Hearing (defined below) both the grant of liens on avoidance actions and whether the superpriority administrative claim shall be applicable to proceeds of avoidance actions, solely with respect to any further authorization to use Cash Collateral in excess of amounts authorized to be used pursuant to this Order.

(ii)     <u>Liens Junior to Existing Liens</u>.  Pursuant to § 364(c)(3) of the Bankruptcy Code, a valid, binding, continuing, enforceable, fully perfected junior lien on, and security interest in all tangible and intangible prepetition and postpetition property in which the Debtors have an interest, whether now existing or hereafter acquired and all proceeds thereof, that is subject to valid, perfected and unavoidable liens (if any) in existence immediately prior to the Petition Date or to valid and unavoidable liens in existence immediately prior to the Petition Date that are perfected after the Petition Date as permitted by § 546(b) of the Bankruptcy Code.

(c)     *Liens Senior to Other Liens*.  The Adequate Protection Liens shall not be (i) subject or subordinate to any lien or security interest that is avoided and preserved for the benefit of the Debtors and their estates under § 551 of the Bankruptcy Code or (ii) subordinated to or made *pari passu* with any other lien or security interest under §§ 363 or 364 of the Bankruptcy Code or otherwise.

8

(d) *Replenishment of Cash Collateral*. The Debtors shall immediately use any unencumbered cash generated from Debtors' asset sales or other dispositions outside of the ordinary course of business to replenish, on a dollar for dollar basis, any Cash Collateral used by the Debtors.

(e) *Fees and Expenses*. JPM shall receive from the Debtors reimbursement of all fees and expenses incurred or accrued, whether prior to or after the Petition Date, by JPM, including without limitation, the reasonable fees and disbursements of financial advisors now or hereafter retained by or on behalf of JPM and Simpson Thacher & Bartlett LLP, as counsel to JPM and, in each case, whether retained in JPM's individual capacity or as Liquidity Facility Agent, relating to the use of Cash Collateral and the provisions hereof; <u>provided</u>, that if the Court shall determine by final order that JPM does not have a security interest in the Cash Collateral, JPM shall reimburse the Debtors for any fees and disbursements received hereunder. None of the fees and expenses payable pursuant to this paragraph shall be subject to separate approval by this Court (but this Court shall resolve any dispute as to the reasonableness of any such fees and expenses), and no recipient of any such payment shall be required to file any interim or final fee application with respect thereto. The Debtors shall pay the undisputed portion of the fees and expenses provided for in this paragraph (regardless of whether cash collateral shall have been repaid to JPMorgan) promptly (but no later than ten (10) days) after invoices for such fees and expenses shall have been submitted to the Debtors, any official committee appointed in these cases, and the U.S. Trustee, <u>provided</u> such fees in the aggregate shall be limited to $250,000.

(f) *Budget*. The Debtors shall provide as soon as practicable, and in any event on or before the termination of the Specified Period, (a) a cash budget in form, substance and scope satisfactory to JPM and such reporting or information with respect to the Debtors and their

affiliates as JPM may reasonably request from time to time, and (b) a reasonably detailed schedule of unencumbered assets of the Debtors.  In addition, the Debtors shall permit representatives, agents and/or employees of JPM to have reasonable access to the Debtors' personnel and provide to such persons all such non-privileged information as they may reasonably request from time to time.

5. <u>Confirmation and Priority of Adequate Protection Liens</u>.  The Adequate Protection Liens shall be senior to all other security interests in, liens on, and claims against any of the Adequate Protection Collateral.  The Adequate Protection Liens shall be enforceable against the Debtors, their estates and any successors thereto, including without limitation, any trustee or other estate representative appointed in these Chapter 11 Cases, or any case under chapter 7 of the Bankruptcy Code upon the conversion of either of these Chapter 11 Cases, or in any other proceedings superseding or related to any of the foregoing.  The Adequate Protection Liens shall be (i) in continuation of and in addition to all liens and security interests now existing in favor of the Liquidity Facility Lenders and not in substitution therefor; (ii) effective as of the Petition Date; and (iii) deemed duly perfected without the necessity of filing in any county or state recorders office or elsewhere, any additional documents or notices to perfect such postpetition liens and security interests.  Notwithstanding anything herein to the contrary, all rights of the Debtors to contest the extent, validity, priority or perfection of any and all liens (other than Adequate Protection Liens), or any right of setoff, asserted by any party in these Cases are preserved and nothing herein shall prejudice any party asserting any such liens or rights to setoff or the validity, priority or perfection thereof.

6. <u>Waivers</u>.  Except to the extent of the Carve-Out, no expenses of administration of the cases or any future proceeding that may result therefrom, including liquidation in bankruptcy

or other proceedings under the Bankruptcy Code, shall be charged against or recovered from the Cash Collateral or the Adequate Protection Collateral pursuant to § 506(c) of the Bankruptcy Code or any similar principle of law or equity, without the prior written consent of JPM and no such consent shall be implied from any other action, inaction, or acquiescence by JPM.

       7.      <u>Preservation of Rights</u>.  (a) If an order dismissing any of the cases under § 1112 of the Bankruptcy Code or otherwise is at any time entered, such order shall provide (in accordance with §§ 105 and 349 of the Bankruptcy Code) that: (x) the Superpriority Claims and the Adequate Protection Liens shall continue in full force and effect and shall maintain their priorities as provided in this Order until all adequate protection obligations shall have been paid and satisfied in full (and that such Superpriority Claims and the Adequate Protection Liens shall, notwithstanding such dismissal, remain binding on all persons); and (y) this Court shall retain jurisdiction, notwithstanding such dismissal, for the purposes of enforcing the claims, liens and security interests referred to in clause (x) above.

      (b) If any or all of the provisions of this Order are hereafter reversed, modified, vacated or stayed, such reversal, stay, modification or vacatur shall not affect: (i) the validity, priority or enforceability of any adequate protection obligations incurred prior to the actual receipt of written notice by JPM of the effective date of such reversal, stay, modification or vacatur; or (ii) the validity, priority or enforceability of the Adequate Protection Liens.  Notwithstanding any such reversal, stay, modification or vacatur, any use of Cash Collateral or any adequate protection obligations incurred or Adequate Protection Liens granted by the Debtors hereunder, as the case may be, prior to the actual receipt of written notice by JPM of the effective date of such reversal, stay, modification or vacatur shall be governed in all respects by the original provisions of this Order, and JPM shall be entitled to all of the rights, remedies, privileges and

benefits granted in §§ 363(m) and 364(e) of the Bankruptcy Code with respect to all uses of Cash Collateral and all adequate protection obligations and Adequate Protection Liens.

(c) Nothing herein shall prohibit the Debtors from seeking debtor-in-possession financing; <u>provided</u> that (i) the proceeds thereof shall be used to repay, on a dollar for dollar basis, the amount of net Cash Collateral utilized by the Debtors, (ii) the Debtors shall not, and shall not be authorized to, utilize JPM's Cash Collateral on and after the closing of such debtor-in-possession financing facility without the prior consent of JPM, and (iiii) the Debtors shall not grant a priming, *pari passu* or junior lien on any of JPM's Cash Collateral. Without limiting the foregoing, JPM's rights to object to any proposed debtor-in-possession financing are fully preserved.

8. <u>Modification of Automatic Stay</u>. The automatic stay under Bankruptcy Code § 362(a) is hereby modified as necessary to effectuate all of the terms and provisions of this Order, including, without limitation, to: (a) permit the Debtors to grant the Adequate Protection Liens and incur the Superpriority Claims; (b) permit the Debtors to perform such acts as JPM may request in its sole discretion to assure the perfection and priority of the liens granted herein; (c) permit the Debtors to incur all liabilities and obligations to JPM under the terms of this Order; and (d) authorize the Debtors to pay, and JPM to retain and apply, any payments made in accordance with the terms of this Order.

9. <u>No Third Party Rights</u>. Except as explicitly provided for herein, this Order does not create any rights for the benefit of any third party, creditor, equity holder or any direct, indirect, or incidental beneficiary.

10. <u>Binding Effect of Order</u>. Immediately upon entry by the Court (notwithstanding any applicable law or rule to the contrary), the terms and provisions of this Order shall become

valid and binding upon and inure to the benefit of the Debtors, JPM, the Liquidity Facility Lenders, all other creditors of any of the Debtors, any committee appointed in these Chapter 11 Cases, and all other parties in interest and their respective successors and assigns, including any trustee or other fiduciary hereafter appointed in either of these Chapter 11 Cases, or upon dismissal of either of these Chapter 11 Cases.  In the event of any inconsistency between the provisions of this Order and any other order (including any "First Day" order), the provisions of this Order shall govern and control. Any payments to be made under any order (including any "First Day" order) shall be made in accordance with this Order.

11. <u>Further Interim Hearing</u>. An additional interim hearing will be held by this Court on November 14, 2011 at 2:00 p.m. (prevailing Eastern Time).

12. <u>Objection to Final Order</u>.  A Final Hearing will be scheduled by separate Order of the Court.  Any objection to the relief requested in the Motion on a permanent basis must be (a) filed with the Court no later than 5:00 p.m. (prevailing Eastern Time) on November 21, 2011 (the "<u>Objection Deadline</u>") and (b) served so as to be actually received by the following parties by the Objection Deadline: (i) proposed counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, New York 10036 (Attn: Kenneth S. Ziman, Esq.), (ii) proposed conflicts counsel to the Debtors, Curtis, Mallet-Prevost, Colt & Mosle LLP, 101 Park Avenue, New York, New York 10178-0061 (Attn: Steven J. Reisman, Esq.), (iii) the United States Trustee for the Southern District of New York; (iv) counsel for JPM, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Attn: Peter V. Pantaleo, Esq.), (v) the attorneys for any official committee of unsecured creditors then appointed in these cases and (vi) counsel for the agents under the Debtors' prepetition credit facilities.

13. Effect of this Order. This Order shall take effect and be enforceable *nunc pro tunc* to the Petition Date immediately upon execution thereof.

14. Retention of Jurisdiction. This Court hereby retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

15. Amended Order. This Order amends, supersedes, and replaces the order entered at Docket No. 24.

Dated: November 2, 2011
      New York, New York

                                          **/s/Martin Glenn**
                                            MARTIN GLENN
                              United States Bankruptcy Judge