UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

In re

MF GLOBAL HOLDINGS LTD., *et al.,*

Debtors.

Case No. 11-15059 (MG)

# MEMORANDUM OPINION APPROVING USE OF
# CASH COLLATERAL ON A FINAL BASIS

*A P P E A R A N C E S:*

PEPPER HAMILTON LLP
*Proposed Special Counsel for Louis J. Freeh, Chapter 11 Trustee*
Hercules Plaza, Suite 5100
1313 N. Market Street, P.O. Box 1709
Wilmington, Delaware 19899
By:    David B. Stratton, Esq.
       David M. Fournier, Esq.

MORRISON & FOERSTER LLP
*Proposed Counsel for Louis J. Freeh, Chapter 11 Trustee*
1290 Avenue of the Americas
New York, New York 10104
By:    Brett H. Miller, Esq.

HUGHES HUBBARD & REED LLP
*Counsel for James W. Giddens, Trustee for the SIPA Liquidation of MF Global Inc.*
One Battery Park Plaza
New York, New York 10004
By:    Jeffrey S. Margolin, Esq.

DEWEY & LEBOEUF LLP
*Proposed Counsel for the Statutory Creditors' Committee of MF Global Holdings Ltd., et al.*
1301 Avenue of the Americas
New York, New York 10019
By:    Martin J. Bienenstock, Esq.
       Irena Goldstein, Esq.

SIMPSON THACHER & BARTLETT LLP
*Counsel to JPMorgan Chase Bank, N.A.*
425 Lexington Avenue

1

New York, New York 10017
By:   Peter V. Pantaleo, Esq.

STUTZMAN, BROMBERG, ESSERMAN & PLIFKA
*Attorneys for Certain MF Global Inc. Claimants*
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
By:   Sander L. Esserman, Esq.

JAMES L. KOUTOULAS
*Counsel for the Commodity Customer Coalition*
190 S. LaSalle St., #3000
Chicago, IL 60603
By:   James L. Koutoulas, Esq.

HALPERIN BATTAGLIA & RAICHT, LLP
*Attorneys for Queen's Quay Avante Limited*
555 Madison Avenue, 9th Floor
New York, New York 10022
By:   Walter Benzija, Esq.

McGUIREWOODS LLP
*Attorneys for Virginia Power Energy Marketing, Inc. Dominion Energy Marketing Inc., and Virginia Electric and Power Company*
1345 Avenue of the Americas, 7th Floor
New York, New York 10105
By:   Dion W. Hayes, Esq.
       Shawn R. Fox, Esq.

FORD MARRIN ESPOSITO WITMEYER & GLESER, L.L.P.
*Attorneys for Sapere*
Wall Street Plaza
New York, New York 10005
By:   John J. Witmeyer III, Esq.

J. CHRISTOPHER GIORDANO
*Pro Se*

WILLIAM SOMERS
*Pro Se*

MARK KEELE
*Pro Se*

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

Louis J. Freeh, the Chapter 11 Trustee (the "Chapter 11 Trustee") of MF Global Holdings Ltd. and MF Global Finance USA Inc. (collectively, the "Debtors"), seeks an order approving the continued use of cash collateral on a final basis. An order approving interim use of $8 million of cash collateral was approved as part of the first-day motions in this case before the Chapter 11 Trustee was appointed. (ECF Doc. # 26.) A series of stipulations and orders of the Court thereafter extended the time period for use of the same $8 million of cash collateral, while adjourning the date of the final hearing. (ECF Doc. ## 65, 118, 204, 255.) Approximately $25 million remains on deposit in JPMorgan Chase Bank ("JPMC") in an account held in the name of Man Group Finance Inc., a predecessor to MF Global Finance USA Inc. ("MFGF"). The Chapter 11 Trustee has reached a proposed stipulation and order with JPMC permitting the continued use of the full amount of cash collateral in the account. Numerous objections have been filed; all but one has been resolved, pressed by customers of MF Global Inc. ("MFGI"). The customers' objection alleges that "customer property" which was supposed to be held in segregated accounts by MFGI was improperly transferred in the days or weeks before the collapse of the Debtors. The objectors suspect but have no proof to support their assertion that some or all of the $25 million in the JPMC account derives from "customer property."

The Chapter 11 Trustee persuasively argues that funds on deposit in an account in the name of the Debtors are presumed to be property of the Debtors' estate. (ECF Doc. # 257 ¶¶ 1–7.) *See McHale v. Boulder Capital LLC (In re 1031 Tax Group, LLC)*, 439 B.R. 47, 70-71 (Bankr. S.D.N.Y. 2010); *L.F.D. Operating Inc. v. Ames Dep't Stores, Inc. (In re Ames Dep't Stores, Inc.)*, 274 B.R. 600 (Bankr. S.D.N.Y. 2002) (AJG) ("As a general rule, once funds are

3

deposited in a bank account, the account holder is presumed to have title to and control over those funds."). JPMC, in turn, has argued that, under section 553 of the Bankruptcy Code, it has a right of setoff to funds on deposit in the account. JPMC is the administrative agent and a lender on a $1.2 billion unsecured revolving credit facility to the Debtors. Section 506(a)(1) of the Bankruptcy Code provides that an allowed claim of a creditor on property in which the estate has an interest is subject to setoff under section 553 and "is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff . . . ." 11 U.S.C. § 506(a)(1). Under section 363(a), "cash collateral" includes deposit accounts "in which the estate and an entity other than the estate have an interest . . . ." 11 U.S.C. § 363(a). Under section 363(c)(2), a trustee may not use cash collateral unless "(A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and hearing, authorizes such use . . . in accordance with the provisions of this section." 11 U.S.C. § 363(c)(2). JPMC has consented to the Chapter 11 Trustee's use of cash collateral on the terms stated in a proposed order, but the objectors argue that they *may* have an interest (indeed, a superior interest) in the cash collateral and they object. Under section 363(p)(2) of the Bankruptcy Code, "the entity asserting an interest in property has the burden of proof on the issue of the validity, priority, or extent of such interest." 11 U.S.C. § 363(p)(2). Speculation that customer funds may have been transferred into the account is not sufficient to carry the customers' burden of proof. *See id.*

As the objectors argue, under section 541(d), property of the estate does not include "property in which the debtor holds, as of the commencement of case, only legal title and not an equitable interest . . . ." 11 U.S.C. § 541(d). Section 761(10)(A)(viii), one of the Bankruptcy Code sections specifically dealing with liquidation of commodity futures merchants, provides

4

that "customer property" means cash or proceeds of cash from an account of a customer including "property that was unlawfully converted from and that is the lawful property of the estate." 11 U.S.C. § 761(10)(A)(viii). Thus, in the event that customers are able to establish that customer property was unlawfully converted from segregated customer accounts at MFGI and deposited into the MFGF account at JPMC, the property would remain customer property, as to which at most the Debtors hold only legal title, with the equitable interest remaining with customers.

Moreover, according to the *Statement of the SIPA Trustee Regarding the Cash Collateral Motion* (the "Statement") (ECF Doc. # 263), James W. Giddens (the "SIPA Trustee") does not object to entry of the proposed order because it contains "a broad reservation of rights and will not impact the rights of the MFGI estate and the SIPA Trustee . . . ." (Statement ¶ 4.) The SIPA Trustee argues that if improper transactions involving customer property did occur, the SIPA Trustee may avoid those transactions under both the Bankruptcy Code and the Securities Investor Protection Act. (Statement ¶ 3.) *See* 11 U.S.C. § 764(a); SIPA § 78fff-2(c)(3).

In light of public disclosures concerning MF Global, including those of the SIPA Trustee, the customers' speculation may (or may not) turn out to have some basis in fact, but it has not been established so far and certainly does not overcome the legally recognized presumption that the funds in the MFGF account are property of the Debtors. The Court will not make any determination at this time of the ultimate property rights to the funds in the account. The proposed cash collateral order recognizes that no final determination is being made at this time. The proposed order includes a very broad and appropriate reservation of rights. Specifically, paragraph 6(i) of the proposed order fully preserves the rights of all parties-in-interest if it is later determined that as of the petition date the funds in the JPMC account were not property of the

5

estate or were subject to a constructive trust or equitable lien in favor of any former customer of MFGI.

The Court recognizes that the customers have not had an opportunity to take discovery. Under present circumstances and at the present time, the Court will not permit the objectors to take formal discovery. Both the SIPA Trustee and the Chapter 11 Trustee—along with investigators and lawyers from the FBI, Department of Justice, SEC, CFTC, and perhaps other agencies—are laboring under enormous strain from the collapse of MF Global and are fully engaged in their own investigations. Now is not the time to permit private parties to take their own formal discovery.

In these circumstances, however, MFGI's customers are entitled to know whether segregated customer property is on deposit in the JPMC account. Consequently, the Court directs the Chapter 11 Trustee to undertake a limited investigation and thereafter report to the Court on the narrow issue whether the funds on deposit in the MFGF account at JPMC, as of the petition date, included "customer property," and if so, how much. The Court expects that the SIPA Trustee will cooperate with the Chapter 11 Trustee in this investigation and report. The Court believes that, at least, a preliminary report can be filed with the Court within sixty days from the date of the order granting the use of cash collateral on a final basis. For good cause shown, the Chapter 11 Trustee may apply for additional time to complete the preliminary report.

Cash collateral may only be used in accordance with a budget. A rolling four-week budget has been provided with the proposed order, and weekly, updated budgets will be prepared. Subsequent budgets must be filed in accordance with the order.

The Chapter 11 Trustee's need for the use of cash collateral is obvious. The Chapter 11 Trustee must operate the Debtors' estate with the goal of maximizing the recovery of all creditors. Expenses of operating the Debtors' estate—and, therefore, the need for cash—has been significantly and prudently reduced. Whether MFGI's customers have any priority on recovery from the Chapter 11 estate raises important issues that will have to be determined later in the case. But all creditors benefit from maximizing the value of the estate.

The record further establishes that the negotiation of the final cash collateral order was conducted in good faith, entitling JPMC to the good faith finding under section 364(e) of the Bankruptcy Code included in the order.

The one remaining objection is overruled and the motion for use of cash collateral is granted. A separate order will be entered.

Dated: December 14, 2011
New York, New York.

                                                                                                   /s/Martin Glenn
                                                                                                    MARTIN GLENN
                                                    United States Bankruptcy Judge