**Hearing Date & Time: 12/21/2011 at 1:30 pm**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
In re                                                     :   Chapter 11
                                                          :
MF GLOBAL HOLDINGS LTD., et al.,                          :   Case No. 11-15059 (MG)
                                                          :
      Debtors.                 :   (Jointly Administered)
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                          :
In re                                                     :   Chapter 11
                                                          :
MF GLOBAL CAPITAL LLC,                                    :   Case No. 11- 15808 (MG)
                                                          :
      Debtor.                  :
                                                          :
Tax ID Number 13-3262825                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
In re                                                     :   Chapter 11
                                                          :
MF GLOBAL FX CLEAR LLC,                                   :   Case No. 11- 15810 (MG)
                                                          :
      Debtor.                  :
                                                          :
Tax ID Number 20-3863678                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
In re                                                     :   Chapter 11
                                                          :
MF GLOBAL MARKET SERVICES LLC                             :   Case No. 11- 15809 (MG)
                                                          :
      Debtor.                  :
                                                          :
Tax ID Number 02-0692193                                  :
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ny-1006390

### MOTION FOR ORDER UNDER FED. R. BANKR. P. 1015(b) AUTHORIZING JOINT ADMINISTRATION AND GRANTING RELATED RELIEF

Louis J. Freeh, Esq., Chapter 11 Trustee (the "Trustee")[1] of MF Global Holdings Ltd. and MF Global Finance USA Inc. (the "Initial Debtors"), submits this motion (the "Motion") for entry of an order under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), providing for the joint administration of the Initial Debtors' chapter 11 cases and the chapter 11 cases of MF Global Capital LLC, MF Global FX Clear LLC, and MF Global Market Services LLC (the "New Debtors" and together with the Initial Debtors, the "Debtors"), for procedural purposes only. In support of this Motion, the Trustee relies upon and incorporates by reference the Second Declaration of Laurie R. Ferber Pursuant to Local Bankruptcy Rule 1007-2 and in Support of Chapter 11 Petitions and Various First-Day Applications and Motions (the "Ferber Declaration"). In further support of this Motion, the Trustee represents as follows:

### JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The predicate for the relief requested herein is Bankruptcy Rule 1015(b).

---

[1] The Trustee, to the best of his ability, as the prime fiduciary of the Initial Debtors and operator of the Initial Debtors' businesses, and pursuant to 11 U.S.C. §§ 1106 and 1107 and the United States Department of Justice Chapter 11 Trustee Handbook, must protect and preserve the assets of the Debtors. It is, therefore, his duty to act on behalf of the New Debtors, as the fiduciary of their parent entity, to protect and preserve these assets. Moreover, the Debtors, by a motion simultaneously herewith, have sought the application of the Order to Appoint a Chapter 11 Trustee (Docket No. 156) in the Initial Debtors' cases to their cases.

ny-1006390                                    2

## BACKGROUND

3. On October 31, 2011 (the "Initial Debtors' Petition Date"), the Initial Debtors filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York.

4. On November 7, 2011, the United States Trustee (the "U.S. Trustee") appointed the statutory creditors' committee (the "Statutory Creditors' Committee") in the Initial Debtors' cases.

5. The Statutory Creditor's Committee and the Initial Debtors, on November 21, 2011, jointly moved the Court for an order directing the U.S. Trustee to appoint a chapter 11 trustee (Docket No. 131), which the Court entered on November 22, 2011 (Docket No. 156).

6. On November 25, 2011, the U.S. Trustee filed the Application for Order Approving Appointment of Chapter 11 Trustee (Docket No. 169).

7. On November 28, 2011, the Court entered the Order Approving the Appointment of Chapter 11 Trustee (Docket No. 170), pursuant to which the Chapter 11 Trustee was appointed.

8. On the date hereof (the "New Debtors' Petition Date," and together with the Initial Debtors' Petition Date, the "Petition Dates"), the New Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

9. The factual background regarding the Debtors, including their prior business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the Ferber Declaration filed concurrently herewith and fully incorporated herein by reference.

**RELIEF REQUESTED**

10.  By this Motion, the Trustee, as fiduciary of the Initial Debtors, seeks entry of an order substantially in the form annexed hereto as <u>Exhibit A</u> (the "<u>Order</u>"), pursuant to Bankruptcy Rule 1015(b) directing the joint administration of the Initial Debtors' chapter 11 cases and the New Debtors' chapter 11 cases.

**BASIS FOR RELIEF**

11.  Bankruptcy Rule 1015(b) provides that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the Debtors." *See* Fed. R. Bankr. P. 1015(b).  Bankruptcy Code section 101(2), in turn, defines the term "affiliate" in pertinent part as a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned . . . by the debtor."  11 U.S.C. § 101(2).

12.  MF Global Holdings Ltd. is the direct or indirect owner of each of the new Debtors.  As such, the Debtors are "affiliates" as that term is defined in Bankruptcy Code section 101(2) and as used in Bankruptcy Rule 1015(b).  Accordingly, joint administration of the Initial Debtors' cases and the New Debtors' cases is appropriate under Bankruptcy Rule 1015(b).

13.  Moreover, the joint administration of the Initial Debtors' chapter 11 cases and the New Debtors' chapter 11 cases will permit the Clerk of the Court to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates.  Indeed, the Trustee anticipates that numerous notices, applications, motions, pleadings, hearings, and orders in these cases will affect all Debtors.  Joint administration also will protect parties in interest by ensuring that parties in each of the Debtors' respective chapter 11 cases will be apprised of the various matters before the Court in these cases.

To this end, contemporaneously herewith the Trustee, as fiduciary of the Initial Debtors, is filing a consolidated list of the Debtors' creditors.

14. Joint administration will also save time and money and avoid duplicative and potentially confusing filings by permitting counsel for all parties in interest to (a) use a single caption on the numerous documents that will be served and filed herein and (b) file the papers in one case rather than in multiple cases. In addition, joint administration will protect parties in interest by ensuring that parties in <u>each</u> of the Initial Debtors' and the New Debtors' respective chapter 11 cases will be made aware of the various matters before the Court in these cases.

15. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right.

16. In furtherance of the foregoing, the Trustee, as fiduciary of the Initial Debtors, requests that the official caption of the chapter 11 cases to be used by all parties in all pleadings in the jointly administered cases be as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                         :
In re                                                    :    Chapter 11
                                                         :
MF Global Holdings Ltd., *et al.*,                       :    Case No. 11-15059 (MG)
                                                         :
       Debtors.                                  :    (Jointly Administered)
                                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

17. The Trustee, as fiduciary of the Initial Debtors, submits that use of this simplified caption, without reference to their respective tax identification numbers, addresses and other detail specified by Bankruptcy Code section 342(c) and Bankruptcy Rule 2002(n), will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification. Further, such case-specific information will be listed in the petitions for each Debtor, which are publicly available to parties in interest or will be provided by the Trustee upon request. Therefore, the Trustee, as fiduciary of the Initial Debtors, submits that the policies behind the requirements of Bankruptcy Code section 342(c) and Bankruptcy Rule 2002(n) have been satisfied.

18. In addition, the Trustee, as fiduciary of the Initial Debtors, requests that the Court make separate docket entries in the New Debtors' chapter 11 cases substantially similar to the following:

> An order has been entered in this case consolidating this case with the case of MF Global Holdings Ltd., Case No. 11-15059, for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 11-15059 should be consulted for all matters affecting the above listed case.

19. In view of the fact that joint administration is procedural only, the Trustee, as fiduciary of the Initial Debtors, respectfully requests that the Court direct that any creditor filing a proof of claim against any of the Debtors clearly assert its claim against the particular Debtor obligated on such claim, and not against the jointly administered Debtors.

20. Finally, the Trustee, as fiduciary of the Initial Debtors, seeks authority to file the monthly operating reports required by the Operating Guidelines and Financial Reporting Requirements promulgated by the U.S. Trustee on a consolidated basis with the Initial Debtors if the Debtors determine, after consultation with the U.S. Trustee, that consolidated reports would further administrative economy and efficiency without prejudice to any party in interest and that

the reports would accurately reflect the Debtors' consolidated business operations and financial affairs; provided, however, that the consolidated monthly operating reports will reflect the cash disbursements made by each Debtor during the applicable period.

21.     Courts have routinely granted to large business debtors the same or substantially similar relief to that requested in this Motion.  *See, e.g., In re Lyondell Chemical Company et al.*, Case No. 09-10023 (REG) (Bankr. S.D.N.Y Jan. 7, 2009); *In re Frontier Airlines Holdings, Inc.*, Case No. 08-11298 (RDD) (Bankr. S.D.N.Y. April 11, 2008); *In re Fortunoff Fine Jewelry and Silverware, LLC*; Case No. 08-10353 (JMP) (Bankr. S.D.N.Y. Feb. 5, 2008); *In re Movie Gallery, Inc.*, Case No. 07-33849 (DOT) (Bankr. E.D. Va. Oct. 18, 2007); *In re Tweeter Home Entm't. Group, Inc.*, Case No. 07-10787 (PJW) (Bankr. D. Del. June 13, 2007); *In re Dana Corp.*, Case No. 06-10354 (BRL) (Bankr. S.D.N.Y. Mar. 3, 2006); *In re Musicland Holding Corp.*, Case No. 06-10064 (SMB) (Bankr. S.D.N.Y. Jan. 13, 2006); *In re Refco Inc.*, Case No. 05-60006 (RDD) (Bankr. S.D.N.Y. Oct. 19, 2005); *In re Delphi Corp.*, Case No. 05-44481 (RDD) (Bankr. S.D.N.Y. Oct. 8, 2005); *In re Winn-Dixie Stores, Inc.*, Case No. 05-11063 (RDD) (Bankr. S.D.N.Y. Feb. 22, 2005).

22.     For these reasons, the Trustee, as fiduciary of the Initial Debtors, submits that the relief requested herein is in the best interest of the Debtors, the Debtors' creditors and other parties in interest and, therefore, should be granted.

## NOTICE

23.     Notice of this Motion has been provided by facsimile, electronic transmission, overnight delivery, or hand delivery to: (a) the United States Trustee for the Southern District of New York; (b) the United States Attorney for the Southern District of New York; (c) the Securities and Exchange Commission; (d) the U.S. Commodity Futures Trading Commission; (e) the Internal Revenue Service; (f) counsel for the agents under the Debtors' prepetition Liquidity

Facility; (g) the indenture trustee for each of the Debtors' outstanding bond issuances; (h) counsel to the Statutory Creditors' Committee; (i) the parties included on the Debtors' list of twenty (20) largest unsecured creditors; and (k) parties that have requested special notice in these cases. The Trustee submits that, under the circumstances, no other or further notice is necessary.

## NO PRIOR REQUEST

24. No prior request for the relief requested herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, the Trustee, as fiduciary of the Initial Debtors, respectfully requests this Court enter an order, substantially in the form annexed hereto, granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated: New York, New York
December 19, 2011

MORRISON & FOERSTER LLP

By:   /s/ Brett H. Miller
    Brett H. Miller
    Lorenzo Marinuzzi
    Melissa A. Hager
    1290 Avenue of the Americas
    New York, New York 10104
    (212) 468-8000

*Proposed Counsel to the Proposed Chapter 11 Trustee*