**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**      **FOR PUBLICATION**
-----------------------------------------------------------------x
In re:    :
   :
MF GLOBAL HOLDINGS, LTD. et al.,    :    Chapter 11
   :    Case No. 11-15059 (MG)
   :
                 Debtor.    :
-----------------------------------------------------------------x
TODD THIELMANN, PIERRE-YVAN    :
DESPAROIS, NATALIA SIVOVA, SANDY    :
GLOVER-BOWLES, AND ARTON SINA,    :
individual, and on behalf of all other similarly    :
situated former employees,    :
   :
                 Plaintiffs,    :
   :    Adv. Proc. No. 11-02880 (MG)
            v.    :
   :
MF GLOBAL HOLDINGS LTD, MF    :
GLOBAL HOLDINGS USA INC., MF    :
GLOBAL FINANCE USA, INC.; MF    :
GLOBAL INC., et al.,    :
   :
                 Defendants.    :
-----------------------------------------------------------------x
GENITRA GREENE and VICTOR HURTADO    :
individual, and on behalf of all other similarly    :
situated former employees,    :
   :
                 Plaintiffs,    :
   :    Adv. Proc. No. 11-02921 (MG)
            v.    :
   :
MF GLOBAL HOLDINGS LTD, MF    :
GLOBAL HOLDINGS USA INC., MF    :
GLOBAL FINANCE USA, INC.; MF    :
GLOBAL INC.,    :
   :
                 Defendants.    :
-----------------------------------------------------------------x

# MEMORANDUM OPINION AND ORDER APPOINTING INTERIM COUNSEL IN CERTAIN CONSOLIDATED WARN ACT CLASS ACTIONS AND DISMISSING A DUPLICATIVE WARN ACT CLASS ACTION

*A P P E A R A N C E S:*

HARWOOD FEFFER LLP
*Attorneys for Plaintiffs Genitra Greene and Victor Hurtado*
488 Madison Avenue
New York, New York 10022
By:   Robert I. Harwood, Esq.
      Peter J. Overs, Jr., Esq.

OUTTEN & GOLDEN LLP
*Attorneys for Thielmann Plaintiffs and the Putative Class*
3 Park Avenue, 29th Floor
New York, New York 10016
By:   Jack A. Raisner, Esq.
      Rene S. Roupinian, Esq.

KLEHR HARRISON HARVEY BRANZBURG LLP
*Attorneys for Thielmann Plaintiffs and the Putative Class*
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
By:   Jeffrey D. Kurtzman, Esq.

LANKENAU & MILLER, LLP
*Cooperating Attorneys for the NLG Maurice and Jane Sugar Law Center for Economic and Social Justice and Attorneys for Thielmann Plaintiffs and the Putative Class*
132 Nassau Street, Suite 423
New York, New York 10038
By:   Stuart J. Miller, Esq.

THE GARDNER FIRM, P.C.
*Attorneys for Thielmann Plaintiffs and the Putative Class*
201 S. Washington Avenue
Mobile, Alabama 36602
By:   Mary E. Olsen, Esq.

PEPPER HAMILTON LLP
*Proposed Counsel for Louis J. Freeh, Chapter 11 Trustee*
4000 Tower Center, Suite 1800
Southfield, Michigan 48075
By:   Deborah Kovsky-Apap, Esq.

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

The MF Global bankruptcy and liquidation cases continue to spawn a large amount of litigation. Four class action adversary proceedings have been commenced asserting claims under the federal Worker Adjustment and Retraining Notification Act and the New York State Workers Adjustment and Retraining Act (collectively, the "WARN Act"). With the defendants' counsel happily standing on the sidelines, plaintiffs' counsel are engaged in a vitriolic battle about which cases will proceed forward and who will serve as interim counsel. Counsel in three cases have joined together in a consolidated amended complaint, but they oppose consolidation of the fourth, later-filed case, asking that it be dismissed. Counsel in the fourth case wants its case consolidated with the earlier-filed three cases, with the firm appointed as lead counsel. The Court must decide whether to consolidate or dismiss the fourth case, and whether and whom to appoint as interim counsel. For the reasons explained below and in the exercise of the Court's discretion, the Court concludes that the last-filed case should be dismissed and one firm, Outten & Golden LLP, should be appointed as interim counsel.

## BACKGROUND

The federal Worker Adjustment and Retraining Notification Act is codified at 29 U.S.C. §§ 2101-09. In very general terms, it requires employers with more than 100 employees to provide sixty calendar days' advance notice of "plant closing" or "mass layoffs" (both terms are defined in section 2101(a)). There are three exceptions to the full sixty-day requirement; however, employers must still provide notice as soon as practicable. The exceptions are: (1) when an employer is actively seeking capital or business and reasonably believes that advance notice would preclude its ability to garner capital or business (known as the "faltering company" exception); (2) unforeseeable business circumstances; and (3) natural

disasters. *See* 29 U.S.C. § 2102(b). When section 2102 is violated, the employer is liable for damages, including employee back pay and benefits under an employee benefit plan. *See id.* § 2104.

Three WARN Act class actions were initially filed between November 11 and November 14, 2011: (1) *Abruzzo v. MF Global Holdings Ltd*, Adv. Proc. No. 11-02882-mg (the "Abruzzo Action") was filed on November 11, 2011 by Lankenau & Miller, LLP ("Lankenau") and The Gardner Firm, P.C. ("Gardner"); (2) *Sivova v. MF Global Holdings Ltd*, Adv. Proc. No. 11-02881-mg (the "Sivova Action") was filed on November 14, 2011 by Outten & Golden LLP ("Outten"); and (3) *Thielmann v. MF Global Finance USA, Inc.*, Adv. Proc. No. 11-02880-mg (the "Thielmann Action") was filed on November 14, 2011 by Klehr, Harrison, Harvey, Branzburg, LLP ("Klehr").[1] On December 1, 2011, approximately twenty days after the Thielmann, Sivova, and Abruzzo Actions were commenced, another WARN Act class action complaint, *Greene v. MF Global Holdings Ltd*, Adv. Proc. No. 11-02921-mg (the "Greene Action"), was filed by Harwood Feffer LLP ("Harwood Feffer").

According to the Thielmann Motion (defined below), Outten contacted Harwood Feffer to determine why it filed a fourth class action and suggested that Harwood Feffer dismiss the Greene Action because the Greene Plaintiffs were already well-represented in the Thielmann Action. (Thielmann Mot. at 5.) Harwood Feffer's answer came on December 7, 2011, when the Greene Plaintiffs filed a motion (the "Greene Motion") to consolidate all four class action complaints and appoint Harwood Feffer as "lead counsel" of the combined class actions. (Greene Action, ECF Doc. # 3; Thielmann Action, ECF Doc. # 3; Sivova Action, ECF Doc. # 4;

---

[1] Lankenau, Gardner, Outten and Klehr are collectively referred to as "Thielmann Counsel."

Abruzzo Action, ECF Doc. # 3.) Harwood Feffer attached its firm biography to the declaration in support of the Greene Motion.

On December 12, 2011, Thielmann Counsel filed a consolidated amended complaint[2] in the Thielmann Action to serve as the surviving class action complaint, adding the plaintiffs from the Abruzzo and Sivova Actions, but excluding the Greene Plaintiffs. (Thielmann Action, ECF Doc. # 4.) Motions to dismiss the Abruzzo Action and the Sivova Action voluntarily were filed on December 20, 2011. Thielmann Counsel also filed a motion (the "Thielmann Motion") seeking an order appointing themselves as interim counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Rule 7023 of the Federal Rules of Bankruptcy Procedure. (Thielmann Action, ECF Doc. # 11.) Declarations in support of the Thielmann Motion were filed by: (1) Jack Raisner, a partner at Outten; (2) Stuart J. Miller, a partner at Lankenau; and (3) Charles A. Ercole, a partner at Klehr.

On January 12, 2012, the Thielmann Plaintiffs filed a response to the Greene Motion (the "Thielmann Response") (Thielmann Action, ECF Doc. # 32), and the Greene Plaintiffs filed a response to the Thielmann Motion (the "Greene Response") (Thielmann Action, ECF Doc. # 31). In the Thielmann Response, Theilmann Counsel reasserted the same allegations against Harwood Feffer that were made in the Thielmann Motion. Thielmann Counsel also objected to the consolidation of the Thielmann Action and Greene Action and advocated for complete dismissal of the Greene Action, arguing that the Greene Action is a copycat complaint that adds nothing to the earlier filed Thielmann Action. In the Greene Response, Harwood Feffer pointed at certain procedural mistakes Thielmann Counsel had made and again advocated for consolidation of all four WARN Act class actions and appointment of Harwood Feffer as "lead counsel."

---

[2] The plaintiffs listed on the consolidated amended complaint in the Thielmannn Action are collectively referred to as the "Thielmann Plaintiffs."

The Court held a hearing on these issues on January 19, 2012; counsel from Harwood Feffer and Outten presented the arguments to the Court.

## DISCUSSION

**A. Dismissal of the Greene Action Is Warranted**

The Court must first determine whether to consolidate the consolidated Thielmann Action and the Greene Action, or to dismiss or stay the Greene Action. Consolidation of the actions may be the "path of least resistance," but based on the circumstances here, dismissal of the Greene Action is warranted.

The Court has broad discretion to determine whether consolidation or dismissal is appropriate. This power stems from the Court's inherent authority "to control disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Lester-Krebs, Inc. v. Geffen Records, Inc.*, No. 85 Civ. 6320, 1985 WL 4270, at *2 (S.D.N.Y. Dec. 4, 1985); *see also Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). Rule 42 of the Federal Rules of Civil Procedure dictates when multiple actions may be consolidated in federal court and is made applicable in adversary proceedings by Rule 7042 of the Federal Rules of Bankruptcy Procedure. In relevant part, Rule 42 provides:

> (a) CONSOLIDATION. If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

FED. R. CIV. P. 42(a). Moreover, the Court must also consider

> whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a

6

> single one, and the relative expense to all concerned of the single-
> trial, multiple-trial alternatives.

*Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990) (citing *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492 (11th Cir. 1985)).

In addition to the power to consolidate multiple cases currently before it, "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis*, 226 F.3d at 138. When determining whether to dismiss a second suit, a court must "consider the equities of the situation when exercising its discretion." *Id.* However, "[a] court must be careful, when dismissing a second suit between the same parties as duplicative, not to be swayed by a rough resemblance between the two suits without assuring itself that beyond the resemblance already noted, the claims asserted in both suits are also the same." *Id.* at 136. The United States Supreme Court in *United States v. The Haytian Republic*, stated that "the true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit." 154 U.S. 118, 124 (1894) (internal citations omitted).

The rule against duplicative litigation and the doctrine of *res judicata* serve the same purpose: fostering judicial economy. Here, judicial economy would best be served by dismissing the Greene Action in its entirety. The Court has reviewed the complaints and amended complaints filed in the Thielmann Action and the Greene Action.[3] Based upon this review, it is clear that the putative classes "are composed of the same members, and are organized to

---

[3] Here, it is clear that the two cases are duplicative. First, it appears that Harwood Feffer filed the exact same complaint that was filed in the Sivova Action. Moreover, the amended complaint filed in the Greene Action appears substantially similar to the amended complaint filed in the Thielmann Action, and certain paragraphs appear to be copied verbatim.

7

vindicate the same rights." *James v. AT&T Corp.*, 334 F. Supp. 2d 410, 411 (S.D.N.Y. 2004) (finding that a second action should be dismissed because it included the same parties and sought the same relief and was only filed to correct a procedural flaw). Moreover, as in *James*, "[t]he issues and facts to be determined, the witnesses and evidence required, and the relief requested, are exactly the same." *Id.*

The Thielmann Action and the Greene Action present the identical issue: Did the Debtors provide sufficient notice to employees prior to termination under the WARN Act? Each action will likely involve identical motion practice, discovery, and, possibly, trial or settlement discussions. The Court is unable to find any additional benefit in permitting the Greene Action to proceed. In fact, the Greene Plaintiffs admitted that the Greene Action was entirely duplicative of the previously filed actions and did not add any claims or issues. (*See* Greene Mot. at 7.) Assuming a class is ultimately certified, the Greene Plaintiffs are adequately represented by the Thielmann Plaintiffs and are fully encompassed in the putative class in the Thielmann Action.

For the reasons set forth above, the Court finds that the Greene Action is entirely duplicative of the Thielmann Action. Therefore, in the exercise of discretion, the Greene Action shall be dismissed.

### B. One Law Firm Should Be Appointed as Interim Counsel

Although the Court has dismissed the Greene Action, the Court is still presented with a motion to appoint interim counsel pursuant to Rule 23(g)(3) of the Federal Rules of Civil Procedure. Here, the three law firms currently referred to as Thielmann Counsel jointly seek appointment as interim counsel.

Class actions are governed by Rule 23. It requires a court "to determine at an 'early practicable time' whether to certify a class and, if so, to appoint class counsel." *Anderson v. Fiserv, Inc.*, No. 09 CIV 8397, 2010 WL 571812, at *2 (S.D.N.Y. Jan. 29, 2010). However, representation of a putative class prior to the filing of a motion for class certification is often necessary, and Rule 23(g)(3) permits a bankruptcy court to appoint interim counsel. *See* FED. R. CIV. P. 23(g)(3) ("The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."). If only one applicant seeks appointment as class counsel, a court must only determine whether the applicant is "adequate" under Rule 23(g)(1) and (4). However, if more than one applicant seeks appointment, "the court must appoint the applicant that is best able to represent the interests of the class." FED. R. CIV. P. 23(g)(2).

Generally, in selecting interim counsel where multiple law firms are seeking appointment, courts have initially relied on the criteria for determining the adequacy of class counsel set forth in Rule 23(g)(1)(A). Rule 23(g)(1)(A) provides that the court must factor "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class." *In re Bank of Am. Corp. Secs., Derivative & ERISA Litigs.*, 258 F.R.D. 260, 272 (S.D.N.Y. 2009); *see also In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008). Moreover, under Rule 23(g)(1)(B), courts may consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class," including: "(1) the quality of the pleadings; (2) the vigorousness of the prosecution of the lawsuits; and (3) the capabilities of counsel, as well as whether . . . their

charges will be reasonable." *In re Bank of Am. Corp. Secs.*, 258 F.R.D. at 272.  Finally, as stated above, "the court must appoint the applicant that is best able to represent the interests of the class."  FED. R. CIV. P. 23(g)(2); *see also Anderson v. Fiserv, Inc.*, 2010 WL 571812, at *2.

Despite the heavy criticism directed by both Thielmann Counsel and Harwood Feffer against each other, any one of the Thielmann Counsel would likely prove capable of adequately representing the class.  The Court believes that administrative and judicial efficiency is best served in this case by appointing only one law firm as interim counsel.  That counsel will be responsible for coordinating proceedings with other firms representing plaintiffs, and with defense counsel, and the Court.  While all three firms appearing in the Thielmann Action are capable, the Court appoints Outten & Golden, LLP as interim counsel.

Outten was one of the first firms to file a complaint against the Debtors.  According to its papers, Outten, along with the other firms that make up Thielmann Counsel, has met with dozens of putative class members, reviewed extensive materials pertinent to the litigation, researched relevant case law, and drafted an amended complaint.  (Thielmann Mot. at 12.)  Moreover, "[a]pproximately 140 individual ex-MF Global employees have already retained Thielmann Counsel to litigate their WARN claims."[4]  *Id.*

Additionally, although each of the firms has extensive experience handling complex litigation, including class actions, Outten's experience in representing WARN Act plaintiffs specifically tips the balance in favor of Outten.  Outten maintains a website exclusively devoted

---

[4] Harwood Feffer merely stated that it "has moved expeditiously to streamline the litigation" by filing the Greene Motion. (Greene Mot. at 9.) Moreover, the complaint filed by Harwood Feffer in the Greene Action appears to be a nearly-word-for-word copy of the complaint filed by Outten in the Sivova Action.

10

to WARN Act litigation, has litigated approximately fifty WARN Act class actions, including two current cases before this Court.[5]  (Raisner Decl. ¶¶ 12-16.)

## CONCLUSION

For the reasons stated above, the Court dismisses the Greene Action and appoints Outten as interim counsel in the Thielmann Action.  The Court expects that Outen will coordinate work with Lankenau, Gardner, and Klehr, avoiding duplication of efforts.  It appears that each of these firms has specific skills that would benefit the putative class in the Thielmann Action.  In the event that class certification is granted, the Court will be required to appoint class counsel pursuant to Rule 23(g), but the result is not preordained by the ruling here selecting interim counsel.

**IT IS SO ORDERED.**

Dated:   January 30, 2012
         New York, New York

                              _____/s/Martin Glenn_____
                                    MARTIN GLENN
                              United States Bankruptcy Judge

---

[5] The other firms that make up Thielmann Counsel have also litigated a large number of WARN Act class actions. (Miller Decl. ¶ 3, 6-8.)  Recently, Lankenau and Gardner represented WARN Act plaintiffs before this Court in *Pinsker v. Borders, Inc.*, Case No. 11-02586 and in *Wenzel v. Partsearch Technologies, Inc.*, Case No. 11-01445.  Additionally, Klehr Harrison avers that it has obtained at least twelve WARN Act class counsel appointments. (Ercole Decl. ¶ 6.)

Although Harwood Feffer has extensive experience in class actions, Harwood Feffer's papers indicate that it has mainly litigated class actions brought under the Employee Retirement Income Security Act ("ERISA") and other labor and employment matters.  (Greene Mot. at 9.)  At the hearing, counsel from Harwood Feffer acknowledged that Harwood Feffer has never litigated a WARN Act class action.  Therefore, even if the Greene Action were consolidated rather than dismissed, the Court would not appoint Harwood Feffer as interim counsel.

11