**Hearing Date: March 6, 2012 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: February 28, 2012 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Brett H. Miller
Lorenzo Marinuzzi
Melissa A. Hager
Vincent J. Novak (admitted *pro hac vice*)

*Attorneys for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| MF GLOBAL HOLDINGS LTD., *et al*., | Case No. 11-15059 (MG) |
| Debtors. | (Jointly Administered) |

**NOTICE OF MOTION FOR ORDER UNDER 11 U.S.C. §§ 105(a), 363, AND 365(a) AND FED. R. BANKR. P. 6006 AND 9014 AND LOCAL BANKRUPTCY RULE 6006-1 (I) AUTHORIZING REJECTION OF CERTAIN EXECUTORY CONTRACTS AND (II) APPROVING PROCEDURES REGARDING THE FUTURE REJECTION OF EXECUTORY CONTRACTS**

**PLEASE TAKE NOTICE**, that Louis J. Freeh (the "Trustee"), the duly appointed Chapter 11 trustee of the above-captioned debtors (collectively, the "Debtors"), has filed concurrently herewith a Motion for Order Under 11 U.S.C. §§ 105(a), 363 and 365 and Fed. R. Bankr. P. 6006 and 9014 and Local Bankruptcy Rule 6006-1 (I) Authorizing Rejection of Certain Executory Contracts and (II) Approving Procedures Regarding the Future Rejection of Executory Contracts (the "Motion").

**PLEASE TAKE NOTICE** that the names of counterparties to the executory contracts proposed to be rejected by the Motion appear in alphabetical order on Exhibit A to the Motion.

**PLEASE TAKE FURTHER NOTICE** that a hearing will be held in connection with the Motion (the "Hearing") on **March 6, 2012 at 10:00 a.m. (prevailing Eastern time)** before the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, Room 501.

**PLEASE TAKE FURTHER NOTICE THAT** responses or objections, if any, to the Motion and the relief requested therein must be made in writing, conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Bankruptcy Court, set forth the basis for the objection and the specific grounds therefor, and be filed with the Bankruptcy Court electronically in accordance with General Order M-399, by registered users of the Court's electronic case filing system (the user's manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court), with a hard copy delivered directly to Chambers and served in accordance with the *Order Pursuant to 11 U.S.C. 105(a) of the Bankruptcy Code and Fed. R. Bankr. P. 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures*, entered December 12, 2011 in the above-captioned Chapter 11 cases (Docket No. 256) and served by first-class mail upon each of the following: (i) Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104, Attn: Brett H. Miller, counsel to the Trustee; (ii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, New York, New York 10004, Attn: Brian Masumoto and Elisabetta G. Gasparini; (iii) counsel to the Creditors' Committee, Dewey & LeBoeuf, 1301 Avenue of the Americas, New York, New York 10019, Attn: Martin J.

Bienenstock; and (iv) those parties who have requested service of all papers in these Chapter 11 cases pursuant to Bankruptcy Rule 2002, so as to be received on or before **4:00 p.m. (prevailing Eastern time) on February 28, 2012**, or such shorter time as the Bankruptcy Court may hereafter order and of which you may receive subsequent notice.

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written objection to the relief requested in the Motion, the Bankruptcy Court may deem any opposition waived, treat the Motion as conceded, and enter an order granting the relief requested in the Motion without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE THAT** a copy of the Motion may be obtained at no charge at http://mfglobalcaseinfo.com/ or for a fee via PACER at http://www.nysb.uscourts.gov.

Dated: February 17, 2012
New York, New York

Respectfully submitted,

/s/ Brett H. Miller

Brett H. Miller
Lorenzo Marinuzzi
Melissa A. Hager
Vincent J. Novak (admitted *pro hac vice*)
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Attorneys for the Chapter 11 Trustee*

**Hearing Date: March 6, 2012 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: February 28, 2012 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Brett H. Miller
Lorenzo Marinuzzi
Melissa A. Hager
Vincent J. Novak (admitted *pro hac vice*)

*Attorneys for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| MF GLOBAL HOLDINGS LTD., *et al.*, | Case No. 11-15059 (MG) |
| Debtors. | (Jointly Administered) |

**MOTION FOR ORDER UNDER 11 U.S.C. §§ 105(a), 363, AND 365(a) AND FED. R. BANKR. P. 6006 AND 9014 AND LOCAL BANKRUPTCY RULE 6006-1 (I) AUTHORIZING REJECTION OF CERTAIN EXECUTORY CONTRACTS AND (II) APPROVING PROCEDURES REGARDING THE FUTURE REJECTION OF EXECUTORY CONTRACTS**

Louis J. Freeh (the "Trustee"), the duly appointed Chapter 11 Trustee of debtors MF Global Holdings Ltd. and MF Global Finance USA Inc. (collectively, the "Initial Debtors"), and duly appointed Chapter 11 Trustee of debtors MF Global Capital LLC, MF Global FX Clear LLC and MF Global Market Services LLC (the "Additional Debtors" and together with the Initial Debtors, the "Debtors"), submits this motion (the "Motion"), on behalf of the Debtors, for entry of an order under sections 105(a), 363, and 365(a) of title 11 of the United States Code, as amended (the "Bankruptcy Code"), rules

6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New York, (I) authorizing the rejection of the executory contracts set forth on Exhibit A hereto, including any amendments, modifications, guaranties, supplements, restatements, or other agreements related thereto, whether made directly or indirectly by any agreement, instrument or other document that affects such executory contract, and without regard to whether such agreement, instrument or other document is listed on Exhibit A hereto (collectively, the "Rejected Contracts"),[1] effective upon entry of an order granting such relief, and (II) approving the procedures for the future rejection of additional executory contracts to the extent that the Trustee, in the exercise of his business judgment, determines that such rejection is in the best interest of the Debtors' estates.

In support of this Motion, the Trustee represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief requested herein are Bankruptcy Code sections 105(a), 363, and 365(a) and Bankruptcy Rules 6006 and 9014.

## BACKGROUND

3. On October 31, 2011, the Initial Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code, as well as filing motions for

[1] The inclusion of a contract on Exhibit A does not serve as an admission by the Trustee that such contract is executory.

first-day relief, including a motion for joint administration of the Initial Debtors' cases (Docket No. 2).

4. On November 2, 2011, this Court granted the Initial Debtors' motion and ordered the joint administration of the Initial Debtors' cases.

5. On November 7, 2011, the United States Trustee (the "U.S. Trustee") appointed the statutory creditors' committee (the "Statutory Creditors' Committee") in the Initial Debtors' cases.

6. The Statutory Creditors' Committee and the Initial Debtors, on November 21, 2011, jointly moved this Court for an order directing the U.S. Trustee to appoint a chapter 11 trustee (Docket No. 131), which the Court entered on November 22, 2011 (Docket No. 156).

7. On November 25, 2011, the U.S. Trustee filed the *Application for Order Approving Appointment of Chapter 11 Trustee* (Docket No. 169), which this Court approved by entering the *Order Approving the Appointment of Chapter 11 Trustee* (Docket No. 170), pursuant to which the Trustee was appointed.

8. On December 19, 2011, the Additional Debtors filed petitions for relief under chapter 11 of the Bankruptcy Code and the Trustee, as fiduciary of the Initial Debtors, filed a motion for an order under Bankruptcy Rule 1015(a) directing the joint administration of the Additional Debtors' chapter 11 cases with those of the Initial Debtors (Docket No. 292). On the same date, the Trustee, as fiduciary of the Initial Debtors, also filed a motion for entry of an order under Bankruptcy Code section 105(a) directing that certain orders entered in the chapter 11 cases of the Initial Debtors be made applicable to the Additional Debtors (Docket No. 293).

9. On December 21, 2011, this Court entered orders for relief with respect to each of the Additional Debtors and directed joint administration of the Additional Debtors' cases with the Initial Debtors' cases (Docket No. 298). The Court also entered the order making certain previous orders applicable in the Additional Debtors' cases on December 23, 2011 (Docket No. 303).

10. On December 27, 2011, this Court approved the appointment of Louis J. Freeh as chapter 11 trustee of the Additional Debtors' cases.

11. The factual background regarding the Debtors, including their prior business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the Declaration of Bradley I. Abelow (Docket No. 9), and the Declaration of Laurie R. Ferber[2] filed in the Additional Debtors' cases prior to Joint Administration.

## RELIEF REQUESTED

12. By this Motion, the Trustee respectfully requests, pursuant to Bankruptcy Code sections 105(a), 363, and 365(a), Bankruptcy Rules 6006 and 9014, and Rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New York, that this Court enter an order, substantially in the form attached hereto as Exhibit B, (a) authorizing the rejection of the Rejected Contracts identified on Exhibit A,[3] effective upon entry of an order granting such relief, and (b) approving the Rejection Procedures set forth below for

---

[2] The Declaration of Laurie R. Ferber is Docket No. 2 in each of the Additional Debtors' cases.

[3] The Trustee is currently performing a review and evaluation of other executory contracts that are not the subject of this Motion. As this process continues, the Trustee expects to identify additional contracts to be assumed or rejected. Accordingly, the Trustee reserves the right to seek to reject additional contracts in the future. This Motion should not be construed as a determination that any contracts not listed herein are to be assumed or rejected. Consistent with Bankruptcy Rule 6006(f), Exhibit A contains no more than 100 executory contracts to be rejected.

rejecting certain additional executory contracts as the Trustee may identify in the exercise of his business judgment and the form of notice proposed herein to be served upon counterparties to such contracts, substantially in the form attached hereto as Exhibit C. The Trustee submits that the rejection of the Rejected Contracts and the implementation of the Rejection Procedures described below are reasonable and represent an appropriate exercise of sound business judgment.

13. The Trustee proposes the following procedures for the future rejection of additional executory contracts (the "Rejection Procedures"):

(a) The Trustee will file with this Court a notice (the "Rejection Notice") setting forth the rejection of one or more executory contracts,[4] and will serve the Rejection Notice via overnight mail delivery service and fax or email (where available) on the non-Debtor party (and its counsel, if known) under the contract at the last-known address available.

(b) The Rejection Notice shall be substantially in the form of Exhibit C annexed hereto. With respect to contracts to be rejected, the Rejection Notice shall set forth the following information, to the best of the Trustee's knowledge: (i) the name and address of the contract counterparty, and (ii) a brief description of the contract to be rejected. All Rejection Notices will become effective within ten (10) days of filing (the "Rejection Date") unless withdrawn by the Trustee and will be accompanied by a copy of the Order granting this Motion.

(c) Claims arising out of Rejected Contracts must be filed with GCG Inc.,[5] the Court-approved claims processing agent, on or before the later of (i) the

---

[4] Consistent with Bankruptcy Rule 6006(f), however, no more than 100 executory contracts or unexpired leases will be contained on any one Rejection Notice.

[5] Claims should be sent to the following addresses:

If by first-class mail:

MF Global Holdings Ltd., *et al.*
c/o GCG, Inc.
P.O. Box 9846
Dublin, Ohio 43017-5746

If by hand-delivery or overnight mail:

MF Global Holdings Ltd., *et al.*
c/o GCG
5151 Blazer Parkway, Suite A
Dublin, Ohio 43017

deadline for filing proofs of claim established by the Court in the Debtors' cases, or (ii) forty-five (45) days after the applicable Rejection Notice is filed.[6] If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for rejection damages.

(d) If any of the Debtors has deposited funds with the counterparty to a Rejected Contract as a security deposit or other arrangement, such counterparty may not set off or otherwise use such deposit without the prior authority of the Court or agreement between the counterparty and the Trustee.

14. In connection with the foregoing Rejection Procedures, the Trustee also requests authorization to execute and deliver all instruments and documents and take such other actions as may be necessary or appropriate to implement and effectuate these Rejection Procedures as approved by this Court, and requests that entry of the requested order be without prejudice to the Trustee's right to seek further, other, or different relief regarding Rejected Contracts.

15. The Trustee further requests that counterparties to any of the Rejected Contracts appearing on Exhibit A be required to comply with paragraphs (c) and (d) of the Rejection Procedures.

## BASIS FOR RELIEF

16. As part of the discontinuation of the Debtors' operations and the orderly wind-down of their affairs, the Trustee and his professionals are evaluating which of the Debtors' contracts have ongoing value to the estate, and which are valueless or burdensome. Through this analysis, the Trustee has determined that the Rejected Contracts listed on Exhibit A are burdensome to the estate, and are no longer needed for the wind-down of the Debtors' business operations. Because the Debtors are no longer engaged in the operations that are the subject of the Rejected Contracts, the Rejected

[6] The Trustee reserves all of his rights to object to the claims on any basis.

Contracts are not conferring any benefit upon the Debtors' estates. Absent rejection, the Debtors may continue to be obligated to make payments or satisfy other obligations under the Rejected Contracts, even though they have no continuing business purpose for the Debtors' estates. As such, the Trustee has determined that it is no longer desirable for the Debtors to continue to be bound by the obligations under the Rejected Contracts and that elimination of such obligations constitutes a valid exercise of the Trustee's business judgment.

17. Based on the foregoing, the Trustee has determined, through the exercise of his business judgment, that rejection of the Rejected Contracts is in the best interests of the Debtors' estates, their creditors and other parties-in-interest.

18. By rejecting the Rejected Contracts at this time, the Debtors will avoid incurring unnecessary costs in connection with agreements that provide no tangible benefit to the Debtors' estates. The resulting savings from the rejection of the Rejected Contracts will preserve cash for the Debtors and assist the Trustee in managing the Debtors' estates. The Trustee has concluded that, in order to minimize unnecessary potential costs to their estates, the Rejected Contracts should be rejected as of the date of the entry of an order granting the Motion.

## APPLICABLE AUTHORITY

### A. Rejection of the Rejected Contracts Is a Sound Exercise of the Trustee's Business Judgment and Should Be Approved by the Court.

19. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); *see also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984); *Med. Malpractice Ins. Ass'n v. Hirsch (In*

*re Lavigne)*, 114 F.3d 379, 386 (2d Cir. 1997). "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to renounce title to and abandon burdensome property." *Orion Pictures Corp. v. Showtime Networks, Inc.* *(In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993) (internal quotation marks and reference omitted).

20. Courts defer to a debtor's business judgment in rejecting an executory contract or unexpired lease, and upon finding that a debtor has exercised its sound business judgment, approve a debtor's decision to reject under section 365(a) of the Bankruptcy Code. *See Bildisco & Bildisco,* 465 U.S. at 523 (recognizing the "business judgment" standard used to approve rejection of executory contracts and unexpired leases); *Nostas Assocs. v. Costich (In re Klein Sleep Prods., Inc.)*, 78 F.3d 18, 25 (2d Cir. 1996) (recognizing the "business judgment" standard used to approve rejection of executory contracts); *In re Child World, Inc.*, 142 B.R. 87, 89 (Bankr. S.D.N.Y. 1992) (stating that a debtor may assume or reject an unexpired lease under section 365(a) in the exercise of its "business judgment").

21. Once a debtor articulates a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company.'" *Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)).

22. As set forth above, the Trustee clearly has satisfied the "business judgment" standard for rejecting the Rejected Contracts. The Rejected Contracts are financially burdensome and unnecessary to the winding-down of the Debtors' business operations or to the administration of the Debtors' estates. The Trustee and his advisors have reviewed the Rejected Contracts and have determined that they do not have any value beneficial to the Debtors' estates. Accordingly, the Trustee has determined that the Rejected Contracts constitute an unnecessary drain on the Debtors' estates and, therefore, rejection of the Rejected Contracts reflects the Trustee's exercise of sound business judgment.

23. Moreover, the counterparties to the Rejected Contracts will not be prejudiced by the Rejection Procedures because, upon receipt of a Rejection Notice, such counterparties will have received advance notice of the Trustee's intent to reject their respective contract and of the effective date of the rejection. *See, e.g., In re Mid Region Petroleum, Inc.*, 111 B.R. 968, 970 (Bankr. N.D. Okla. 1990) (effective date of rejection of leases was the date the trustee gave notice to lessor of intent to reject); *In re Carlisle Homes, Inc.*, 103 B.R. 524, 535 (Bankr. D.N.J. 1988) (debtor may reject executory contract by clearly communicating intention to reject). The Trustee submits that the proposed Rejection Procedures, with the goal of conserving judicial resources, balance the need for an expeditious reduction of burdensome costs to the Debtors' estates while providing due notice of the proposed rejection to the contract counterparties.

24. In summary, the Trustee believes that the proposed rejection of the Rejected Contracts is tailored to minimize administrative expenses and to maximize distributions to creditors in these chapter 11 cases. Further, the establishment of

procedures to govern the rejection of additional contracts is necessary to minimize the administrative burden on the Trustee and the Trustee's professionals and conserve judicial resources. The Trustee submits that the rejection of the Rejected Contracts and the proposed Rejection Procedures should be approved because they are in the best interests of the Debtors' estates and represent a proper exercise of the Trustee's business judgment.

## NOTICE

25. Notice of this Motion has been provided by facsimile, electronic transmission, overnight delivery, or hand-delivery to: (a) the United States Trustee for the Southern District of New York; (b) the United States Attorney for the Southern District of New York; (c) the Securities and Exchange Commission; (d) the U.S. Commodity Futures Trading Commission; (e) the Internal Revenue Service; (f) counsel for the agents under the Debtors' prepetition liquidity facility; (g) the indenture trustee for each of the Debtors' outstanding bond issuances; (h) counsel to the Statutory Creditors' Committee; (i) parties that have requested special notice in these cases; and (j) counter-parties to the Rejected Contracts. The Trustee submits that, under the circumstances, no other or further notice is necessary.

## NO PRIOR REQUEST

26. No previous request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Trustee, as fiduciary of the Debtors, respectfully requests that this Court enter an order, substantially in the form annexed hereto, granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated: February 17, 2012
New York, New York

Respectfully submitted,

/s/ Brett H. Miller

Brett H. Miller
Lorenzo Marinuzzi
Melissa A. Hager
Vincent J. Novak (admitted *pro hac vice*)
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Attorneys for the Chapter 11 Trustee*

# <u>Exhibit A</u>

## Rejected Contracts

(*Please see attached*)

# MF Global Holdings Ltd.

**Executory Contracts to be Rejected**

| # | Contract Counterparty | Debtor | Agreement Type | Description of Contract |
|---|---|---|---|---|
| 1 | ADK America, Inc. | MF Global Holdings Ltd. | Advertising | Standard Terms and Conditions for ADK Projects |
| 2 | Anuj Gangahar | MF Global Holdings Ltd. | Consulting Services | Freelance writing engagement letter for marketing |
| 3 | Archstone Consulting LLC | MF Global Holdings Ltd. | Consulting Services | Business Consulting for ERP Implementation |
| 4 | Archstone Consulting, LLC | MF Global Holdings Ltd. | Consulting Services | Master Professional Services Agreement |
| 5 | Boston Consulting Group | MF Global Holdings Ltd. | Consulting Services | Master professional services agreement with Boston Consulting Group |
| 6 | Bridgeline Hosting | MF Global Holdings Ltd. | Hosting - Web Servers | Hosting agreement |
| 7 | Business Technology Partners, Inc. | MF Global Holdings Ltd. | Consulting Services | Statement of Work 001 Project: Network health Assessment & IT Infrastructure Needs Analysis |
| 8 | Business Technology Partners, Inc. | MF Global Holdings Ltd. | Consulting Services | IT Consulting Agreement |
| 9 | Corporate Executive Board | MF Global Holdings Ltd. | Subscription | Membership renewal to Corporate Executive Board for Tax Director Roundtable |
| 10 | Corporate Executive Board | MF Global Holdings Ltd. | Subscription | Annual subscription renewal for CFO Executive Board |
| 11 | Corporate Executive Board | MF Global Holdings Ltd. | Subscription | Membership renewal to Corporate Executive Board for CLC Human Resources |
| 12 | Coverago | MF Global Holdings Ltd. | News Service | Contract to enter trial period agreement with Coverago, a media monitoring service |
| 13 | Critical Mention, Inc. | MF Global Holdings Ltd. | News Service | Information Services Agreement |
| 14 | Crowe Horwath | MF Global Holdings Ltd. | Staff Augmentation | Statement of work for internal audit for Crowe Horwath for the year ending May 31, 2012. |
| 15 | Crowe Horwath LLP | MF Global Holdings Ltd. | Staff Augmentation | Professional Services Agreement between MF Global Ltd and Crowe Horwath LLP |
| 16 | Deloitte & Touche LLP | MF Global Holdings Ltd. | Consulting Services | Engagement Letter re: trading limit management risk structure |
| 17 | Deloitte & Touche LLP | MF Global Holdings Ltd. | Consulting Services | Engagement Letter re: trading limit management risk structure |
| 18 | Deloitte & Touche LLP | MF Global Holdings Ltd. | Consulting Services | Engagement Letter re: trading limit management risk structure |
| 19 | Deloitte & Touche LLP | MF Global Holdings Ltd. | Consulting Services | Engagement Letter re: trading limit management risk structure |
| 20 | Diamond Management & Technology Consultants NA, Inc. | MF Global Holdings Ltd. | Consulting Services | Master Services Agreement for Consulting Services |
| 21 | E&Y | MF Global Holdings Ltd. | Staff Augmentation | One year extension for Internal Audit Co-sourcing Agreement |
| 22 | EMC Corporation | MF Global Holdings Ltd. | Consulting Services | Master Services Agreement management consultants |
| 23 | ePlus | MF Global Holdings Ltd. | IT Support | Remote office support agreement |
| 24 | Ernst & Young LLP | MF Global Holdings Ltd. | Staff Augmentation | Professional services to support the IA audit plan (amendment) |
| 25 | Ernst & Young LLP | MF Global Holdings Ltd. | Staff Augmentation | Engagement letter, dated January 27, 2007, market risk system selection. |
| 26 | ExactTarget | MF Global Holdings Ltd. | IT Services | Professional email services provided by Exact Target to implement an email program across all regions. |
| 27 | Fleishman-Hillard Inc. | MF Global Holdings Ltd. | Advertising | Public Relations Agency Agreement |
| 28 | ForwardThink Group Inc. | MF Global Holdings Ltd. | Consulting Services | Professional Services Agreement |
| 29 | ForwardThink Group Inc. | MF Global Holdings Ltd. | Consulting Services | Master Services Agreement for Professional Consulting Services |
| 30 | ForwardThink Group Inc. | MF Global Holdings Ltd. | Consulting Services | Professional Services Agreement |
| 31 | Gate Advertising Agency | MF Global Holdings Ltd. | Advertising | Engagement letter for The Gate Worldwide, advertising agency |

**MF Global Holdings Ltd.**

**Executory Contracts to be Rejected**

| # | Contract Counterparty | Debtor | Agreement Type | Description of Contract |
|---|---|---|---|---|
| 32 | General Counsel Roundtable | MF Global Holdings Ltd. | Subscription | Membership renewal for Corporate Executive Board General Counsel Roundtable |
| 33 | Greenwich Associates LLC | MF Global Holdings Ltd. | Advertising | Market Research Agreement (SOW) |
| 34 | Headstrong Services, LLC | MF Global Holdings Ltd. | Consulting Services | Change to CFS Support Statement of Work to accommodate additional scope. |
| 35 | Headstrong Services, LLC | MF Global Holdings Ltd. | Consulting Services | Statement of Work #0006 between Headstrong Services LLC and MF Global Holdings Ltd. |
| 36 | Headstrong Services, LLC | MF Global Holdings Ltd. | Consulting Services | General Approval for Headstrong Services |
| 37 | Headstrong Services, LLC | MF Global Holdings Ltd. | Consulting Services | Extension of statement of work for the services of Vinod Gopinathan from 10/1/11 to 3/31/12 on the MATP architecture project |
| 38 | Headstrong Services, LLC | MF Global Holdings Ltd. | Consulting Services | Client On-boarding Phase 2 |
| 39 | Iridium Consulting, LLC | MF Global Holdings Ltd. | Consulting Services | Master Services Agreement with Iridium Consulting |
| 40 | ISS Corporate Services, Inc. | MF Global Holdings Ltd. | Consulting Services | ISS Compensation Advisory Services will assist in the modeling of various share requests and advise on the design features of new LTIP |
| 41 | ISS Corporate Services, Inc. | MF Global Holdings Ltd. | Consulting Services | ISS Corporate Services subscription renewal |
| 42 | JML Group Ltd. | MF Global Holdings Ltd. | Staff Recruitment Services | Services with respect to hiring of prospective employees |
| 43 | Laurus Technologies | MF Global Holdings Ltd. | Consulting Services | Professional Services Agreement between Laurus Technologies Inc and MF Holdings |
| 44 | Lyreco SAS | MF Global Holdings Ltd. | Supply Agreement | Office Supplies Master Agreement (UK) |
| 45 | Lyreco SAS | MF Global Holdings Ltd. | Supply Agreement | Office Supplies European Amendment - addition of Paris and Geneva offices |
| 46 | NASDQ OMX Group Corporate Services Inc. | MF Global Holdings Ltd. | Subscription | Master Agreement for subscription to Directors Desk for the Board of Directors of MF Global Holdings Ltd. |
| 47 | NYSE Board Education Program | MF Global Holdings Ltd. | Training | Board Education Program Agreement for board members of MF Global Holdings Ltd. |
| 48 | OfficeMax | MF Global Holdings Ltd. | Supply Agreement | Office Supplies Master Agreement (US) |
| 49 | OfficeMax Incorporated | MF Global Holdings Ltd. | Supply Agreement | Amendment to office supplies master agreement with OfficeMax |
| 50 | Ovation Travel Group, Inc. | MF Global Holdings Ltd. | Travel Services Agreement | Global Travel Agency contract US-Division |
| 51 | Procurement Strategy Council | MF Global Holdings Ltd. | Subscription | Renewal of subscription to Corporate Executive Board Procurement Strategy Council |
| 52 | Quadrant Risk Management (International) Limited | MF Global Holdings Ltd. | Consulting Services | Professional Services Agreement between MF Global Ltd and Quadrant Risk Management (International) Limited |
| 53 | Razor Risk Technologies Inc | MF Global Holdings Ltd. | Consulting Services | Razor scoping analysis |
| 54 | Standard Register Company | MF Global Holdings Ltd. | Order Management Tool | Master Services Agreement between The Standard Register Company and MF Global Holdings |
| 55 | Technology Management Consulting Group | MF Global Holdings Ltd. | Training | Roadmap Learning Proposal |

**MF Global Holdings Ltd.**

**Executory Contracts to be Rejected**

| # | Contract Counterparty | Debtor | Agreement Type | Description of Contract |
|---|---|---|---|---|
| 56 | Teneo Consulting | MF Global Holdings Ltd. | Consulting Services | General consulting agreement for advice on M&A, economic developments, brand management and investor relations |
| 57 | The Standard Register Company | MF Global Holdings Ltd. | Order Management Tool | Master Services Agreement to store and print various printed goods |
| 58 | The Standard Register Company | MF Global Holdings Ltd. | Order Management Tool | Master Services Agreement between MF Global Holdings Ltd and The Standard Register Company |
| 59 | Towers, Perrin, Forster & Crosby, In.c | MF Global Holdings Ltd. | Consulting Services | Master Services Agreement for Consulting Services |
| 60 | Vocus, Inc. | MF Global Holdings Ltd. | Information Services | Contract renewal |
| 61 | Zacks Digest | MF Global Holdings Ltd. | Reporting Services | Engagement letter re: Reporting and Investor Relations. |

# Exhibit B

**Proposed Order**

(*Please see attached*)

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | x | |
| In re | : | Chapter 11 |
| MF GLOBAL HOLDINGS LTD., *et al.*, | : | Case No. 11-15059 (MG) |
| Debtors. | : | (Jointly Administered) |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | x | |

**ORDER UNDER 11 U.S.C. §§ 105(a), 363, AND 365(a) AND FED. R. BANKR. P. 6006 AND 9014 (I) AUTHORIZING REJECTION OF CERTAIN EXECUTORY CONTRACTS AND (II) APPROVING PROCEDURES REGARDING THE FUTURE REJECTION OF EXECUTORY CONTRACTS**

Upon the motion (the "Motion") of the Trustee[1] for an order (the "Order"), under sections 105(a), 363, and 365(a) of title 11 of the United States Code, as amended (the "Bankruptcy Code") and rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (I) authorizing the rejection of the executory contracts set forth on Exhibit A thereto, including any amendments, modifications, guaranties, supplements, restatements, or other agreements related thereto, whether made directly or indirectly by any agreement, instrument or other document that affects such executory contract, and without regard to whether such agreement, instrument or other document is listed on Exhibit A thereto (collectively, the "Rejected Contracts"), and (II) approving the procedures for the future rejection of additional executory contracts to the extent that the Trustee, in the exercise of his business judgment, determines that such rejection is in the best interest of the Debtors' estates, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and grant the requested

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.



ny-1009202

relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and the legal and factual bases set forth in the Motion establish just and sufficient cause to grant the requested relief herein; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND, DETERMINED, AND ORDERED THAT:[2]

1. The Motion is GRANTED.

2. The Rejected Contracts are hereby rejected effective upon entry of this Order.

3. If the Trustee determines in his business judgment that one or more additional executory contracts beyond the Rejected Contracts should be rejected pursuant to 11 U.S.C. § 365(a), the Trustee will file with this Court a notice (the "Rejection Notice") setting forth the rejection of such contracts, and will serve the Rejection Notice via overnight mail delivery service and fax or email (where available) on the non-Debtor party (and its counsel, if known) under the contract at the last-known address available.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* FED. R. BANKR. P. 7052.

4. The Rejection Notice shall be substantially in the form of Exhibit C annexed to the Motion. With respect to contracts to be rejected, the Rejection Notice shall set forth the following information, to the best of the Trustee's knowledge: (i) the name and address of the contract counterparty, and (ii) a brief description of the contract to be rejected. All Rejection Notices will become effective within ten (10) days of filing (the "Rejection Date") unless withdrawn by the Trustee and will be accompanied by a copy of this Order.

5. Claims arising out of Rejected Contracts or contracts rejected pursuant to the Rejection Procedures must be filed with GCG Inc.,[3] the Court-approved claims processing agent, on or before the later of (i) the deadline for filing proofs of claim established by the Court in the Debtors' cases, or (ii) forty-five (45) days after the applicable Rejection Notice is filed. If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for rejection damages.

6. If any of the Debtors has deposited funds with the counterparty to a Rejected Contract as a security deposit or other arrangement, such counterparty may not set off or otherwise use such deposit without the prior authority of the Court or agreement between the counterparty and the Trustee.

---

[3] Claims should be sent to the following addresses:

If by first-class mail:

MF Global Holdings Ltd., *et al.*
c/o GCG, Inc.
P.O. Box 9846
Dublin, Ohio 43017-5746

If by hand-delivery or overnight mail:

MF Global Holdings Ltd., *et al.*
c/o GCG
5151 Blazer Parkway, Suite A
Dublin, Ohio 43017

7. The Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: New York, New York
March__, 2012

________________________________________
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

# **Exhibit C**

**Proposed Form of Notice**

(*Please see attached*)

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | x | |
| In re | : | Chapter 11 |
| MF GLOBAL HOLDINGS LTD., *et al.*, | : | Case No. 11-15059 (MG) |
| Debtors. | : | (Jointly Administered) |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | x | |

**NOTICE OF REJECTION OF EXECUTORY CONTRACTS**

**PLEASE TAKE NOTICE** that, on March ___, 2012, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order (the "Procedures Order") authorizing Louis J. Freeh (the "Trustee"), as Chapter 11 Trustee for the above-captioned debtors (collectively, the "Debtors"), to implement expedited procedures for the rejection of one or more executory contracts in the above-captioned chapter 11 cases (the "Chapter 11 Cases"). A copy of the Procedures Order is attached hereto.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, the Trustee hereby provides notice of the intent to reject the contracts identified below. Pursuant to the terms of the Procedures Order, the following contracts will be rejected pursuant to 11 U.S.C. § 365(a), effective within ten (10) days of filing of this notice unless withdrawn by the Trustee.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, for any claim that you may assert against the Trustee as a result of the rejection of any contract, you must submit a proof of claim for damages arising from such rejection, if any, to GCG Inc.,[1] the Court-approved claims processing agent, on or before

[1] Claims should be sent to the following addresses:

If by first-class mail:

MF Global Holdings Ltd., *et al.*
c/o GCG, Inc.
P.O. Box 9846
Dublin, Ohio 43017-5746

If by hand-delivery or overnight mail:

MF Global Holdings Ltd., *et al.*
c/o GCG
5151 Blazer Parkway, Suite A
Dublin, Ohio 43017

the later of (i) the deadline for filing proofs of claim established by the Court in the Chapter 11 Cases or (ii) forty-five (45) days after the filing of this Notice. A proof of claim form will be available at www.mfglobalcaseinfo.com. If you do not timely file such proof of claim, you shall be forever barred from asserting a claim for rejection damages arising from the rejection of the above-referenced lease or contract.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, if the Debtor has deposited funds with a contract counterparty as a security deposit or other arrangement, the contract counterparty may not set off or otherwise use such deposit without the prior authority of the Court or agreement between the counterparty and the Trustee.

Dated: ______________________, 2012
New York, New York

| **Contract Counterparty (Name/Address)** | **Description of Contract** | **Effective Date of Rejection** |
|---|---|---|
| | | |



ny-1009202