MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:   (212) 468-8000
Facsimile:   (212) 468-7900
Brett H. Miller
Lorenzo Marinuzzi
Melissa A. Hager

*Attorneys for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| MF GLOBAL HOLDINGS LTD., *et al.*, | Case No. 11-15059 (MG) |
| Debtors. | (Jointly Administered) |
| In re | Chapter 11 |
| MF GLOBAL HOLDINGS USA INC., | Case No. 12- [____] (MG) |
| Debtor. | |
| Tax ID Number 13-1962847 | |

**MOTION FOR AN ORDER UNDER FED. R. BANKR. P. 1015(b) AUTHORIZING**
**JOINT ADMINISTRATION AND GRANTING RELATED RELIEF**

Louis J. Freeh (the "<u>Trustee</u>"),[1] the duly-appointed chapter 11 trustee of MF Global

Holdings Ltd. and MF Global Finance USA Inc. (the "<u>Initial Debtors</u>"), and the duly-appointed

---

[1] The Trustee, to the best of his ability, as the prime fiduciary of the Prior Debtors, and operator of the Prior Debtors' businesses, and pursuant to 11 U.S.C. §§ 1106 and 1107, and the United States Department of Justice Chapter 11 Trustee Handbook, must protect and preserve the assets of the Prior Debtors. It is, therefore, his duty to act on behalf of the Current Debtor, as the fiduciary of their parent entity, to protect and preserve these assets. Moreover, the Current Debtor, by a motion simultaneously herewith, has sought to apply the *Order to Appoint a Chapter 11 Trustee* (Docket No. 156) in the Initial Debtors' cases to its case.

ny-1016209

chapter 11 trustee of MF Global Capital LLC, MF Global FX Clear LLC and MF Global Market Services LLC (the "Additional Debtors" and together with the Initial Debtors, the "Prior Debtors"), submits this motion (the "Motion") for entry of an order under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") providing for the joint administration of the Prior Debtors' chapter 11 cases and the chapter 11 case of MF Global Holdings USA Inc. (the "Current Debtor" and together with the Prior Debtors, the "Debtors"), for procedural purposes only. In support of this Motion, the Trustee relies upon and incorporates by reference the *Second Declaration of Laurie R. Ferber Pursuant to Local Bankruptcy Rule 1007-2 and in Support of Chapter 11 Petitions and Various First-Day Motions* (the "Second Ferber Declaration") filed concurrently herewith. In further support of this Motion, the Trustee represents as follows:

## JURISDICTION

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.    The predicate for the relief requested herein is Bankruptcy Rule 1015(b).

## BACKGROUND

3.    On October 31, 2011, the Initial Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code,[2] as well as filing motions for first-day relief, including a motion for joint administration of the Initial Debtors' cases (Docket No. 2).

---

[2] References herein to the "Bankruptcy Code" are to title 11 of the United States Code, as amended.

ny-1016209                              2

4.  On November 2, 2011, this Court granted the Initial Debtors' motion and ordered the joint administration of the Initial Debtors' cases.

5.  On November 7, 2011, the United States Trustee (the "U.S. Trustee") appointed the statutory creditors' committee (the "Statutory Creditors' Committee") in the Initial Debtors' cases.

6.  The Statutory Creditors' Committee and the Initial Debtors, on November 21, 2011, jointly moved this Court for an order directing the U.S. Trustee to appoint a chapter 11 trustee (Docket No. 131), which the Court entered on November 22, 2011 (Docket No. 156).

7.  On November 25, 2011, the U.S. Trustee filed the *Application for Order Approving Appointment of Chapter 11 Trustee* (Docket No. 169), which this Court approved by entering the *Order Approving the Appointment of Chapter 11 Trustee* (Docket No. 170), pursuant to which the Trustee was appointed in the Initial Debtors' cases.

8.  On December 19, 2011, the Additional Debtors filed petitions for relief under chapter 11 of the Bankruptcy Code and the Trustee, as fiduciary of the Initial Debtors, filed a motion for an order under Bankruptcy Rule 1015(a) directing the joint administration of the Additional Debtors' chapter 11 cases with those of the Initial Debtors (Docket No. 292). On the same date, the Trustee, as fiduciary of the Initial Debtors, also filed a motion for entry of an order under Bankruptcy Code section 105(a) directing that certain orders entered in the chapter 11 cases of the Initial Debtors be made applicable to the Additional Debtors (Docket No. 293).

9.  On December 21, 2011, this Court entered orders for relief with respect to each of the Additional Debtors and directed joint administration of the Additional Debtors' cases with the Initial Debtors' cases (Docket No. 298). The Court also entered the order making certain

previous orders applicable in the Additional Debtors' cases on December 23, 2011 (Docket No. 303).

10. On December 27, 2011, this Court approved the appointment of Louis J. Freeh as chapter 11 trustee of the Additional Debtors' cases.

11. On March 2, 2012, the Current Debtor filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code, along with various first-day motions seeking orders addressing issues critical to the administration of the Current Debtor's estate.

12. The factual background regarding the Debtors, including their prior business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the Second Ferber Declaration filed concurrently herewith and fully incorporated herein by reference.[3]

## RELIEF REQUESTED

13. By this Motion, the Trustee seeks entry of an order, substantially in the form annexed hereto as Exhibit A (the "Order"), pursuant to Bankruptcy Rule 1015(b) directing the joint administration of the Prior Debtors' chapter 11 cases and the Current Debtor's chapter 11 case.

## BASIS FOR RELIEF

14. Bankruptcy Rule 1015(b) provides that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the debtors." See FED. R. BANKR. P. 1015(b). Bankruptcy Code section 101(2), in turn, defines the term "affiliate" in pertinent part as a "corporation 20 percent or more of

---

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Second Ferber Declaration.

whose outstanding voting securities are directly or indirectly owned . . . by the debtor." 11 U.S.C. § 101(2).

15. MF Global Holdings Ltd. is the direct owner of the Current Debtor. As such, the Debtors are "affiliates" as that term is defined in Bankruptcy Code section 101(2) and as used in Bankruptcy Rule 1015(b). Accordingly, joint administration of the Prior Debtors' cases with the Current Debtor's case is appropriate under Bankruptcy Rule 1015(b).

16. Moreover, the joint administration of the Prior Debtors' chapter 11 cases and the Current Debtor's chapter 11 case will permit the Clerk of the Court to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties-in-interest of the Debtors' respective estates. Indeed, the Trustee anticipates that numerous notices, applications, motions, pleadings, hearings, and orders in these cases will affect all Debtors. Joint administration will also protect parties-in-interest by ensuring that parties in each of the Debtors' respective chapter 11 cases will be apprised of the various matters before the Court in these cases. To this end, the Trustee will file a consolidated list of the Debtors' creditors.

17. Joint administration will also save time and money and avoid duplicative and potentially confusing filings by permitting counsel for all parties-in-interest to, (a) use a single caption on the numerous documents that will be served and filed herein, and (b) file the papers in one case rather than in multiple cases. In addition, joint administration will protect parties-in-interest by ensuring that parties in *each* of the Prior Debtors' and the Current Debtor's respective chapter 11 cases will be made aware of the various matters before the Court in these cases.

18. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and other party-in-interest

will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right.

19. In furtherance of the foregoing, the Trustee requests that the official caption of the chapter 11 cases to be used by all parties, in all pleadings in the jointly administered cases, be as follows:

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| MF Global Holdings Ltd., *et al.*, | Case No. 11-15059 (MG) |
| Debtors. | (Jointly Administered) |

20. The Trustee submits that use of this simplified caption, without reference to each debtor's respective tax identification numbers, addresses and other details specified by Bankruptcy Code section 342(c) and Bankruptcy Rule 2002(n), will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification. Further, such case-specific information will be listed in the petitions for each Debtor, which are publicly available to parties-in-interest or will be provided by the Trustee upon request. Therefore, the Trustee submits that the policies behind the requirements of Bankruptcy Code section 342(c) and Bankruptcy Rule 2002(n) have been satisfied.

21. In addition, the Trustee requests that the Court make a docket entry in the Current Debtor's chapter 11 case substantially similar to the following:

> An order has been entered in this case consolidating this case with the case of MF Global Holdings Ltd., Case No. 11-15059, for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The

docket in Case No. 11-15059 should be consulted for all matters affecting the above-listed case.

22. Finally, the Trustee seeks authority to file the Current Debtor's monthly operating report, required by the Operating Guidelines and Financial Reporting Requirements promulgated by the U.S. Trustee, on a consolidated basis with the Prior Debtors if the Trustee determines, after consultation with the U.S. Trustee, that consolidated reports would further administrative economy and efficiency without prejudice to any party in interest and that the reports would accurately reflect the Debtors' consolidated business operations and financial affairs; provided, however, that the consolidated monthly operating reports will reflect the cash disbursements made by each Debtor during the applicable period.

23. Courts have routinely granted to large business debtors the same or substantially similar relief to that requested in this Motion. *See, e.g., In re Lyondell Chemical Company et al.*, Case No. 09-10023 (REG) (Bankr. S.D.N.Y Jan. 7, 2009); *In re Frontier Airlines Holdings, Inc.*, Case No. 08-11298 (RDD) (Bankr. S.D.N.Y. April 11, 2008); *In re Fortunoff Fine Jewelry and Silverware, LLC*, Case No. 08-10353 (JMP) (Bankr. S.D.N.Y. Feb. 5, 2008); *In re Movie Gallery, Inc.*, Case No. 07-33849 (DOT) (Bankr. E.D. Va. Oct. 18, 2007); *In re Tweeter Home Entm't Group, Inc.*, Case No. 07-10787 (PJW) (Bankr. D. Del. June 13, 2007); *In re Dana Corp.*, Case No. 06-10354 (BRL) (Bankr. S.D.N.Y. Mar. 3, 2006); *In re Musicland Holding Corp.*, Case No. 06-10064 (SMB) (Bankr. S.D.N.Y. Jan. 13, 2006); *In re Refco Inc.*, Case No. 05-60006 (RDD) (Bankr. S.D.N.Y. Oct. 19, 2005); *In re Delphi Corp.*, Case No. 05-44481 (RDD) (Bankr. S.D.N.Y. Oct. 8, 2005); *In re Winn-Dixie Stores, Inc.*, Case No. 05-11063 (RDD) (Bankr. S.D.N.Y. Feb. 22, 2005).

24. For these reasons, the Trustee submits that the relief requested herein is in the best interests of the Debtors, the Debtors' creditors and other parties-in-interest and, therefore, should be granted.

**NOTICE**

25. Notice of this Motion has been provided by facsimile, electronic transmission, overnight delivery, or hand delivery to: (a) the United States Trustee for the Southern District of New York; (b) the United States Attorney for the Southern District of New York; (c) the Securities and Exchange Commission; (d) the U.S. Commodity Futures Trading Commission; (e) the Internal Revenue Service; (f) counsel for the Debtors' prepetition liquidity facility; (g) the indenture trustee for each of the Debtors' outstanding bond issuances; (h) counsel to the Statutory Creditors' Committee; (i) the parties included on the Current Debtor's list of twenty (20) largest unsecured creditors; and (j) parties that have requested special notice in these cases. The Trustee submits that, under the circumstances, no other or further notice is necessary.

**NO PRIOR REQUEST**

26. No prior request for the relief requested herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that this Court enter an order, substantially in the form annexed hereto as <u>Exhibit A</u>, granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated: March 2, 2012
New York, New York

          Respectfully submitted,

          <u>/s/ Brett H. Miller</u>
          Brett H. Miller
          Lorenzo Marinuzzi
          Melissa A. Hager
          MORRISON & FOERSTER LLP
          1290 Avenue of the Americas
          New York, New York 10104
          Telephone:   (212) 468-8000
          Facsimile:   (212) 468-7900

          *Attorneys for the Chapter 11 Trustee*

**Exhibit A**

**Proposed Order**

ny-1016209

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
    In re                                                 :   Chapter 11
                                                          :
MF GLOBAL HOLDINGS LTD., et al.,                          :   Case No. 11-15059 (MG)
                                                          :
        Debtors.                                          :   (Jointly Administered)
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
    In re                                                 :   Chapter 11
                                                          :
MF GLOBAL HOLDINGS USA INC.,                              :   Case No. 12- [____] (MG)
                                                          :
        Debtor.                                           :
                                                          :
Tax ID Number 13-1962847                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**ORDER DIRECTING JOINT ADMINISTRATION OF**
**THE CHAPTER 11 CASES AND RELATED RELIEF**

Upon the motion (the "Motion")[1] of Louis J. Freeh (the "Trustee"), the duly-appointed chapter 11 trustee of MF Global Holdings Ltd. and MF Global Finance USA Inc. (the "Initial Debtors"), and the duly appointed chapter 11 trustee of MF Global Capital LLC, MF Global FX Clear LLC and MF Global Market Services LLC (the "Additional Debtors" and together with the Initial Debtors, the "Prior Debtors") for an order pursuant to Bankruptcy Rule 1015(b) directing joint administration of the Prior Debtors' chapter 11 cases and the chapter 11 case of MF Global Holdings USA Inc. (the "Current Debtor" and together with the Prior Debtors, the "Debtors"), and administratively consolidating the respective chapter 11 case of the Prior Debtors and the

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Motion.

ny-1016209

Current Debtor for procedural purposes only; and upon consideration of the facts set forth in the Second Ferber Declaration; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, the Debtors' respective creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is GRANTED as set forth herein.

2. The chapter 11 cases of each of the Prior Debtors and the Current Debtor are consolidated for procedural purposes only and shall be jointly administered by the Court.

3. Nothing contained in this order shall be deemed or construed as effecting or otherwise directing the substantive consolidation of any of the above-captioned chapter 11 cases.

4. The caption of the jointly administered cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

------------------------------ x
                               :
  In re                        : Chapter 11
                               :
MF GLOBAL HOLDINGS LTD., *et al.*,  : Case No. 11-15059 (MG)
                               :
        Debtors.               : (Jointly Administered)
                               :
------------------------------ x

5. All original pleadings shall be captioned as indicated in the preceding decretal paragraph and all original docket entries shall be made in the case of *MF Global Holdings Ltd., et al.* Case No. 11-15059 (MG), except to the extent those pleadings apply to the SIPA Proceeding (*Securities Investor Protection Corp. v. MF Global Inc.*, Case No. 11-CIF 7750).

ny-1016209

2

6.    A docket entry shall be made in the Current Debtor's chapter 11 case substantially similar to the following:

> An order has been entered in this case consolidating this case with the case of MF Global Holdings Ltd., Case No. 11-15059, for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 11-15059 should be consulted for all matters affecting the above listed case.

7.    The Trustee, on behalf of the Prior Debtors and the Current Debtor, is authorized to file monthly operating reports, required by the Operating Guidelines and Financial Reporting Requirements promulgated by the U.S. Trustee, on a consolidated basis if the Trustee determines, in consultation with the U.S. Trustee, that consolidated reports would further administrative economy and efficiency without prejudice to any party in interest and that the reports would accurately reflect the Debtors' consolidated business operations and financial affairs; provided, however, that the consolidated monthly operating reports shall reflect cash disbursements made by each Debtor during the applicable period.

8.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this order.

Dated:  March __, 2012
        New York, New York

                                              THE HONORABLE MARTIN GLENN
                                              UNITED STATES BANKRUPTCY JUDGE