UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

In re

MF GLOBAL HOLDINGS LTD., *et al.,*

Debtors.

Case No. 11-15059 (MG)

# MEMORANDUM OPINION AND ORDER DENYING MOTION TO DIRECT THE DEBTORS' ESTATES TO BE ADMINISTERED PURSUANT TO 11 U.S.C. § 523 AND 11 U.S.C. § 507

*A P P E A R A N C E S:*

IVEY FOSBINDER FOSBINDER LLLC
A LIMITED LIABILITY LAW COMPANY
*Counsel for Adam Furgatch*
1883 Mill Street
Wailuku, Hawaii 96793
By:    James H. Fosbinder, Esq.

-and-

LAW OFFICES OF MAURICE HENRY BLUM
*Counsel for Adam Furgatch*
59 Montgomery Avenue, Ste. 2
Staten Island, New York 10301
By:    Maurice Henry Blum, Esq.

HUGHES HUBBARD & REED LLP
*Counsel for James W. Giddens, Trustee for the SIPA Liquidation of MF Global Inc.*
One Battery Park Plaza
New York, New York 10004
By:    James B. Kobak, Jr., Esq.
       Jeffrey S. Margolin, Esq.

MORRISON & FOERSTER LLP
*Counsel for Louis J. Freeh, Chapter 11 Trustee*
1290 Avenue of the Americas
New York, New York 10104
By:    Brett H. Miller, Esq.
       Lorenzo Marinuzzi, Esq.

DEWEY & LEBOEUF LLP
*Counsel for the Statutory Creditors' Committee of MF Global Holdings Ltd., et al.*
1301 Avenue of the Americas
New York, New York 10019
By:    Martin J. Bienenstock, Esq.
       Irena Goldstein, Esq.


**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

To date, numerous commodity customers of MF Global Inc. ("MFGI") have sought relief which the Court could not grant.  Now, without any legal support for the argument, Adam Furgatch ("Furgatch"), a commodity customer of MFGI, seeks to have the Court administer the chapter 11 cases of MF Global Holdings, Ltd. ("MFGH") and its debtor-affiliates pursuant to the portions of sections 507 and 523 of the Bankruptcy Code that apply to certain domestic relations and child support issues.  Specifically, Furgatch proposes that the Court treat MFGI as the *natural* "child" of its parent-corporation, MFGH.  According to Furgatch, this treatment would allow MFGI to collect "domestic support obligations" under section 507(a)(1)(A) of the Bankruptcy Code.   For the reasons explained below, the Court denies the Motion in its entirety.

### BACKGROUND

Pending before the Court is the *Motion to Direct the Debtors' Estate to be Administered Pursuant to 11 U.S.C. § 523 and 11 U.S.C. § 507* (the "Motion").  (ECF Doc. # 424.)  Furgatch, a commodity customer of MFGI, the indirect subsidiary, registered broker-dealer, and futures commission merchant of MFGH, seeks an order directing James Giddens (the "SIPA Trustee") and Louis J. Freeh (the "Chapter 11 Trustee") to administer the estates of MFGH, MF Global Finance USA Inc., MF Global Capital LLC, MF Global Market Services LLC, and MF Global FX Clear LLC (the "Chapter 11 Debtors") pursuant to 11 U.S.C. § 523(a)(5) and 11 U.S.C. §

2

507. According to Furgatch, the "effect of this order will provide (i) immediate and full recovery of funds, or (ii) priority status in the recovery of Debtor's debt owed to commodities customers to extent of their segregated account at [MFGI] . . . ."  (Mot. at 2.)

The Chapter 11 Trustee (ECF Doc. # 481) and the statutory creditors' committee in the chapter 11 cases (the "Committee") (ECF Doc. # 479) filed objections to the Motion.  The SIPA Trustee also filed a statement with respect to the Motion (the "SIPA Statement").  (ECF Doc. # 358.)  The Court held a hearing on the Motion on March 6, 2012 and took the Motion under submission.  The Court now denies the Motion in its entirety.

## DISCUSSION

### A. The Relief Sought in the Motion

Furgatch requests that these chapter 11 cases be administered for the benefit of the commodity customers of MFGI.[1]  Namely, Furgatch seeks an order from this Court that MFGH immediately pay "child support" payments.  Such payments, in the case of individual debtors, are excepted from discharge pursuant to section 523(a)(5) of the Bankruptcy Code and given a first priority right of payment pursuant to section 507(a)(1)(A) of the Bankruptcy Code.

According to Furgatch's counsel, "over the past fifty years, U.S. courts have consistently and aggressively broadened the scope of corporate personage and have afforded corporations more and more rights and obligations once reserved solely for individuals."  (Mot. at 4.)  Movant cites 1 U.S.C. § 1, which defines "person" to include "corporations, companies, associations, firms, partnerships . . . , as well as individuals."  Additionally, the Motion draws language from a

---

[1]    An earlier motion by a group of commodities customers of MFGI sought to have the Court administer the chapter 11 cases of MFGH and its debtor-affiliates pursuant to subchapter IV of chapter 7 of the Bankruptcy Code and Part 190 of the regulations promulgated by the Commodity Futures Trading Commission (the "CFTC").  The Court denied the motion in a written opinion.  *See In re MF Global Holdings Ltd.*, No. 11-15059, 2012 WL 280984 (Bankr. S.D.N.Y. Feb. 1, 2012).  If granted, the relief sought in that motion and current Motion would likely be the same, giving the commodity customers a priority in distributions from the MFGH estate.  The earlier motion was denied but at least had a colorable basis in law; the present Motion does not.  The Motion does not cite or discuss any of the relevant precedents discussed in this Opinion.

3

United States Supreme Court decision that conferred upon corporations the constitutional right to free speech. *See Citizens United v. Federal Election Commission*, 130 S. Ct. 867 (2010). The Motion also discusses the definition of the word "parent" as found in Merriam-Webster Dictionary Online and posits the derivation of the meaning of "parent company" in furtherance of the argument. The Motion concludes that corporations "must necessarily have a parent-child-like relationship," (Mot. at 7), and "[t]he parent company, which brings into existence and exerts control over the child subsidiary, should be subject to the same obligations for on-going support and welfare to which the parent-child relationship of natural persons is subject." (*Id.*)

The Motion quotes the language of sections 523(a)(5) and 507(a)(1)(A) of the Bankruptcy Code and asserts that these sections dictate that MFGH should "provide (i) immediate and full recovery" of customer funds, "or, in the alternative, (ii) first-ranking priority status in the recovery of [the Chapter 11 Debtors'] debt owed to commodities customers to the extent of their segregated accounts at MFGI." (*Id.* at 9.)

Furgatch's Motion is procedurally improper and substantively meritless to the point of bordering on frivolous. Therefore, the Court denies the Motion in its entirety with prejudice and cautions Furgatch's counsel that the Court has the power to impose sanctions for frivolous arguments. The professionals in these cases are working diligently to complete a successful wind-down of the Debtors' estates and provide a recovery to all creditors; motions such as this one only slow that process down and increase administrative expenses to the detriment of all creditors and commodity customers.

### B. The Motion is Procedurally Deficient

As an initial matter, the Motion is procedurally deficient for a number of reasons. As explained above, Furgatch is seeking equitable and declaratory relief. Rules 7001 and 7003 of

4

the Federal Rules of Bankruptcy Procedure provide that a movant seeking equitable relief, the determination of the dischargeability of a debt, subordination of a claim, or any type of declaratory relief must file a complaint and initiate an adversary proceeding. Furgatch failed to initiate an adversary proceeding; therefore, the relief sought in the Motion is not properly before the Court.

However, assuming that the relief sought in the Motion was properly presented, the Court would deny the Motion as explained below.

### C. MFGH is Not an "Individual Debtor" as Required by 11 U.S.C. § 523(a)(5)

In the case of an "individual debtor," section 523(a)(5) of the Bankruptcy Code excepts from discharge debts "for a domestic support obligation." 11 U.S.C. § 523(a)(5). The term "domestic support obligation" is defined by section 101(14A) of the Bankruptcy Code. Section 101(14A) states:

> (14A) The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—
>   (A) owed to or recoverable by—
>     (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>     (ii) a governmental unit;
> (B) *in the nature of alimony, maintenance, or support* (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—
>     (i) a separation agreement, divorce decree, or property settlement agreement;
>     (ii) an order of a court of record; or
>     (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and

11 U.S.C. § 101(14A) (emphasis added).

5

Although the text of section 523 clearly states that it applies to an "individual debtor," Furgatch has attempted to apply this section to MFGH and relies on the definition of "person" found in section 101(41) of the Bankruptcy Code, which states "[t]he term person includes individual, partnership, and corporation . . . ." 11 U.S.C. § 101(41). Based on this language, Furgatch argues that MFGH should be considered a natural person for purposes of these cases. However, according to the plain language of the statute, section 523(a)(5) applies only to "individual debtor[s]" not "persons" as defined by section 101(41).

In the Second Circuit, it is well-settled that section 523 does not apply to corporate debtors. *See, e.g.*, *Adam Glass Service, Inc. v. Federated Department Stores, Inc.*, 173 B.R. 840, 842 (E.D.N.Y. 1994) (finding that sections 523 "only applies to individual debtors" and "is not applicable to corporate debtors . . . ."); *see also Savoy Records Inc. v. Trafalgar Associates (In re Trafalgar Associates)*, 53 B.R. 693, 696 (Bankr. S.D.N.Y. 1985) (holding that section 523 "on its face applies only to individual debtors, and not to limited partnerships . . . ."). Moreover, in *Maritime Asbestosis Legal Clinic v. LTV Steel Co., Inc. (In re Chateaugay)*, 920 F.2d 183, 184 (2d Cir. 1990), where the court found that section 362(h) did not apply to corporate debtors, the Second Circuit held that in the Bankruptcy Code, "Congress used the word 'individual' rather than 'person' to mean a natural person." For example, in section 109 of the Bankruptcy Code, which dictates who may file a bankruptcy petition under certain chapters of the Bankruptcy Code, Congress used "person" in certain situations and "individual" in others. Similarly, "the text of other code sections demonstrates that Congress used the word 'individual' rather than 'person' to mean a natural person." *Id. See e.g.*, 11 U.S.C. § 101(39) (defining "relative" as an "individual related by affinity or consanguinity within the third degree as determined by the common law, or individual in a step or adoptive relationship within such third degree"). In

section 523(a)(5), the word "individual" modifies the word "debtor" and "clearly evidences the intent of Congress to exclude corporate debtors form the operation of section 523." *In re Automatic Plating of Bridgeport, Inc.*, 202 B.R. 540, 542 (Bankr. D. Conn. 1996).

    **D. MFGI Does Not Have a Claim for Domestic Support Obligations Pursuant to Section 523(a)(5)**

Even if the Court were to find that section 523(a)(5) applied to corporate debtors, Furgatch has failed to prove the existence of a claim for domestic support obligations. As explained above, a "domestic support obligation" is specifically defined by the Bankruptcy Code. *See* 11 U.S.C. § 101(14A). To establish a claim for a domestic support obligation on behalf of a child, a movant must prove three elements: (1) the debt must be owed to, or recoverable by a child; (2) the debt must be "in the nature of . . . support" of such child; and (3) the debt must be established by a court order or pursuant to an agreement. *See* 11 U.S.C. § 101(14A)(A)-(C).

Here, the plausible debt Furgatch seeks to claim as a domestic support obligation is not in the nature of child support generally applicable after the dissolution of a marriage. Even if the Court were to consider MFGI the natural child of MFGH, MFGH's obligations to MFGI, if any, would be more akin to a parent's obligation to pay a child's personal credit card or bills or mortgage payments. Movant's assertions that MFGH's "use of funds created a debt obligation owed" by MFGH to MFGI would not satisfy the factors required under 11 U.S.C. § 101(14A) to establish an allowable claim for a "domestic support obligation."

    **E. MFGI Does Not Have a Priority Claim for Domestic Support Obligations Pursuant to Section 507(a)(1)**

The Motion further argues that section 507(a)(1) "clearly establishes first priority rank for MFGI under MF Holdings' domestic support obligations as the parent of MFGI." (Mot. at 8.) As explained above, MFGI does not hold any claims due to "domestic support obligations" to

MFGI.[2]  Moreover, after a review of the claims register, the Court has found that MFGI has not filed a claim against MFGH.  Thus, it is unclear how the Court could find that a nonexistent claim against a debtor could be entitled to priority status as a "domestic support obligation."

Finally, if the Court granted the Motion, the claims of MFGI would be elevated above all claims held by the Chapter 11 Debtors' creditors solely because MFGI is a subsidiary of MFGH.  Thus, granting the Motion would create new substantive rights that are not provided for in the Bankruptcy Code.  As the Court has held previously, "[s]ection 105 does not 'authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law, or constitute a roving commission to do equity.'"  *In re MF Global Holdings Ltd.*, No. 11-15059, 2012 WL 280984, at *3 (Bankr. S.D.N.Y., Feb. 1, 2012) (citing *In re Dairy Mart Convenience Stores, Inc.*, 351 F.3d 86, 91-92 (2d Cir. 2003).

### F. Rules Governing Distributions to MFGI Customers Have Not Been Determined

It is important to emphasize that the denial of Furgatch's Motion does not determine the rules that apply to distributions from the Chapter 11 Debtors' estates to MFGI customers.  Notably, the CFTC has argued that, pursuant to 17 C.F.R. § 190.08(a)(1)(ii)(G), "property that should have been segregated, but was not, or as to which segregation was not maintained, remains customer property subject to priority distribution."  (ECF Doc. # 724 ¶ 2(c).)  Moreover, the SIPA Trustee has stated that he "continues to reserve all rights, claims, and remedies against the Chapter 11 Debtors and their non-debtor affiliates."  (SIPA Statement ¶ 2.)  These issues may have to be resolved by the Court, but not in the guise of this Motion.

---

[2]  It is important to note that, at this time, the Court is not making any determination about claims MFGI may have against MFGH and whether those claims are allowed and entitled to priority status.  The Court is only addressing whether MFGI holds a priority claim for a "domestic support obligation" against MFGH pursuant to section 507(a)(1) of the Bankruptcy Code.

## CONCLUSION

For the reasons discussed above, the Court denies the Motion in its entirety.

Dated: March 6, 2012
New York, New York

                                            **/s/Martin Glenn**
                                            MARTIN GLENN
                              United States Bankruptcy Judge