| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | FOR PUBLICATION |
| In re<br><br>MF GLOBAL HOLDINGS LTD., *et al.,*<br><br>Debtors. | Case No. 11-15059 (MG) |

# MEMORANDUM OPINION GRANTING MOTION TO ESTABLISH PROCEDURES FOR REJECTION OF EXECUTORY CONTRACTS

*A P P E A R A N C E S:*

MORRISON & FOERSTER LLP
*Counsel for Louis J. Freeh, Chapter 11 Trustee*
1290 Avenue of the Americas
New York, New York 10104
By:    Brett H. Miller, Esq.
       Lorenzo Marinuzzi, Esq.


**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

   Louis J. Freeh (the "Trustee"), the Chapter 11 Trustee of MF Global Holdings Ltd. and its debtor-affiliates (collectively, the "Debtors"), has filed a motion for an order under 11 U.S.C. §§ 105(a), 363, and 365, Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 6006-1 authorizing rejection of certain executory contracts and approving procedures regarding the future rejection of executory contracts (the "Motion").  (ECF Doc. # 454.)  No objections were filed to the Motion.  A hearing on the Motion was held on March 6, 2012.  At the hearing, the Motion to reject the identified executory contracts was granted and a separate order will be entered with respect to that portion of the Motion.  This Opinion addresses the portion of the Motion seeking approval of procedures

1

for future rejection of executory contracts. While the Court agrees that simple procedures for rejection of executory contracts should be established for these cases, the procedures proposed by the Trustee are deficient in failing to include procedures for contract counterparties to object to rejection. The Trustee's counsel should submit a revised order consistent with this Opinion.

## BACKGROUND

To effectuate the subsequent rejection of the remaining executory contracts, the Trustee proposes to implement the following procedures (the "Rejection Procedures") pursuant to section 365(a) of the Bankruptcy Code:

- The Trustee will file a notice (the "Rejection Notice") setting forth the proposed rejection of one or more contracts. Consistent with Bankruptcy Rule 6006(f), no more than 100 contracts will be contained in a Rejection Notice. The Rejection Notice will also be served on the non-Debtor counterparty (and counsel, if known);

- The Rejection Notice shall be substantially in the form of Exhibit C, which is attached to the Motion. With respect to contracts to be rejected, the Rejection Notice shall set forth the following information, to the best of the Trustee's knowledge: (i) the name and address of the contract counterparty and (ii) a brief description of the contract to be rejected. All Rejection Notices will become effective within ten days of filing (the "Rejection Date") unless withdrawn by the Trustee and will be accompanied by a copy of the Order granting this Motion.

- Claims arising out of Rejected Contracts must be filed with GCG Inc., the Court-approved claims processing agent, on or before the later of (i) the deadline for filing proofs of claim established by the Court in the Debtors' cases or (ii) 45 days after the applicable Rejection Notice is filed. If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for rejection damages.

- If any of the Debtors has deposited funds with the counterparty to a Rejected Contract as a security deposit or other arrangement, such counterparty may not set off or otherwise use such deposit without the prior authority of the Court or agreement between the counterparty and the Trustee.

(Mot. ¶ 13.)

The proposed Rejection Procedures do not provide for a time or opportunity for objections to the Rejection Notice; nor do they provide that notice will also be provided to the Statutory Creditors' Committee of MF Global Holdings Ltd., et al. (the "Committee").

2

# DISCUSSION

### A. Authority To Reject Executory Contracts

Section 365(a) of the Bankruptcy Code provides for the assumption or rejection of executory contracts or unexpired leases:

> (a) Except as provided is sections 765 and 766 of this title and in subsections (b), (c) and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.

11 U.S.C. § 365(a).

The term "executory contract" is not defined by the statute. The legislative history refers with approval to the so-called Countryman definition, observing that the term executory contract "generally includes contracts on which performance remains due to some extent on both sides." H.R. REP. No. 595, 95th Cong., 1st Sess. 347 (1977); *see also* 3 COLLIER ON BANKRUPTCY ¶ 365.02 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2011) (collecting cases).

An executory contract may not be assumed in part and rejected in part. *In re Sterling Optical Corp.*, No. 91-B-15944, 2007 WL 1989233, at *11 n.13 (Bankr. S.D.N.Y. July 11, 2007) ("A debtor may not reject (i.e., breach) one obligation under a contract and still enjoy the benefits of that same contract."). The trustee must either assume the entire contract, *cum onere*, or reject the entire contract, shedding obligations as well as benefits. 3 COLLIER ON BANKRUPTCY § 365.03. But the nondebtor party must object if the trustee proposes to assume only a portion of the contract, or it may be bound. *Id.* (citing *Tenet Healthcare Phila., Inc. v. Nat'l Union of Hosp. Emps. (In re Allegheny Health, Educ. and Res. Found.)*, 383 F.3d 169 (3d Cir. 2004)). The rejection of a partially performed contract is generally within the trustee's rejection power, because it relieves the estate of any remaining performance. *Id.*

3

Courts routinely approve motions to assume, assume and assign, or reject executory contracts or unexpired leases upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) (stating that section 365 is traditionally subject to the "business judgment" standard); *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1099 (2d Cir. 1993) (stating that section 365 "permits the trustee or debtor-in-possession, subject to the approval of the bankruptcy court, to go through the inventory of executory contracts of the debtor and decide which ones it would be beneficial to adhere to and which ones it would be beneficial to reject"); *In re Gucci*, 193 B.R. 411, 415 (S.D.N.Y. 1996) ("A bankruptcy court reviewing a trustee's decision to assume or reject an executory contract should apply its 'business judgment' to determine if it would be beneficial or burdensome to the estate to assume it.").

Courts generally will not second-guess a debtor's business judgment concerning whether the assumption or rejection of an executory contract or unexpired lease would benefit the debtor's estate. *See In re Balco Equities Ltd., Inc.*, 323 B.R. 85, 98 (Bankr. S.D.N.Y. 2005) ("A court 'should defer to a debtor's decision that rejection of a contract would be advantageous.'") (quoting *In re Sundial Asphalt Co.*, 147 B.R. 72, 84 (E.D.N.Y. 1992)); *Phar-Mor, Inc. v. Strouss Bldg. Assocs.*, 204 B.R. 948, 951-52 (Bankr. N.D. Ohio 1997) ("Whether an executory contract is 'favorable' or 'unfavorable' is left to the sound business judgment of the debtor . . . . Courts should generally defer to debtor's decision whether to reject an executory contract."). The "business judgment" test merely requires a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the Debtor's estate. *See, e.g.*, *Bregman v. Meehan (In re Meehan)*, 59 B.R. 380, 385 (E.D.N.Y. 1986) ("The primary issue under the

4

business judgment test is whether rejection of the contract would benefit general unsecured creditors."); *In re Helm*, 335 B.R. 528, 538 (Bankr. S.D.N.Y. 2006) ("To meet the business judgment test, the debtor in possession must establish that rejection will benefit the estate.").

The Trustee, in seeking to reject an executory contract, must support the motion with evidence—usually in the form of a declaration or affidavit—demonstrating that rejection of the contract falls within the proper exercise of the Trustee's business judgment. That standard can be satisfied upon a showing that the contract will no longer be beneficial or necessary to the estates, that it has become burdensome to the estates, or that a prompt elimination of the attendant expenses will positively impact the Debtors' ability to improve their financial condition.

### B. Authority To Establish and Implement the Procedures

The necessity of establishing the Rejection Procedures is unquestionably apparent. It would be an unwarranted financial burden on the Debtors' estates to file individual motions to reject executory contracts. Moreover, the rejection of burdensome executory contracts and the attendant reductions in the estates' administrative costs (as a result of the Rejection Procedures) clearly reflects the proper exercise of business judgment. Establishing an efficient and effective procedure will also relieve the Court of the burden of hearing numerous motions seeking the same relief. The Court has approved similar procedures in other cases utilizing a notification procedure similar to the proposed Rejection Notice. *See, e.g.*, *In re BH S&B Holdings LLC*, No. 08-14604 (Bankr. S.D.N.Y. Dec. 16, 2008) (ECF Doc. # 197); *In re Borders Grp., Inc.*, No. 11-10614 (Bankr. S.D.N.Y. June 2, 2011) (ECF Doc. # 964).

Bankruptcy Rule 6006(e) provides that "[s]ubject to subdivision (f), the trustee may join requests for authority to reject multiple executory contracts or unexpired leases in one motion."

5

FED. R. BANKR. P. 6006(e).  Bankruptcy Rule 6006(f), in turn, provides the procedures for motions seeking to reject multiple executory contracts that are not between the same parties.  *See* FED. R. BANKR. P. 6006(f).  One of the procedural limitations delineated in this rule is that a motion shall be limited to no more than 100 executory contracts.  FED. R. BANKR. P. 6006(f)(6).

However, the Rejection Procedures as proposed do not comply with Bankruptcy Rules 6006(a) and 9014(a).  Bankruptcy Rule 6006(a) states that "[a] proceeding to assume, reject, or assign an executory contract or unexpired lease . . . is governed by Rule 9014."  FED. R. BANKR. P. 6006(a).  Bankruptcy Rule 9014(a), in turn, provides that "relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought."  FED. R. BANKR. P. 9014(a).  The Rejection Procedures do not provide contract counterparties with ample time to object after receiving the Rejection Notice.  Nor do the Rejection Procedures establish a hearing schedule in the event that a counterparty objects to the Rejection Notice.  Additionally, the Rejection Notices should also be served on the Committee and filed concurrently with declarations in support of the rejection of the executor contracts.

In light of the deficiencies in the proposed Rejection Procedures, the Trustee should revise the proposed procedures to comply with Bankruptcy Rules 6006(a) and 9014(a) and submit the revised procedures to the Court for final approval.  The revised procedures should include the following provisions, which are similar to the procedures adopted in *In re Borders Grp., Inc.*:

- Should a party in interest object to the Debtors' proposed rejection of a contract, such party must file and serve a written objection so that such objection is filed with this Court and served on counsel for the Debtors, the Committee, and any other party to the contract not less than fourteen days after the date the Rejection Notice is filed;

6

- If no objection to a Rejection Notice is timely filed and served, the applicable contract shall be deemed rejected on the effective date set forth in the Rejection Notice, or, if no such date is set forth, the date the Rejection Notice is filed with the Court (the "Rejection Date").
- If a timely objection to a Rejection Notice is filed and received in accordance with the Rejection Procedures, and not withdrawn or otherwise resolved, the Debtors shall schedule a hearing on such objection and provide notice thereof to the objecting party at the next Omnibus Hearing Date that is at least seven days after the notice of hearing. If the Court ultimately upholds the Debtors' determination to reject the applicable contract, then the applicable contract shall be deemed rejected (i) as of the Rejection Date, or (ii) as otherwise determined by the Court as set forth in any order overruling such objection.

*See, e.g.*, *In re Borders Grp. Inc.*, No. 11-10614 (ECF Doc. # 866)

## CONCLUSION

A separate order will be entered granting the portion of the Trustee's motion seeking to reject the executory contracts specifically identified in the Motion. With respect to the portion of the Motion seeking to establish rejection procedures for additional contracts, the Court will approve rejection procedures for executory contracts as long as the procedures include objection and hearing procedures as outlined above. The Trustee's counsel shall submit a proposed order with revised procedures on five (5) days' notice of presentment.

DATED:    March 6, 2012
          New York, New York.

                                                        /s/Martin Glenn
                                                       MARTIN GLENN
                                        United States Bankruptcy Judge