| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |

In re

MF GLOBAL HOLDINGS LTD., *et al.,*

Debtors.

Case No. 11-15059 (MG)

# MEMORANDUM OPINION APPROVING STIPULATION REGARDING CREDITOR ACCESS TO INFORMATION

*A P P E A R A N C E S:*

MORRISON & FOERSTER LLP
*Counsel for Louis J. Freeh, Chapter 11 Trustee*
1290 Avenue of the Americas
New York, New York 10104
By:     Brett H. Miller, Esq.
        Lorenzo Marinuzzi, Esq.

DEWEY & LEBOEUF LLP
*Counsel for the Statutory Creditors' Committee of MF Global Holdings Ltd., et al.*
1301 Avenue of the Americas
New York, New York 10019
By:     Martin J. Bienenstock, Esq.
        Irena Goldstein, Esq.

FORD MARRIN ESPOSITO WITMEYER & GLESER, L.L.P.
*Counsel for Sapere Wealth Management LLC,*
*Granite Asset Management and Sapere CTA Fund, L.P.*
Wall Street Plaza
New York, New York 10005
By:     John J. Witmeyer III, Esq.
        Jon R. Grabowski, Esq.

BERGER & MONTAGUE, P.C.
*Counsel for the Futures Customers*
1622 Locust Street
Philadelphia, Pennsylvania 19103
By:     Merrill G. Davidoff, Esq.
        Daniel Walker, Esq.
        Molly Tack-Hooper, Esq.

-and-

GRANT & EISENHOFFER P.A.
*Counsel for the Futures Customers*
485 Lexington Avenue
New York, New York 10017
By:     Jay W. Eisenhofer, Esq.
        Linda P. Nussbaum, Esq.
        Daniel L. Berger, Esq.
        Shelly L. Friedland, Esq.
        Matthew P. Morris, Esq.

COLE, SCHOTZ, MEISEL FORMAN, & LEONARD, P.A.
*Counsel for the Lead Plaintiffs*
900 Third Avenue, 16th Floor
New York, New York 10022
By:     John H. Drucker, Esq.
        Laurence May, Esq.
        Jill B. Beinstock, Esq.

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

On February 21, 2012, Louis J. Freeh, as the chapter 11 trustee (the "Chapter 11 Trustee") in the MF Global Holdings Ltd. ("MFGH") bankruptcy cases filed on presentment the *Stipulation and Agreed Order Between the Chapter 11 Trustee and the Statutory Creditors' Committee of MF Global Holdings Ltd., et al., Regarding Creditor Access to Information Pursuant to 11 U.S.C. §§ 105(a), 1102(b)(3) and 1103(c)* (the "Stipulation"). (ECF Doc. # 460.) On February 27, 2012, certain futures customers (the "Futures Customers") of MF Global Inc. ("MFGI") filed an objection to the Stipulation (the "Futures Customers' Objection"). (ECF Doc. # 466.) Sapere Wealth Management LLC, Granite Asset Management and Sapere CTA Fund, L.P. (collectively, "Sapere") also filed an objection on February 27, 2012 (the "Sapere Objection"). (ECF Doc. # 471.) Additionally, the Virginia Retirement System ("VRS") and Her Majesty the Queen in Right of Alberta, Individually and on Behalf of All Others Similarly

2

Situated ("Alberta" and together with VRS, the "Lead Plaintiffs") filed a limited joinder with reservations of rights to the Motion (the "Joinder"). (ECF Doc. # 472.) The Lead Plaintiffs are the court-appointed lead plaintiffs in the securities class litigation pending in the U.S. District Court for the Southern District of New York currently proceeding under the lead caption *DeAngelis v. Corzine, et al.*, Case No. 11 Civ. 7866 (VM) (S.D.N.Y. filed Nov. 3, 2011).

On March 1, 2012, the Chapter 11 Trustee and the Statutory Creditors' Committee of MF Global Holdings Ltd. (the "Committee") filed a joint response to the objections (the "Response"). (ECF Doc. # 501.) The Chapter 11 Trustee and the Committee argue that the commodities customers who objected to the Stipulation are not entitled to the information that would be provided to constituents of the Committee because they do not "hold claims of the kind represented by the committee." (Resp. ¶ 2.) Moreover, the Chapter 11 Trustee and the Committee argue that the commodity customers cannot use section 1102 as a back-door mechanism to obtain discovery in the pending litigation, particularly when the commodity customers have a fiduciary, namely, the SIPA Trustee, who can and should be responsive to their inquiries. (*Id.*)

Because of the objections to the proposed Stipulation, the matter was set for hearing during the Omnibus Hearing on March 6, 2012. The relief provided in the Stipulation substantially conforms to the relief approved by Judge Drain in *In re Refco Inc.*, 336 B.R. 187, 190 (Bankr. S.D.N.Y. 2005), and thereafter applied by numerous judges (including me) in this district and elsewhere. For the reasons explained below, all of the objections are overruled and the Stipulation is approved for use in these cases. To be clear, however, the Stipulation does not resolve all issues of disclosure or discovery of information in this case. The Stipulation only sets

the basic ground rules for information-sharing between the Chapter 11 Trustee and the Committee, and by the Committee with the larger creditor body.

## DISCUSSION

The background of this case and the parallel SIPA proceeding has already been discussed in numerous opinions of this Court and will not be repeated here. The MFGI commodity customers suffered unprecedented losses when MF Global collapsed. Funds deposited in MFGI customer accounts that were supposed to be segregated and remain inviolate were used for improper purposes and so far have not been recovered. The SIPA Trustee has estimated that commodity customers face an approximate $1.2 – $1.6 billion shortfall. The secured and unsecured creditors of MFGI and MFGH are also facing very large losses, likely in the billions of dollars. Serious disputes remain between classes of creditors in the chapter 11 and SIPA cases about the relative priority of recoveries by different creditors from each of the estates. Not surprisingly, early skirmishes between the parties-in-interest in the multiple cases, adversary proceedings and contested matters are increasingly consuming scarce time of the Court and time and expense of the parties, as some contestants jockey for some perceived advantage. The present dispute is one such example.

In addition to the cases and adversary proceedings pending in the bankruptcy court, numerous cases have also been filed and are pending in federal district courts in New York and elsewhere. The Joint Panel on Multi-District Litigation will soon decide whether the district court cases should be consolidated before a single judge for pretrial purposes. Judge Victor Marrero in the U.S. District Court for the Southern District of New York is already presiding over all of the New York federal district court cases.

Numerous criminal and regulatory investigations are being conducted; the SIPA Trustee and the Chapter 11 Trustee likewise are conducting investigations. The SIPA and Chapter 11 Trustees have been cooperating with each other, and with the criminal and regulatory investigations. In order to allow those investigations to proceed unimpeded, this Court has not permitted private-party discovery at this time under Rule 2004 of the Federal Rules of Bankruptcy Procedure or the rules applicable to adversary proceedings or contested matters. The two trustees have filed publically accessible reports with the Court regarding their preliminary findings and the status of their investigations.

The Committee plays an important role in the Chapter 11 cases, and the Chapter 11 Debtors' information-sharing with the Committee is important to the Committee's effectiveness. Dissemination of information to the creditor body is likewise important; but creditor demands for information should not be permitted to compromise the Committee's important role in the cases and be used as a subterfuge to obtain discovery. The time will come when a protocol for organized, non-repetitive discovery will be developed, but not in response to piecemeal motions or objections such as the ones currently before the Court; orderly case management in these complex cases requires it.

**A. Relief Sought**

Through the Stipulation, the Committee seeks a means to comply with its obligations under section 1102(b)(3) of the Bankruptcy Code and protect the Debtors' confidential, privileged, or proprietary information. In the Stipulation, the Chapter 11 Trustee and the Committee agree that:

(1) The Committee will responds promptly to inquiries received from its constituents;

(2) The Committee will establish a website for its constituents to submit questions and comments to the Committee;

(3) The Committee will not be required to disseminate to any entity (i) without further order of the Court, confidential, proprietary, or other nonpublic information concerning the Debtors, the Chapter 11 Trustee, or the Committee ("Confidential Information")[1] or (ii) any other information if the effect of such disclosure would constitute a general or subject matter waiver of a privilege ("Privileged Information"). (Stip. ¶ 2.)

(4) Any information received by the Committee through a Rule 2004 examination shall not be governed by the terms of the Stipulation. (Stip. ¶ 3.)

(5) The Committee is not authorized or required, without order of the Court or written consent of the Chapter 11 Trustee, to provide access to any Confidential Information or Privileged Information of the Debtors or Chapter 11 Trustee to any creditor the Committee represents pursuant to section 1102(b)(3)(A) of the Bankruptcy Code. However, the Committee shall be permitted, but not required, to provide access to Privileged Information as long as the information is not Confidential Information and the privilege is held and controlled solely by the Committee. (Stip. ¶ 4.)

(6) The Chapter 11 Trustee shall assist the Committee in identifying any Confidential Information and may designate any information or other materials as Confidential Information for purposes of this Stipulation. (Stip. ¶ 5.)

(7) If a general unsecured creditor requests in writing (a "Requesting Creditor") that the Committee disclose or provide information, the Committee shall (not more than thirty days after receipt of the request) provide a response, including access to the information

---

[1] Paragraph 2 of the Stipulation provides a detailed explanation of what is and is not considered Confidential Information.

requests or the reasons why the Committee cannot comply.  As a condition to receiving Confidential Information, the Requesting Creditor must enter into a confidentiality agreement[2] reasonably acceptable to the Chapter 11 Trustee and the Committee.  If the Requesting Creditor is denied access to information, it may, after a good-faith effort to meet and confer (by telephone or in person, at the Committee's option), seek to compel disclosure of the information pursuant to a motion.  Nothing in the Stipulation precludes a Requesting Creditor's rights to ask for a log of the Privileged and Confidential Information or request that the Court conduct an *in camera* review of any information.  (Stip. ¶¶ 6-7.)

(8) The Committee shall follow certain procedures for demanding the release of Confidential Information from the Chapter 11 Trustee that would not constitute Privileged Information.  (Stip. ¶ 8.)

(9) The Committee is not required to provide access to information or solicit comments from a Requesting Creditor that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3).  (Stip. ¶ 8.)[3]

(10) Nothing in the Stipulation shall amend, limit, or otherwise affect the information rights provided to JPM in the final cash collateral order.  (Stip. ¶ 9.)

The Stipulation further provides certain exculpation rights and payments of fees and expenses in connection with the maintenance of the Committee's website.  (Stip. ¶¶ 10-11.)

---

[2]    In addition to entering into a confidentiality agreement, the Committee may also consider whether (a) the Requesting Creditor is willing to enter into trading restrictions and information-screening processes and (b) such agreement and any information-screening processes will reasonably protect the confidentiality of such information.

[3]    This provision is found in the second ¶ 8 found on page eight of the Stipulation.

7

B. **The Objections**

1. <u>Futures Customers' Objection</u>

The Futures Customers all had funds in commodities futures customer accounts at MFGI and have filed class actions against several defendants, including affiliates of JPMorgan Chase Bank, N.A.  The Futures Customers argue that any confidentiality interests the Chapter 11 Trustee holds must balance with the interests of all parties and cannot overly protect the Debtors' purported confidentiality interests.  Therefore, the Futures Customers request certain modifications of the Stipulation and specifically request that the Stipulation not prejudice their rights in the separate civil proceedings now pending before Judge Marrero.

First, the Futures Customers request that the Committee respond to information requests from customers within ten business days rather than thirty.  Next, the Futures Customers request that the Chapter 11 Trustee and the Committee should provide a log of all information designated Confidential or Privileged to customers requesting information within fourteen days of the request.  Third, the Futures Customers request that meet-and-confer sessions should be held telephonically at the customer's request.  Last, the Futures Customers request that draft confidentiality agreements be provided now for review by the Court and all interested parties.

2. <u>Sapere Objection</u>

Sapere claims that it and other commodities customers are interested persons and tort claimant creditors of MFGH.  According to Sapere the purpose and effect of the Stipulation is to allow representatives of creditors other than tort-claimant creditors (such as commodities customers) access to Confidential Information.  Therefore, Sapere joins in the Futures Customers' Objection.  To date, Sapere has not filed a claim in the Chapter 11 cases.

3. Lead Plaintiffs' Joinder

The Lead Plaintiffs join in the Sapere Objection and the Futures Customers' Objection to the extent that any relief sought would affect in any way the rights of Lead Plaintiffs and the class in the actions before Judge Marrero to obtain information to which they are otherwise entitled under applicable law, or to the extent that the Stipulation may otherwise affect the rights or interests of Lead Plaintiffs or the class in connection with actions before Judge Marrero. To that end, the Lead Plaintiffs request that any order entered by this Court should specifically provide that nothing in such order shall limit in any way the rights of Lead Plaintiffs to seek or obtain any discovery to which they are otherwise entitled under applicable law in connection with the class action litigations before Judge Marrero.

C. **Applicable Legal Standards**

1. Section 1102(b)(3)(A)

Under section 1102(b)(3)(A), an unsecured creditors committee shall "provide access to information for creditors who—(i) hold claims of the kind represented by that committee; and (ii) are not appointed to the committee." 11 U.S.C. § 1102(b)(3)(A). Because section 1102(b)(3)(A) and its legislative history is silent about the treatment of confidential information, it leaves open the issue whether the Committee could be required, as part of its information sharing obligations, to share the Debtors' Confidential Information among its entire constituency of general unsecured creditors. *See In re Refco Inc.*, 336 B.R. at 190.

"An official committee of creditors plays a pivotal role in the bankruptcy process. The function of an official creditors committee is to aid, assist and monitor the debtor to ensure that the unsecured creditors' views are heard and their interests promoted and protected." *Pan Am Corp. v. Delta Air Lines, Inc.*, 175 B.R. 438, 514 (S.D.N.Y. 1994). In order to fulfill that role,

9

committee members owe a fiduciary duty to their constituents—and, in the case of an official committee of unsecured creditors, its duty extends to all of the debtor's unsecured creditors. *In re Refco*, 336 B.R. at 195 (citing cases).

In *In re Refco*, the court clarified the information sharing requirements of the committee by analogizing section 1102(b)(3) to section 704(a)(7), which applies under sections 1106(a)(1) and 1107(a) to chapter 11 trustees and debtors-in-possession. *Id*. at 192-94. Section 704(a)(7) states that "unless the court orders otherwise, [a trustee] shall furnish such information concerning the estate and the estate's administration as is required by a party in interest." 11 U.S.C. § 704(a)(7). The court, noting immaterial facial differences between sections 704(a)(7) and 1102(b)(3), stated that case law interpreting the scope of section 704(a)(7) stands for three propositions, which "may be applied by analogy to section 1102(b)(3)." *In re Refco*, 336 B.R. at 193. They are: (1) a trustee's information sharing duties are broad, reflecting the Bankruptcy Code's policy of keeping parties-in-interest informed; (2) the duty to provide information is not unlimited and the trustee may seek a protective order against the disclosure of information that either would result in a waiver of the attorney-client privilege or information that is proprietary and confidential; and (3) a trustee's right to a protective order is "informed by the trustee's fiduciary duties, because the requirement to disclose information . . . derives from a trustee's fiduciary duties to creditors and the estate." *Id*. at 192-94. The court ultimately concluded that the committee would not need to provide access to information that (i) was confidential and nonpublic or proprietary, (ii) could reasonably be determined to result in a general waiver of the attorney-client privilege or other applicable privilege or (iii) could reasonably be determined to violate an agreement, order or law, if disclosed. *Id*. at 198.

The relief requested in the Stipulation has become commonplace in chapter 11 cases. Indeed, such relief has been granted in other large chapter 11 cases, like *In re Tronox Inc.*, No. 09-10156 (Bankr. S.D.N.Y Feb. 27, 2009) (ECF Doc. # 208); *In re Frontier Airlines Holdings, Inc.*, No. 08-11298 (Bankr. S.D.N.Y June 3, 2008) (ECF Doc. # 315); and *In re Dana Corp.*, No. 06-10354 (Bankr. S.D.N.Y. March 29, 2006) (ECF Doc. # 737). This Court has granted similar relief in *In re Mesa Air Grp.*, No. 10-10018 (Bankr. S.D.N.Y. Feb. 25, 2010) (ECF Doc # 365) and *In re Metaldyne Corp.*, No. 09-13412 (Bankr. S.D.N.Y. July 20, 2009) (ECF Doc. # 459).

2. Application of the Standards in These Cases

The Committee seeks an order confirming that it is not required to provide general access or otherwise disclose (a) Confidential Information of the Debtor or (b) information subject to any privilege. According to the Stipulation, Confidential Information is defined very broadly as:

> confidential, proprietary, or other non-public information concerning the Debtors, the Chapter 11 Trustee, or the Committee, including (without limitation) with respect to the acts, conduct, assets, liabilities and financial condition of the Debtors, the operation and wind-down of the Debtors' business, or any other matter relevant to these cases or to the formulation of a chapter 11 plan (including any and all confidential, proprietary, or other non-public materials of the Committee) whether provided (voluntarily or involuntarily, intentionally or unintentionally) by or on behalf of the Debtors, the Chapter 11 Trustee or by any third party or prepared by or for the Committee . . . . Confidential Information shall also include any analyses, compilations, abstracts, studies, summaries or other documents, reports or records prepared by the Debtors, the Chapter 11 Trustee or the Committee, which contain, reflect or, otherwise are generated from any information deemed to be Confidential Information. Confidential Information shall not include any non-public information of the Debtors that may have been provided to any member of Committee prior to the Petition Date, provided, however, that any such information shall be subject to any confidentiality or other similar agreement entered into between the Debtors and the applicable Committee member. Confidential Information shall also not include any information or portions of information that are or become generally available to the public, or are or become available to any member of the

11

> Committee on a non-confidential basis, but in any such case, only to the extent such information became available to the applicable parties' knowledge without violation of a contractual, legal, or fiduciary obligation to the Debtors or any of their respective affiliates or representatives of which such parties aware. Confidential Information also shall not include information that was, to the applicable parties' knowledge, in the possession of, obtained by, or available to the Committee on a non-confidential basis from a source which is not bound by a confidentiality agreement with the Debtors, the Chapter 11 Trustee or any other contractual, fiduciary or other legal obligation of confidentiality to the Debtors.

(Stip. ¶ 2.)

The broad definition of the Confidential Information tracks the language of the order approved by Judge Drain in *In re Refco* with some immaterial deviations. *See In re Refco*, 336 B.R. at 200. The scope of the term is properly limited to nonpublic information and covers information that is both provided by or on behalf of the Debtors or the Chapter 11 Trustee to the Committee. *See id.*; *see also In re Mesa Air Grp.*, No. 10-10018 (Bankr. S.D.N.Y. Feb. 25, 2010) (ECF Doc. # 365 at 3). Based on the holding of *In re Refco*, the Committee should not be required to provide access or otherwise disclose Privileged Information. 336 B.R. at 198.

By approving the Stipulation, the Committee's constituency will not be materially deprived of information. The Stipulation limits disclosure only of Confidential Information and Privileged Information. Therefore, the Court concludes that the Stipulation complies with section 1102(b)(3)(A).

At this stage of these cases, the objectors have not shown that they "hold claims of the kind represented" by the Committee. 11 U.S.C. § 1102(b)(3)(A)(i). Moreover, in the event that a commodities customer could show that it is entitled to information from the Committee, such customer could bring a motion under section 1102(b)(3)(C). Furthermore, the time frames and

procedures for responses to creditors' requests for information from the Committee included in the Stipulation are reasonable under the circumstances.

## CONCLUSION

Nothing in this Opinion is intended to limit or control discovery that may be authorized by the bankruptcy court or the district courts in other pending proceedings or contested matters.[4] But, for the reasons explained above, the Stipulation properly sets the ground rules for sharing and disclosure of information by the Debtors with the Committee and by the Committee with the creditor body.

A separate Order will be entered approving the Stipulation.

Dated: March 6, 2012
New York, New York.

                                              **/s/Martin Glenn**
MARTIN GLENN
United States Bankruptcy Judge

---

[4] The automatic stay prevents discovery against any of the Debtors unless permitted by this Court.