**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**NOT FOR PUBLICATION**

In re

**MF GLOBAL HOLDINGS LTD.,** *et al.,*

Debtors.

Case No. 11-15059 (MG)
(Jointly Administered)

In re

**MF GLOBAL INC.,**

Debtor.

Case No. 11-2790 (MG) SIPA

## MEMORANDUM OPINION CONCERNING DISCLOSURE STIPULATION AND PROTECTIVE ORDER

*A P P E A R A N C E S:*

HUGHES HUBBARD & REED LLP
*Attorneys for the SIPA Trustee*
One Battery Park Plaza
New York, New York 10004
By:    James J. Kobak, Jr., Esq.
        Ethan Litwin, Esq.

FREEH SPORKIN & SULLIVAN, LLP
*Special Investigative Counsel for the Chapter 11 Trustee Louis J. Freeh, Esq.*
1185 Avenue of the Americas
30th Floor
New York, New York 10036
By:    Thomas McC. Souther, Esq.

MORRISON & FOERSTER LLP
*Counsel for Chapter 11 Trustee Louis J. Freeh, Esq.*
1290 Avenue of the Americas
New York, New York 10104
By:    Brett H. Miller, Esq.
        Lorenzo Marinuzzi, Esq.
        Melissa Hager, Esq.

FORD MARRIN ESPOSITO WITMEYER & GLESER, L.L.P.
*Attorneys for Sapere Wealth Management, Granite Asset Management, and Capere CTA Fund, L.P.*
Wall Street Plaza
23rd Floor
New York, New York 10005
By:    John J. Witmeyer III, Esq.
        Jon R. Grabowski, Esq.
        Stephen R. Chuk, Esq.

DEWEY & LEBOEUF LLP
*Counsel for the Statutory Creditors' Committee of MF Global Holdings Ltd., et al.*
1301 Avenue of the Americas
New York, New York 10019
By:    Martin J. Bienenstock, Esq.


**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is the *Dual Notice of Presentment of Disclosure Stipulation Agreement and Proposed Protective Order* (the "Protective Order") (ECF Doc. # 443) between Louis J. Freeh, the Chapter 11 Trustee (the "Chapter 11 Trustee") for MF Global Holdings Ltd, et al. ("MFGH") and James W. Giddens, Trustee (the "SIPA Trustee" and together with the Chapter 11 Trustee, the "Trustees") for the SIPA Liquidation of MF Global Inc. ("MFGI").  The Trustees seek Court approval of the Protective Order that provides a limited waiver by the Chapter 11 Trustee of certain privileges and protections with respect to documents, communications, and information relating to the business operations of MFGI, the Debtors (as defined in the Protective Order) and their direct and indirect subsidiaries, including but not limited to documents relating to or concerning segregated funds of MFGI, during the period between October 17, 2011, and October 31, 2011.

2

Sapere Wealth Management, Granite Asset Management, and Sapere CTA Fund, L.P. ("Sapere") object to the Protective Order as it is currently proposed (the "Objection"). (ECF Doc. # 457.) The Trustees have both responded to the Objection. (ECF Doc. ## 486, 488.) Through the Objection, Sapere requests that the Court require the inclusion of certain language or, in the alternative, refuse to approve the Protective Order as it is currently drafted. Sapere's Objection is without merit, and its proposed changes are unwarranted. Indeed, Sapere cites no law in support of its position and instead relies on a misguided understanding of the effect that this Protective Order would have, as well as general allegations that the Protective Order would constitute an impermissible advisory opinion. Accordingly, Sapere's objection is overruled and the Protective Order will be approved.

## BACKGROUND

A.  <u>The Protective Order</u>

The Protective Order between the Trustees provides for a waiver of certain privileges and protections concerning information relating to MFGI from October 17, 2011, through October 31, 2011 (the "Relevant Period"). Specifically, the Chapter 11 Trustee agrees to allow the SIPA Trustee to review:

> [A]ll documents, communications or information that either are in the possession, custody or control of the SIPA Trustee or are in the possession, custody or control of the Chapter 11 Trustee that are subject to claims of attorney-client privilege, shared privilege or work product protection, concerning the business operations of MFGI, the Debtors and their direct and indirect subsidiaries, including but not limited to documents relating to or concerning segregated funds of MFGI (collectively, the "Subject Matters").

Protective Order at 3. Additionally, the Protective Order provides that, given the investigations of MFGI's and the Debtors' business operations that are being conducted by various state and federal

3

government agencies, all documents, communications, and information relating to the Subject Matters will be made available to the Government Authorities.[1]  Protective Order at 4.

Additionally, the Protective Order provides that the agreed-upon waiver between the Trustees does not constitute a broader waiver under Federal Rule of Evidence ("FRE") 502(a)(3), and that the Protective Order will not affect 'any claim or waiver of attorney-client or shared privilege and/or work product protections held by persons or parties other than the Chapter 11 Trustee.  Protective Order at 5.

B.  Sapere's Objection

Through its Objection, Sapere requests that the Court either refuse to approve the Protective Order or require the Trustees to include additional language to address what it believes to be fundamental deficiencies in the Protective Order.  However, Sapere's Objection cites no law in support of its position, and Sapere's issues arise out of what can only be explained by a fundamental inability to understand the basic nature and effect of stipulated waivers.

Sapere first takes issue with the Trustees' attempt to limit the Chapter 11 Trustee's waiver to documents, communications, and information relating to the Subject Matters during the Relevant Period, and not further, arguing that the approval of that provision of the Protective Order "would . . . be a judicial determination that a privilege continues in yet-undisclosed documents, communications or information despite [FRE] 502(a)(3)."  Obj. at 2.  Second, Sapere argues that the Protective Order is too narrow in defining the Relevant Period, and that it should define that period, at a minimum, as the period from the beginning of Jon Corzine's tenure at MFGI through October 31, 2011.  Obj. at 3-4.  Third, Sapere requests that language be added to the paragraph of the Protective Order that reserves the rights of persons other than the Chapter 11 Trustee.

---

[1] The Protective Order defines the Governmental Authorities as the Commodity Futures Trading Commission, the Securities and Exchange Commission, the United States Attorneys' offices for the Southern District of New York and the Northern District of Illinois and the Congress of the United States.  Protective Order at 4.

And last, Sapere believes that the Court should refuse to approve the Protective Order because of fundamental problems relating to the first decretal paragraph of the Protective Order.  Sapere argues that the Trustees are attempting to obtain a "non-waiver 'protective' order" from the Court to allow the Trustees to share material, "as to which the Court will not be asked to adjudicate the issue of privilege." Obj. at 8.  Sapere further asserts that the Trustees are attempting to use FRE 502 to "allow the transfer of information between [the Trustees] . . . immune from the law of waiver."  *Id.*

C.  The Trustees' Responses

The Trustees have both responded to the Sapere Objection.  According to the SIPA Trustee, the Protective Order will "facilitate the parallel investigations currently conducted by governmental authorities" and provide those authorities with efficient access to documents, "reducing costs to both estates."  (ECF Doc. # 488; SIPA Trustee's Resp. at 2.)

The Chapter 11 Trustee, in a similar vein, requests that the Court approve the Protective Order and overrule the Sapere Objection.  (ECF Doc. # 486.)  In an effort to correct Sapere's misunderstandings regarding the Protective Order, the Chapter 11 Trustee reiterates that it "intends to waive the . . . privileges and/or . . . protection concerning the Subject Matters during the Relevant Period."  Ch. 11 Trustee's Resp. ¶ 3.  Further, the Chapter 11 Trustee reiterates that the purpose of the Protective Order is simply to "protect the Debtors against any claim that the stipulated waiver implicitly effectuates a broader waiver outside the Subject Matters and beyond the Relevant Period."  *Id.*  The Chapter 11 Trustee correctly notes that such "cabined waivers" have been allowed in this District.  *See, e.g. SEC v. Bank of America Corp.*, 09-CV-6829 (JSR), 2009 WL 3297493 (S.D.N.Y. Oct. 14, 2009).

**DISCUSSION**

In *SEC v. Bank of America Corp.*, Judge Rakoff approved a protective order that "allow[ed] the Bank of America to waive attorney-client privilege and work-product protection regarding certain

categories of information material to [the] case (and seemingly also relevant to certain ongoing state and federal inquiries) without thereby waiving such privilege and protection regarding other information that may be of interest in related private lawsuits." 2009 WL 3297493, at *1. In approving that protective order—which is strikingly similar to the Protective Order in this case—Judge Rakoff expressly found that it comported with FRE 502. Further, Judge Rakoff noted the protective order:

> [S]imply protect[s] Bank of America against any claim that the stipulated waiver here attached implicitly effectuates a broader waiver; but the Protective Order in no way precludes any party in this or any other case from challenging on any other ground Bank of America's assertion of attorney-client privilege or work-product protection regarding any information.

*Id.* The language of the protective order approved by Judge Rakoff in *SEC v. Bank of America Corp.* is almost exactly the same as the language in the Protective Order proposed by the Trustees, and the effect of the Protective Order in this case would be exactly the same.

Sapere's contention that the Court's approval of the Protective Order would constitute a judicial determination that any privileges would continue in other documents entirely misses the mark. As Judge Rakoff made abundantly clear in *SEC v. Bank of America*, the Protective Order provides a waiver—to the extent that any privilege exists—of privileges and protections relating to all documents, information, and communications related to the Subject Matters during the Relevant Period, and not further. Rather than a determination that privilege exists as to items outside the Subject Matters and Relevant Period, the Protective Order only provides that, to the extent a privilege and/or protection exists as to those items, the Protective Order does not effect a waiver of that privilege and/or protection.

Second, Sapere's objection to the Trustees' narrow definition of the Relevant Period lacks any legal support. The Court has been asked to approve a Protective Order granting a limited waiver of certain privileges and protections covering a specific time period mutually agreed upon by the Trustees.

6

The Trustees agreed upon the terms governing the waivers at issue; Sapere requests that the waiver cover a longer time period, but provides no legal basis to reject the negotiated agreement of the Trustees.

Third, Sapere's suggested additional language would not alter the legal effect of the Protective Order. In fact, the proposed language appears redundant in light of the second decretal paragraph, which provides for a reservation of rights as to parties other than the Chapter 11 Trustee.

Last, Sapere's argument that the Protective Order generally cuts against the intended purpose and nature of FRE 502 is entirely without merit. In support of its position, Sapere is unable to cite any relevant law, and offers arguments that are based on a misunderstanding of the nature of the Protective Order. Specifically, Sapere contends that the Protective Order is designed to perform an end run around FRE 502, and to allow the Trustees to transfer and use the information relating to the Subject Matters during the Relevant Period "immune from the law of waiver." Obj. at 8. This is, in fact, not the case. The Trustees are proposing a Protective Order that would waive privilege as to certain documents, communications, and information, all of which is consistent both with FRE 502 and case law from this district.

## CONCLUSION

For the reasons explained above, Sapere's objection is overruled and the Protective Order will be approved.


Date:  New York, New York
       March 7, 2012


                                   _____/s/Martin Glenn_____
                                        MARTIN GLENN
                                   United States Bankruptcy Judge