| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |
| In re:<br><br>    MF GLOBAL HOLDINGS LTD., *et al.,*<br><br>                                       Debtors. | Case No. 11-15059 (MG) |

## MEMORANDUM OPINION AND ORDER DENYING REQUEST FOR CERTIFICATION OF APPEAL

*A P P E A R A N C E S:*

FORD MARRIN ESPOSITO WITMEYER & GLESER, L.L.P.
*Counsel for Sapere Wealth Management LLC,*
*Granite Asset Management and Sapere CTA Fund, L.P.*
Wall Street Plaza
New York, New York 10005
By:    John J. Witmeyer III, Esq.
          Jon R. Grabowski, Esq.
          Stephen R. Chuk, Esq.

- and -

HOWARD, STALLINGS, FROM & HUTSON, P.A.
*Counsel for Sapere Wealth Management, LLC,*
*Granite Asset Management and Sapere CTA Fund, LP*
5410 Trinity Road, Suite 210
P.O. Box 12347
Raleigh, North Carolina  27605
By:    Joseph H. Stallings, Esq.


MORRISON & FOERSTER LLP
*Counsel for Louis J. Freeh, Chapter 11 Trustee*
1290 Avenue of the Americas
New York, New York 10104
By:    Brett H. Miller, Esq.
          Lorenzo Marinuzzi, Esq.
          Melissa A. Hager, Esq.
          John A. Pintarelli, Esq.

1

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

Pursuant to 28 U.S.C. § 158(d)(2)(A) and FED. R. BANKR. P. 8001(f), Sapere Wealth Management LLC, Granite Asset Management and Sapere CTA Fund, L.P. (collectively, "Sapere") has requested certification of a direct appeal of this Court's Memorandum Opinion Denying Motion to Direct the Debtors' Estates to be Administered Pursuant to 11 U.S.C. §§ 761-767 and 17 C.F.R. § 190, dated February 1, 2012 (ECF Doc. # 400) (hereinafter, the "February 1 Opinion"), to the U.S. Court of Appeals for the Second Circuit. (ECF Doc. # 603.) The Court's February 1 Opinion is reported at *In re MF Global Holdings Ltd.*, 465 B.R. 736 (Bankr. S.D.N.Y. 2012). Sapere filed its Notice of Appeal from the February 1 Opinion on February 15, 2012. (ECF Doc. # 461.) On April 13, 2012, Louis J. Freeh, the Chapter 11 Trustee of MF Global Holdings Ltd. ("MFGH"), filed an objection to the request for certification of appeal (the "Chapter 11 Trustee Objection"). (ECF Doc. # 632.) For the reasons explained below, the request for certification is denied.

First, for the reasons explained in the Chapter 11 Trustee Objection, Sapere's appeal does not involve any question of law for which certification is appropriate. The February 1 Opinion denied Sapere's motion to administer these chapter 11 cases pursuant to sections 761-767 of the Bankruptcy Code. These provisions are expressly applicable only in chapter 7 cases. Sapere relied on section 105 of the Bankruptcy Code as the basis for applying sections 761-767 to these chapter 11 cases. Clear circuit precedent limits the bankruptcy court's exercise of its equitable powers under section 105. *See In re Dairy Mart Convenience Stores, Inc.*, 351 F.3d 86, 92 (2d Cir. 2003) ("Section 105(a) limits the bankruptcy court's equitable powers, 'which must and can only be exercised within the confines of the Bankruptcy Code.'") (internal citations omitted). Section 105 does not "authorize the bankruptcy courts to create substantive rights that are

2

otherwise unavailable under applicable law, or constitute a roving commission to do equity." *Id.* (citing *United States v. Sutton*, 786 F.2d 1305, 1308 (5th Cir. 1986)).

Second, Sapere argues that it may appeal the February 1 Opinion because there is no controlling circuit precedent specifically regarding application of sections 761-767 to chapter 11 cases. While that is certainly true, the upshot of this argument is that any time there is no specific circuit precedent on an issue, the party is entitled to certification of the appeal directly to the circuit court; a party could simply define an issue so narrowly as to guarantee its ability to appeal the adverse decision. But nothing in 28 U.S.C. § 158(d)(2)(A), or in the cases interpreting that section, supports Sapere's argument that the February 1 Opinion was not based on controlling circuit precedent. The decision denying Sapere's motion was based on the plain language of Bankruptcy Code and settled case law in this circuit limiting authority of courts to create new substantive rights under the Code based on general equitable principles.

Third, it is doubtful that the circuit court would even have appellate jurisdiction to review the February 1 Opinion at this stage of the proceedings, even with a certification by this Court or by the district court, because the order appealed from is not a final order. A circuit court only has appellate jurisdiction to hear appeals "from final judgments, orders, and decrees" of a bankruptcy court. *See* 28 U.S.C. § 158(d)(1) ("The courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders and decrees entered under subsections (a) and (b) of this section."); 28 U.S.C. § 158(d)(2)(A) ("The appropriate court of appeals shall have jurisdiction of appeals described in the first sentence of subsection (a) if the bankruptcy court, the district court, . . . acting on its own motion or on the request of a party to the judgment, order, or just or decree described in such first sentence, . . . certify . . . .") The reference to the first sentence of subsection (a) is to appeals "from final judgments, orders, and decrees." 28 U.S.C.

3

§ 158(a)(1). *See also Quigley Co., Inc. v. Angelos (In re Quigley Co., Inc.)*, No. 11-2635 (2d Cir. April 10, 2012), slip op. at 11 ("[W]e may exercise jurisdiction over this appeal only if the order of the bankruptcy court was final.").

The Second Circuit's recent *Quigley* decision addressed the issue of finality of bankruptcy court orders. The court stated:

> "The standards for determining finality in bankruptcy differ from those applicable to ordinary civil litigation." *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1283 (2d Cir. 1990). This difference is due to the "fact that a bankruptcy proceeding is umbrella litigation often covering numerous actions that are related only by the debtor's status as a litigant and that often involve decisions that will be unreviewable if appellate jurisdiction exists only at the conclusion of the bankruptcy proceeding." *Id.* Accordingly, we regard as final "orders that finally dispose of discrete disputes within the larger case." *Id.* (emphasis omitted) (internal quotation marks omitted).

*Quigley*, slip op. at 11; *see also O'Toole v. McTaggart (In re Trinsum Grp., Inc.)*, No. 11-01284, 2012 WL 1194100, at *4 n.7 (Bankr. S.D.N.Y. April 9, 2012) (explaining the rule of "flexible finality" applied in bankruptcy cases).

While the conclusive determination as to the validity or priority of a claim is treated as a final order, an order that leaves those issues for later determination is not final. *See Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co.*, 547 U.S. 651, 657 & n.3 (2006); *In re Saco Local Dev. Corp.*, 711 F.2d 441, 444 (1st Cir. 1983) (Breyer, J.) ("Congress has long provided that orders in bankruptcy cases may be immediately appealed if they finally dispose of *discrete disputes within the larger case*—and in particular, it has long provided that orders finally settling creditors' claims are separately appealable.") (emphasis in original).; 16 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE §

3926.2, at 272-73 (2d ed. 1996) ("Finality thus exists as to an order that conclusively determines a separable dispute over a creditor's claim or priority.").[1]

The February 1 Opinion is not a final order. Sapere's asked that the chapter 11 cases be administered under sections 761-767 of the Bankruptcy Code; in effect, Sapere was seeking a determination from the bankruptcy court at an early stage of the chapter 11 cases that commodities customers of MF Global Inc. ("MFGI"), the wholly-owned subsidiary of MFGH, would receive a priority in any distributions from the chapter 11 estate over other creditors of the chapter 11 debtors. The Court made clear in the February 1 Opinion that the ruling did not determine the rules applicable to creditor distributions:

> It is important to emphasize that the denial of Sapere's Motion to administer these cases pursuant to sections 761-767 of the Bankruptcy Code does not determine the rules that apply to distributions from the Chapter 11 Debtors' estates to MFGI customers. Notably, the CFTC has argued that, pursuant to 17 C.F.R. § 190.08(a)(1)(ii)(G), "property that should have been segregated, but was not, or as to which segregation was not maintained, remains customer property subject to priority distribution." (ECF Doc. # 724 ¶ 2(c).) These issues may have to be resolved by the Court, but not in the guise of Sapere's Motion.

465 B.R. at 744. Thus, while Sapere's motion was denied, the February 1 Opinion expressly left open the rules applicable to distributions from the chapter 11 debtors' estates.[2]

Because the February 1 Opinion is not a final order, Sapere may not appeal as of right even to the district court. *See Trinsum*, 2012 WL 1194100, at *5. Under 28 U.S.C. § 158(a)(1),

---

[1] Relevant examples of final orders include orders converting a case from chapter 11 to chapter 7, *see In re Rosson*, 545 F.3d 764, 769-70 (9th Cir. 2008); disallowing a claim, *see In re Ames Dept. Stores, Inc.*, 582 F.3d 22, 426-27; or orders granting or denying subordination of a claim. *See In re Geneva Steel Co.*, 281 F.3d 1173, 1175 (10th Cir. 2002) (granting); *In re Poole, McGonigle & Dick, Inc.*, 796 F.2d 318, 321 (9th Cir. 1986) (denying).

[2] Sapere's motion also asked, in the alternative, for permission to take discovery pursuant to FED. R. BANKR. P. 2004. The February 1 Opinion denied the request for alternative relief, because "[p]ermitting private-party discovery *at this time* . . . is unnecessary and would hinder the ongoing investigations." 465 B.R. at 743 (emphasis added). The Court added, however, that "[t]here may well be a time when private-party discovery is appropriate, but now is clearly not that time." *Id.* This ruling was clearly not a final order.

the district courts have jurisdiction to hear appeals "from final judgments, orders, and decrees . . . ." Because the February 1 Opinion resulted only in an interlocutory order, an appeal to the district court may be maintained only under 28 U.S.C. § 158(a)(3)—"with leave of the [district] court, from other interlocutory orders and decrees . . . ." FED. R. BANKR. P. 8001(b) establishes the procedure for appeals from interlocutory orders, and requires, in addition to a notice of appeal, a motion for leave to appeal in accordance with FED. R. BANKR. P. 8003. Here, Sapere timely filed a notice of appeal, but it has not filed a motion for leave to appeal. Rule 8003(c) provides a safety net for appellees in such circumstances: "If a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court . . . may grant leave to appeal or direct that a motion for leave to appeal be filed." FED. R. BANKR. P. 8003(c). Of course, it is for the district court to determine how to proceed and whether the standards for discretionary review of an interlocutory order have been satisfied.

For the reasons explained above, Sapere's request for certification of appeal to the U.S. Court of Appeals for the Second Circuit is **DENIED**.

Dated:  April 25, 2012
        New York, New York.

                                               /s/Martin Glenn
                                            MARTIN GLENN
                                       United States Bankruptcy Judge