| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**SOUTHERN DISTRICT OF NEW YORK** | NOT FOR PUBLICATION |

In re:

MF GLOBAL HOLDINGS LTD., *et al.*,

Debtors.

Case No. 11-15059 (MG)
(Jointly Administered)

MF GLOBAL HOLDINGS LTD.,

Debtor.

Case No. 11-02790 (MG)
(SIPA)

**MEMORANDUM OPINION AND ORDER SUSTAINING THE OBJECTIONS OF THE CHAPTER 11 TRUSTEE AND THE SIPA TRUSTEE TO THE CLAIMS OF MICHELLE Y. COE**

Pending before the Court is the *Chapter 11 Trustee's Objection to the General Unsecured Claim Filed by Michelle Y. Coe (Claim No. 229)* (the "Chapter 11 Objection" or "Objection") (Case No. 11-15059, ECF Doc. # 865) and the *SIPA Trustee's Objection to the General Unsecured Claim Filed by Michelle Y. Coe (Claim No. 5118)* (the "SIPA Objection") (Case No. 11-2790, ECF Doc. # 3598).

Louis J. Freeh, the chapter 11 trustee ("Chapter 11 Trustee") of MF Global Holdings Ltd., MF Global Finance USA Inc., MF Global Capital LLC, MF Global FX Clear LLC, MF Global Market Services LLC, and MF Global Holdings USA Inc. ("Holdings USA") (together, the "Debtors"), seeks an order (i) disapproving and expunging the general unsecured claim # 229 filed by Michelle Y. Coe ("**Coe**") (the "Chapter 11 Claim"), and (ii) preventing Coe from filing additional claims against the other Debtors.

James W. Giddens (the "SIPA Trustee"), as Trustee for the liquidation of the business of MF Global Inc. ("MFGI") under the Securities Investor Protection Act of 1970, as amended ("**SIPA**"), 15

1

U.S.C. §§ 78aaa et seq., seeks a similar order disapproving and expunging the general creditor claim number 5118 filed by Coe (the "SIPA Claim")..

For the reasons discussed below, the Court sustains the objections of the Chapter 11 Trustee and the SIPA Trustee and expunges Chapter 11 Claim # 229 and SIPA Claim # 5118. To the extent the Trustees seek an order barring Coe from filing any additional claims, the objections are overruled; however, Coe is warned that any future frivolous filings will result in the imposition of sanctions. [1]

## I.    BACKGROUND

### A.  The Chapter 11 Claim

On July 5, 2012, Coe filed a purported $25 million claim against Holdings USA purportedly based on "Intellectual Property Trade Secret."  *See* Chapter 11 Objection ¶ 10.  The Claim does not arise from any direct relationship between Coe and any of the Debtors, but instead from Man Financial's purchase of certain assets from Refco Inc., *et al* ("Refco") entities (the "Refco Sellers") in 2005 during Refco's bankruptcy case.  *See* Chapter 11 Objection ¶ 11.  MFGI is a successor to Man Financial and Holdings USA is MFGI's parent company.  *See* Chapter 11 Objection ¶ 11 n.4.

Coe had asserted claims for "Intellectual Property Trade Secret" and "breach of contract and fiduciary responsibility" against Refco in the Refco bankruptcy.  Coe's claims were disallowed and expunged in those cases.  *See* Chapter 11 Objection ¶ 13; *Coe v. RJM, LLC*, 372 Fed. Appx. 188, 189 (2d Cir. 2010).  Claim 10835 was disallowed and expunged as duplicative of claim 12512 on December 6, 2006, and then claim 12512 was disallowed and expunged on April 12, 2007, as inconsistent with the debtors' books and records.  *See id.*  The *Refco* court also expunged an administrative expense claim filed by Coe as inconsistent with the reorganized debtors' books and records.  *See id.*  On July 31, 2007,

---

[1]  In addition, on October 5, 2012, Coe filed a purported *Motion to Schedule General Creditor Claim and Exclusion from Class Action Suit and Any Omnibus Objections* (11-15059, ECF Doc. # 850).  Because the Court has ruled on the objections to Coe's claims based on the papers without a hearing, the Motion to Schedule is DENIED as moot.

2

the *Refco* court also denied a motion filed by Coe seeking reconsideration of the denial of her claims (the "Lift Stay Decision"), and on August 10, 2007, it rejected a motion filed by Coe to reconsider the Lift Stay Decision (the "Coe Bankruptcy Decision"). *See* Chapter 11 Objection ¶ 14. The District Court and the Second Circuit denied Coe's appeals of the Coe Bankruptcy Decision and reaffirmed the Bankruptcy Court's decision. *See* Chapter 11 Objection ¶ 14.

The bankruptcy court in *Refco* bankruptcy authorized the sale of certain assets to Man Financial "free and clear" of all interests except Assumed Liabilities.[2] *See Order Authorizing Chapter 7 Trustee to Assume and Perform Acquisition Agreement, Sell the Regulated Futures Commission Merchant Business, and Assume and Assign Certain Related Executory Contracts, In re Refco*, No. 05-60134 (Bankr. S.D.N.Y. Nov. 25, 2005) (ECF Doc. # 10) (the "Refco Sale Order,"). *See* Chapter 11 Objection ¶ 12; Exhibit C at 15. The Refco Sale Order also specified that Man Financial would not be a successor to the Refco Sellers and that the transfer of assets pursuant to the asset purchase agreement would not result in "the Buyer [Man Financial] having any liability or responsibility for any claim" against Refco. *See* Chapter 11 Objection ¶ 12; Exhibit C at 17. Notwithstanding the Refco Sale Order, Coe's Claim against Holdings USA appears to be based on Refco's conduct which had served as the basis for the claims against Refco that were disallowed and expunged in the Refco Bankruptcy.

The Chapter 11 Trustee alleges in his objection that its professionals have reviewed Coe's Claim and communicated with her about it, and their investigation revealed no evidence that Coe had any basis for a viable claim against the Debtors. She had no relationship with any of the Debtors, and the Claim is virtually identical to the claims Coe asserted against Refco that were disallowed and expunged. *See* Chapter 11 Objection ¶ 10. The Chapter 11 Trustee argues that there is nothing in the Refco Sale Order

---

[2] Assumed Liabilities are defined in the Refco Sale Order as any liabilities accruing after the closing on assumed contracts and IP licenses that were effectively assigned to the buyer at closing, various employee obligations, and customer account liabilities. *See* Exhibit C to the Chapter 11 Objection at 15-16. Assumed Liabilities explicitly do not include any liabilities related to the ". . . conduct of the Business by the Sellers, prior to the Closing" or a "breach or default" by any Refco Seller on an assumed contract or license that arose "prior to the applicable closing date." *Id*.

3

that would allow Coe to assert that liability on a claim against Refco founded on "Intellectual Property Trade Secret" or "breach of contract and fiduciary responsibility" was transferred to Man Financial, and then MFGI as successor or Holdings USA as parent of MFGI.  *See* Chapter 11 Objection ¶ 12.  The Trustee argues that Coe is prohibited from asserting the Claim against the Debtors because (1) Coe has failed to provide a sufficient legal or factual basis to support her Claim as required by law, and (2) Coe is collaterally estopped from asserting her previous expunged claims against the Debtors.

### B.  The SIPA Claim

Coe filed a purported $10 million claim against MFGI that she asserts is based on "Trade Secret," and later provided additional documents that assert the alleged claim is based on "breach of contract and fiduciary responsibility."  *See* SIPA Objection ¶ 6.  Again, the Claim arises not from any direct relationship between Coe and MFGI, but instead from Man Financial's purchase of certain assets from Refco in 2005 during Refco's bankruptcy case.  *See* SIPA Objection ¶ 11.

The SIPA Trustee's professionals reviewed the SIPA Claim and allege that it lacks any legal basis.  *See* SIPA Objection ¶ 16.  Like the Chapter 11 Trustee, it argues that (1) Coe has failed to provide a sufficient legal or factual basis to support her Claim as required by law, and (2) Coe is collaterally estopped from asserting her previous expunged claims against MFGI.

On October 9, 2012, Coe filed a motion asserting that she is willing to withdraw the Claim (the "Motion to Withdraw") against MFGI because it is duplicative of her Chapter 11 Claim (11-2790, ECF Doc. # 3727).  The Motion to Withdraw requests that it be withdrawn without prejudice because the Chapter 11 Trustee alleged that she misrepresented the facts regarding their discussions and her Chapter 11 Claim, and failed to act in good faith.  However, on November 8, 2012, Coe sent an email to the SIPA Trustee's counsel, with a copy to the Court, requesting that the Trustee notify the Court that she had decided not to withdraw the Claim and reasserting the validity of the Claim.  *See Trustee's*

4

*Statement in Further Support of the Trustee's Objection to the General Creditor Claim filed by Michelle Y. Coe (Claim No. 5118)* ¶ 2 (the "Supplemental Statement") (11-02790, ECF Doc. # 4426, Ex. A). On November 12, 2012, the SIPA Trustee filed a Supplemental Statement reasserting its position that Coe has no valid claim against MFGI and it joins the Chapter 11 Trustee in requesting that Coe be prevented from filing another claim against any of the Debtors.

## II.    DISCUSSION

### A.  Proof of Claim

Section 501(a) of the Bankruptcy Code provides that "[a] creditor . . . may file a proof of claim." 11 U.S.C. § 501(a). A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." *See* 11 U.S.C. § 502(a). A properly completed proof of claim is *prima facie* evidence of the validity and amount of a claim. *See* FED. R. BANKR. P. 3001(f). A party in interest may object to a proof of claim, and once an objection is made, the court must determine whether the objection is well founded. *See* 4 COLLIER ON BANKRUPTCY ¶ 502.02[2] (16th rev. ed. 2012).

The party objecting to a proof of claim bears the initial burden of providing evidence to show that the proof of claim should not be allowed. Once the presumption of *prima facie* validity is overcome—*e.g.*, the objecting party establishes that the proof of claim lacks a sound legal basis—the burden shifts to the claimant to support its proof of claim unless the claimant would not bear that burden outside of bankruptcy. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009) ("A proof of claim is prima facie evidence of the validity and amount of a claim, and the objector bears the initial burden of persuasion. The burden then shifts to the claimant if the objector produces evidence equal in force to the prima facie case . . . which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.") (internal quotation marks and citations omitted); *see also* 4 COLLIER ON BANKRUPTCY ¶ 502.02[2][f]. When the burden shifts back to the claimant, it must prove its

5

claim by a preponderance of the evidence. *See Best Payphones, Inc. v. Verizon N.Y., Inc. (In re Best Payphones, Inc.),* 2006 U.S. Dist. LEXIS 10297, at *9 (S.D.N.Y. Mar. 14, 2006); *In re Oneida Ltd.*, 400 B.R. at 389.

### B. Collateral Estoppel

Under the doctrine of collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Collateral estoppel "has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979). In the Second Circuit, a party may invoke the doctrine of collateral estoppel where (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) resolution of the issue was necessary to support a valid and final judgment on the merits. *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006) (quoting *Purdy v. Zeldes*, 337 F.3d 253, 258 & n.5 (2d Cir. 2003))*; see also* RESTATEMENT (SECOND) OF JUDGMENTS § 27 (1982).

### C. The Objections by Chapter 11 Trustee and the SIPA Trustee Shifted the Burden to Coe to Establish the Basis for her Claims

The two Trustees provided sufficient evidence to refute the *prima facie* validity of Coe's Claims, and Coe thereafter failed to provide any evidence to support the validity of her Claims. Coe's Claims against the Debtors merely allege that she is entitled to $25 million on the basis of "Intellectual Property Trade Secret," and $10 million on the basis of "Trade Secret." Coe annexed to her Claims a few documents referring to Refco and its purported misappropriation of "Intellectual Property." *See* Exhibit A to the Chapter 11 Objection. Coe has no interest in any of the Debtors' cases, she has no direct claim

6

against any of the Debtors; her Claims appear to be based solely on the conduct of Refco, but she has not provided any evidence that Holdings USA or MFGI are liable for Refco's actions.

Even if Coe could establish that Holdings USA or MGFI should be liable for the conduct of Refco by virtue of successor liability, the claims at issue have already been considered and disallowed and expunged in the Refco bankruptcy. Therefore, Ms. Coe is collaterally estopped from proceeding with her Claims in these cases. The identical issue of Refco's alleged misappropriation of any intellection property or trade secret was raised and fully litigated in the Refco bankruptcy.

The Trustees also request that this Court enter an order preventing Ms. Coe from filing any other claims against any of the other Debtors. The Court denies that relief but any future frivolous filings by Coe in these cases will result in the imposition of sanctions.

### III.    CONCLUSION

The objections filed by the Chapter 11 Trustee and the SIPA Trustee are **SUSTAINED** and Chapter 11 Claim # 229 and SIPA Claim # 5118 are **EXPUNGED.**

**IT IS SO ORDERED.**

Dated:    November 13, 2012
          New York, New York

*Martin Glenn*
MARTIN GLENN
United States Bankruptcy Judge

7