**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MF GLOBAL HOLDINGS LTD., *et al.,*<br><br>Debtors. | **NOT FOR PUBLICATION**<br><br>Case No. 11-15059 (MG) |

**MEMORANDUM OPINION AND ORDER SUSTAINING OBJECTION, EXPUNGING CLAIM NO. 1836 AND IMPOSING SANCTIONS**

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is the *Chapter 11 Trustee's Objection to the Administrative Claim filed by Michelle Y. Coe (Claim No. 1836) and Request for Sanctions* ("Objection," ECF Doc. # 1295). In the Objection, Louis J. Freeh (the "Chapter 11 Trustee"), the chapter 11 trustee of MF Global Holdings Ltd., MF Global Finance USA Inc., MF Global Capital LLC, MF Global FX Clear LLC, MF Global Market Services LLC, and MF Global Holdings USA Inc. ("Holdings USA" and collectively with MF Global Holdings Ltd., MF Global Finance USA Inc., MF Global Capital LLC, MF Global FX Clear LLC, and MF Global Market Services LLC, the "Debtors"), seeks an order expunging the administrative expense claim filed by Michelle Y. Coe ("Ms. Coe") represented by claim number 1836 ("Administrative Claim"), and imposing sanctions against Ms. Coe for continued frivolous filings in this Court. Ms. Coe filed a response to the Opposition ("Response," ECF Doc. # 1304). The Court held a hearing on the matter on April 18, 2013.

For the reasons stated below, the Court **SUSTAINS** the Chapter 11 Trustee's Objection, expunges the Administrative Claim and imposes monetary sanctions against Ms. Coe in the amount of $250 payable to the Clerk of the Bankruptcy Court.

1

## BACKGROUND

On October 31, 2011, MF Global Holdings ("Holdings"), the parent company of various subsidiaries including MF Global Holdings USA Inc. ("Holdings USA"), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Holdings USA is the parent company to MF Global Inc. ("MFGI"), which is currently being liquidated in a separate proceeding before this Court pursuant to the provisions of the Securities Investor Protection Act ("SIPA"). The Court established August 22, 2012 as the general bar date for all claims, except in certain circumstances, and August 29, 2012 as the bar date for Governmental Units.

On February 15, 2013, the Court entered the *Order Pursuant to Sections 105 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 9007 (I) Setting Bar Date for Filing Proofs of Claim Asserting Administrative Claims and (II) Approving Form and Manner of Notice Thereof* (the "Admin Claims Bar Date Order," ECF Doc. # 1091). Pursuant to the Admin Claims Bar Date Order, the Court established March 15, 2013 as the last date to file an Admin Claim. The term "Admin Claim" means:

> (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, and (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured, that (x) arises under sections 365(d)(3), 365(d)(5), or 503(b)(1) through (8) of the Bankruptcy Code (excluding, for the avoidance of doubt, claims arising under section 503(b)(9)) and (y) first arose (or, only in the case of unexpired leases of real and personal property, accrued) as to or against: (i) Holdings Ltd. or FinCo, on or after October 31, 2011 through and including March 1, 2013; (ii) Capital, Market Services or FX Clear, on or after December 19, 2011 through and including March 1, 2013; and (iii) Holdings USA, on or after March 2, 2012 through and including March 1, 2013.

*See* Admin Claims Bar Date Motion (ECF Doc. # 1044).

### A.     Ms. Coe's Previous Claims Against the Estate

On July 5, 2010, Ms. Coe filed a $25 million claim against Holdings USA for "Intellectual Property Trade Secret" and a $10 million claim against MFGI for "Trade Secret." The claims allegedly arose not from any direct relationship between Ms. Coe and any of the Debtors, but instead from Man Financial's purchase of certain assets from Refco Inc., *et al* ("Refco") entities (the "Refco Sellers") in 2005 during Refco's bankruptcy case.  MFGI is a successor to Man Financial.

Ms. Coe had asserted claims for "Intellectual Property Trade Secret" and "breach of contract and fiduciary responsibility" against Refco in the Refco bankruptcy, and her claims were disallowed and expunged in those cases as inconsistent with the debtors' books and records.  The Refco court also expunged an administrative expense claim filed by Ms. Coe as inconsistent with the reorganized debtors' books and records.  On July 31, 2007, the Refco court denied a motion filed by Ms. Coe seeking reconsideration of the denial of her claims, and on August 10, 2007, it rejected a motion filed by Ms. Coe to reconsider the Lift Stay Decision (the "Refco Bankruptcy Decision").  The District Court dismissed Ms. Coe's appeal of the Coe Bankruptcy Decision, and the Second Circuit affirmed the Bankruptcy Court's and the District Court's decision.  *See* Chapter 11 Trustee Objection to the Coe General Unsecured Claim, ECF Doc. # 865.

The Chapter 11 and SIPA Trustees objected to Ms. Coe's claims as inconsistent with their books and records.  They argued that Ms. Coe failed to provide a sufficient legal or factual basis to support her claims as required by law, and that she was collaterally estopped from asserting her previously expunged claims against them.  The Court expunged Ms. Coe's claims on November 13, 2012 in a *Memorandum Opinion and Order Sustaining the Objections of the*

3

*Chapter 11 Trustee and the SIPA Trustee to the Claims of Michelle Y. Coe* (the "Memorandum Opinion," ECF Doc. # 907).

In its Memorandum Opinion, the Court found that the Chapter 11 and SIPA Trustees provided sufficient evidence to shift the burden to Ms. Coe to establish the basis for her claims, and Coe failed to meet her burden establishing the validity of her claims. Ms. Coe had no interest in any of the Debtors' cases and no direct claim against any of the Debtors. The Court found that even if Ms. Coe could establish that Holdings USA or MGFI should be liable for the conduct of Refco by virtue of successor liability, the claims at issue had already been considered and disallowed and expunged in the Refco bankruptcy. Therefore, Ms. Coe was collaterally estopped from proceeding with her claims in these cases. The Court also stated that "any future frivolous filings by Coe in these cases will result in the imposition of sanctions."

### B.     The Administrative Expense Claim

On February 27, 2013, Ms. Coe filed the Administrative Claim against the Chapter 11 Debtors in the amount of $35 million. This Claim is identical to the claims expunged by the Court in its Memorandum Opinion—it is based on "Intellectual Property/Trade Secret acquired by Man Financial during the Refco et al bankruptcy." *See* Administrative Claim (annexed to the Objection as Exhibit A). In support of the Administrative Claim, Ms. Coe submitted the same emails and documentation that she had submitted with her previous claims.

The Chapter 11 Trustee asserts that the Administrative Claim does not qualify as an administrative expense pursuant to section 503(b) of the Bankruptcy Code and is not an Admin Claim as defined in the Admin Claims Bar Date Motion. The Chapter 11 Trustee relies upon and incorporates by reference all of the Exhibits attached to the Objection, in particular the Memorandum Opinion (Exhibit C) and the Claim 229 Objection (Exhibit D), as the basis for this

4

Objection. It also requests that the Court impose sanctions against Ms. Coe for her frivolous filing.

In her Response, Ms. Coe asserts that she meant to include MFGI as one of the entities against whom she has a claim. She also writes "Furthermore, this court has expressed that the claimant can pursue all other entities, however, the form only allows the claimant to pursue MF Global Holding et al."

## DISCUSSION

Administrative expenses are treated in section 503(b) of the Bankruptcy Code. Under section 503(b)(1)(A), such expenses include "the actual, necessary costs and expenses of preserving the estate." For a claim to be afforded administrative priority, a claimant must show both that: (i) the transaction giving rise to the claim occurred post-petition, and (ii) the debtor directly benefited as a result of the transaction. *See In re Grubb & Ellis Co.*, 478 B.R. 622, 624 (Bankr. S.D.N.Y. 2012) (citing *Trs. of Amalgamated Ins. Fund v. McFarlin's, Inc*., 789 F.2d 98, 101 (2d Cir. 1986)); *In re Enron Corp*., 279 B.R. 79, 85 (Bankr. S.D.N.Y. 2002). The claimant bears the burden of establishing its entitlement to administrative expense priority treatment. *In re Drexel Burnham Lambert Group, Inc*., 134 B.R. 482, 489 (Bankr. S.D.N.Y. 1991).

It is clear that Ms. Coe cannot establish that she is entitled to administrative priority. First, as shown by the Memorandum Opinion, Ms. Coe has repeatedly failed to provide any evidence showing that she has a legitimate claim, let alone an administrative expense claim, against the estate. Moreover, any transaction purportedly giving rise to the Administrative Claim took place pre-petition, as Ms. Coe claims that her intellectual property was appropriated by Refco, a predecessor to Man Financial. This Court already considered and expunged this exact

claim in its Memorandum Opinion. The Court therefore **SUSTAINS** the Chapter 11 Trustee's Objection and **EXPUNGES** Ms. Coe's Administrative Claim.

Ms. Coe was expressly warned by the Court in the Memorandum Opinion of the consequences of continuing to file frivolous pleadings in the MF Global cases. Coe's Administrative Claim is frivolous. This is not a trifling matter. Frivolous claims such as the pending Administrative Claim require an objection by a trustee and decision by the Court, increasing the administrative costs in the case, diminishing recoveries by legitimate creditors of the estate. Ms. Coe raised and lost essentially the same arguments raised now in the bankruptcy court, district court and court of appeals in the earlier Refco case, and she again raised essentially the same arguments at an earlier stage of this case resulting in the Memorandum Opinion. Ms. Coe was warned that sanctions would be imposed if she did it again. The Court is mindful that Ms. Coe appears in this case *pro se*, but that cannot excuse repeated frivolous conduct. Therefore, the Court imposes a monetary sanction requiring Michelle Y. Coe to pay the sum of $250 to the Clerk of the United States Bankruptcy Court for the Southern District of New York within fourteen (14) days from the date of this Order. Any further frivolous filings by Ms. Coe will result in the imposition of substantially increased sanctions.

**IT IS SO ORDERED.**

Dated: April 18, 2013
      New York, New York.

                                                        **/s/Martin Glenn**
                                                         MARTIN GLENN
                                       United States Bankruptcy Judge