UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

MF GLOBAL HOLDINGS LTD., *et al.,*

Debtors.

NOT FOR PUBLICATION

Case No. 11-15059 (MG)

## MEMORANDUM OPINION AND ORDER IMPOSING SANCTIONS AGAINST MICHELLE Y. COE

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is the order to show cause why sanctions should not be imposed on Michelle Y. Coe. *See "Order Vacating Award of Sanctions Against Michelle Y. Coe, Ordering Michelle Y. Coe to Show Cause Why Sanctions Should Not Be Ordered, But In All Other Respects Overruling Motion 'to Remand Order Expunging Claim 1836'"* ("Order Vacating Award of Sanctions," dated April 29, 2013, ECF Doc. # 1363). The Court previously ordered Coe to pay sanctions in the amount of $250 for her repeated filing of frivolous pleadings. *See "Memorandum Opinion and Order Sustaining Objection, Expunging Claim No. 1836 and Imposing Sanctions,"* dated April 18, 2013 ("Memorandum Opinion and Order Expunging Claim 1836," ECF Doc. # 1338). Coe responded to the Order less than one day later. *See "Motion to Remand Order Expunging Claim 1836 With Sanctions,"* filed by *pro se* litigant Michelle Y. Coe on April 19, 2013 ("Motion to Remand," ECF Doc. # 1347). The Court then vacated the sanctions in the Order Vacating Award of Sanctions, but overruled the Motion to Remand in all other respects. The sanctions were vacated because the Chapter 11 Trustee had not requested sanctions in a separate pleading as required by FED. R. BANKR. P. 9011, and the Court had not entered an order to show cause setting forth the basis on which sanctions might be

1

ordered, even though a prior order of the Court warned Coe that sanctions would be awarded if she continued to file frivolous pleadings. The Order Vacating the Award of Sanctions provided Coe with notice of the basis for a sanctions award and an opportunity to file a written response and appear in person at a sanctions hearing, initially scheduled for May 16, 2013 but rescheduled for May 24, 2013. Coe filed a written response to the order to show cause. (ECF Doc. # 1381.) Coe also requested that her personal appearance be excused because of the expense of attending a hearing in person (Coe lives in Indiana), but the Court entered an order denying that request and requiring that Coe appear in person. (ECF Doc. # 1388.) The reason for requiring Coe's personal appearance was very simple: Coe continues to prepare and file frivolous pleadings, putting to the estate the cost of preparing written responses, while she remains in Indiana without appearing in person in Court.

The Court now imposes sanctions against Coe based on the inherent power of the Court in the amount of $250.

## I.  BACKGROUND

Coe initially filed general unsecured claims in the separate chapter 11 case of MF Global Holdings Ltd. (Case No. 11-15059) and the SIPA proceeding of MF Global Inc. (Case No. 11-02790). The Chapter 11 Trustee and the SIPA Trustee objected to the claims and the Court sustained the objections and expunged the Coe claims. In the "*Memorandum Opinion and Order Sustaining Objections of the Chapter 11 Trustee and the SIPA Trustee to the Claims of Michelle Y. Coe,*" dated November 13, 2012 ("Memorandum Opinion and Order Sustaining Objections," Case No. 11-15059, ECF Doc. # 907), the Court explained the genesis of Coe's purported claims:

> On July 5, 2010, Coe filed a purported $25 million claim against
> Holdings USA purportedly based on "Intellectual Property Trade

2

Secret." . . . The Claim does not arise from any direct relationship between Coe and any of the Debtors, but instead from Man Financial's purchase of certain assets from Refco Inc., *et al* ("Refco") entities (the "Refco Sellers") in 2005 during Refco's bankruptcy case. . . . MFGI is a successor to Man Financial and Holdings USA is MFGI's parent company. . . . .

Coe had asserted claims for "Intellectual Property Trade Secret" and "breach of contract and fiduciary responsibility" against Refco in the Refco bankruptcy. Coe's claims were disallowed and expunged in those cases. *See* Chapter 11 Objection ¶ 13; *Coe v. RJM, LLC*, 372 Fed. Appx. 188, 189 (2d Cir. 2010). Claim 10835 was disallowed and expunged as duplicative of claim 12512 on December 6, 2006, and then claim 12512 was disallowed and expunged on April 12, 2007, as inconsistent with the debtors' books and records. . . . . The *Refco* court also expunged an administrative expense claim filed by Coe as inconsistent with the reorganized debtors' books and records. . . . . On July 31, 2007, the *Refco* court also denied a motion filed by Coe seeking reconsideration of the denial of her claims (the "Lift Stay Decision"), and on August 10, 2007, it rejected a motion filed by Coe to reconsider the Lift Stay Decision (the "Coe Bankruptcy Decision"). . . . . The District Court and the Second Circuit denied Coe's appeals of the Coe Bankruptcy Decision and reaffirmed the Bankruptcy Court's decision. . . . .

The Bankruptcy Court in the *Refco* bankruptcy authorized the sale of certain assets to Man Financial "free and clear" of all interests except Assumed Liabilities.[1] . . . . The Refco Sale Order also specified that Man Financial would not be a successor to the Refco Sellers and that the transfer of assets pursuant to the asset purchase agreement would not result in "the Buyer [Man Financial] having any liability or responsibility for any claim" against Refco. . . . . Notwithstanding the Refco Sale Order, Coe's Claim against Holdings USA appears to be based on Refco's conduct which had served as the basis for the claims against Refco that were disallowed and expunged in the Refco Bankruptcy.

*Id.* at 2-3.

---

[1] "Assumed Liabilities are defined in the Refco Sale Order as any liabilities accruing after the closing on assumed contracts and IP licenses that were effectively assigned to the buyer at closing, various employee obligations, and customer account liabilities. *See* Exhibit C to the Chapter 11 Objection at 15-16. Assumed Liabilities explicitly do not include any liabilities related to the '. . . conduct of the Business by the Sellers, prior to the Closing' or a 'breach or default' by any Refco Seller on an assumed contract or license that arose 'prior to the applicable closing date.' *Id.*"

3

The Court concluded that having litigated her claims and lost with respect to the claims in the Refco case, Coe was collaterally estopped from proceeding with her claims in this case. *Id.* at 7. The Court then warned:

> The Trustees also request that this Court enter an order preventing Ms. Coe from filing any other claims against any of the other Debtors. The Court denies that relief but any future frivolous filings by Coe in these cases will result in the imposition of sanctions.

*Id.* Coe did not appeal the decision sustaining the objections and expunging her claims.

After Coe's general unsecured claim was expunged in this case on November 13, 2012, Coe filed the administrative claim against the Chapter 11 Debtors in the amount of $35 million on February 27, 2013. This was the same tactic Coe unsuccessfully attempted in Refco. Coe filed the administrative claim after the Court specifically addressed the issue in the Memorandum Opinion and Order Sustaining Objections, and warned that sanctions would be awarded if Coe persisted in filing frivolous pleadings.

## II.   DISCUSSION

"Bankruptcy courts, like Article III courts, enjoy inherent power to sanction parties for improper conduct." *In re Green*, 422 B.R. 469, 473-74 (Bankr. S.D.N.Y. 2010) (citing *Mapother & Mapother, P.S.C. v. Cooper* (*In re Downs*), 103 F.3d 472, 477 (6th Cir. 1996); *In re 680 Fifth Ave. Assoc.,* 218 B.R. 305, 323 (Bankr. S.D.N.Y. 1998) ("Bankruptcy courts have the same inherent sanction authority as district courts . . . .")). Courts may use their inherent power to sanction attorneys or *pro se* parties in the course of litigation, so long as those actions were taken in bad faith. *Id.* at 474 (citing *Wilder v. GL Bus Lines,* 258 F.3d 126, 130 (2d Cir. 2001); *U.S. v. Seltzer,* 227 F.3d 36, 41-42 (2d Cir. 2000); *Lubit v. Chase (In re Chase),* 372 B.R. 142, 154-55 (Bankr. S.D.N.Y. 2007)). S*ee generally* Gregory P. Joseph, Sanctions: The Federal Law of

4

11-15059-mg    Doc 1457    Filed 05/29/13    Entered 05/29/13 11:52:16    Main Document
    Pg 5 of 7

Litigation Abuse, § 26 C.1. (4th ed. 2008), at 4-7 ("Inherent power sanctions may issue against attorneys, clients or *pro se* litigants."); *id.* § 27 A., at 4-26 ("A finding of bad faith on the part of the offender is a prerequisite to the imposition of an inherent power sanction.").

On November 13, 2012, the Court expunged Coe's unsecured claim, warning that "any future frivolous filings by Coe in these cases will result in the imposition of sanctions." On February 27, 2013, Coe filed her motion for an administrative expense claim against the Chapter 11 Debtors in the amount of $35 million. The unsecured claim and the administrative claim in this case were both retreads of Coe's unsuccessful claim in the Refco bankruptcy.

In filing the motion for an administrative expense claim, Coe was obviously undeterred by the warning that sanctions would be imposed for future frivolous filings. In imposing sanctions in the amount of $250, the Court explained:

> Ms. Coe was expressly warned by the Court in the Memorandum Opinion of the consequences of continuing to file frivolous pleadings in the MF Global cases. Coe's Administrative Claim is frivolous. This is not a trifling matter. Frivolous claims such as the pending Administrative Claim require an objection by a trustee and decision by the Court, increasing the administrative costs in the case, diminishing recoveries by legitimate creditors of the estate. Ms. Coe raised and lost essentially the same arguments raised now in the bankruptcy court, district court and court of appeals in the earlier Refco case, and she again raised essentially the same arguments at an earlier stage of this case resulting in the Memorandum Opinion. Ms. Coe was warned that sanctions would be imposed if she did it again. The Court is mindful that Ms. Coe appears in this case *pro se*, but that cannot excuse repeated frivolous conduct. Therefore, the Court imposes a monetary sanction requiring Michelle Y. Coe to pay the sum of $250 to the Clerk of the United States Bankruptcy Court for the Southern District of New York within fourteen (14) days from the date of this Order. Any further frivolous filings by Ms. Coe will result in the imposition of substantially increased sanctions.

*See* Memorandum Opinion and Order Sustaining Objections at 6.

The sanctions award was vacated out of concern that Coe had not received a specific notice of the misconduct that could form the basis for an award of sanctions, with an opportunity to appear and defend against the assertion of misconduct.  Having now received that specific notice and opportunity to defend, the Court finds Coe's explanation completely unpersuasive.  Additionally, Coe failed to appear in person or by telephone at the hearing on the order to show cause on May 24, 2013, despite the Court's order that she appear in person.

Based on all of the facts in the record, as set forth in the prior opinions and orders of this Court, and as a result of Coe's failure to appear as ordered at the May 24, 2013 hearing, the Court finds based on clear and convincing evidence that Coe acted in bad faith in filing the motion for an administrative expense claim.  The motion was filed without any basis in fact or law, after the Court explained the reasons for expunging Coe's claim and warning that she would be sanctioned if she repeated her frivolous conduct.  Sanctions are clearly appropriate in the circumstances.

The Court is mindful of the fact that Coe is a *pro se* litigant, but that fact alone cannot excuse Coe's misconduct.  The Court's opinion expunging her first claim explained the basis for doing so, including a discussion that Coe's administrative expense claim motion had been denied in the Refco bankruptcy case, and warned her of the consequences for further frivolous filings.  The Court has set the amount of the sanctions—$250 payable to the Clerk of the U.S. Bankruptcy Court—at a modest amount intended to deter further misconduct.  Hopefully, Coe will get the message this time.

### III.  CONCLUSION

For the reasons explained above, the Court imposes a monetary sanction requiring that Michelle Y. Coe pay the sum of $250 to the Clerk of the United States Bankruptcy Court for the Southern District of New York within fourteen (14) days from the date of this Order. Coe is also warned that any future frivolous conduct will result in *substantially* larger sanctions awards.

**IT IS SO ORDERED.**

Dated:  May 29, 2013
       New York, New York.

                    ___*Martin Glenn*_____
                    MARTIN GLENN
                United States Bankruptcy Judge