KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
Marc E. Kasowitz (MKasowitz@kasowitz.com)
Daniel J. Fetterman (DFetterman@kasowitz.com)
Michael C. Harwood (MHarwood@kasowitz.com)
1633 Broadway
New York, NY 10019
Tel: (212) 506-1700

*Attorneys for Plaintiff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br>MF GLOBAL HOLDINGS LTD., *et al.*,<br>a Delaware corporation,<br><br>                              Debtors. | Chapter 11<br><br>Case No. 11-15059<br>(Jointly Administered) |
| MF GLOBAL HOLDINGS LTD, AS PLAN ADMINISTRATOR<br><br>                              Plaintiff,<br><br>                                -v.-<br><br>JCF MFG HOLDCO LLC and JOHN DOE #1 Through JOHN DOE #25,<br><br>                              Defendants. | Adversary Proceeding<br>No. _____ |

MF Global Holdings Ltd., as Plan Administrator (the "Plaintiff"), for its complaint against Defendants, alleges, upon information and belief, as follows:

**SUMMARY OF ACTION**

1. This action seeks to recover fraudulent transfers totaling $20,022,112 arising out of the payment of dividends to the preferred shareholders of MF Global Holdings Ltd. ("Holdings Ltd.") during the period November 15, 2010 through August 15, 2011 (the "Relevant Time"), consisting of $16,087,500 in dividends on Holdings Ltd.'s Series A Preferred Stock

("Series A Preferred Stock") paid to defendant JCF MFG Holdco LLC ("JCF LLC") and $3,934,612 in dividends on Holdings Ltd.'s Series B Preferred Stock ("Series B Preferred Stock") paid to defendants John Doe #1 through John Doe #25 ("Series B Holders"). Upon information and belief, during the Relevant Time, Holdings Ltd. was engaged in business for which the property remaining with Holdings Ltd. was an unreasonably small capital, and Holdings Ltd. did not receive any value -- let alone reasonably equivalent value -- in exchange for the cash it paid to the Defendants.

## JURISDICTION AND VENUE

2. On October 31, 2011 (the "Petition Date"), Holdings Ltd. and MF Global Finance USA, Inc. ("FinCo") filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). On December 19, 2011, MF Global Capital LLC ("Capital"), MF Global FX Clear LLC ("FX Clear") and MF Global Market Services LLC ("Market Services") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court. On March 2, 2012, MF Global Holdings USA Inc. ("Holdings USA," and collectively with Holdings Ltd., FinCo, Capital, FX Clear and Market Services, the "Debtors") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court. The Debtors' cases are being jointly administered by the Bankruptcy Court.

3. The Bankruptcy Court's jurisdiction is founded upon sections 157 and 1334 of title 28 of the United States Code. This adversary proceeding is a core proceeding under sections 157(b)(2)(A), (B), (C), (D), (H), (K) and (O) of title 28 of the United States Code.

4. Venue in this District is proper under section 1409(a) of title 28 of the United States Code.

## THE PARTIES

5. The Plan Administrator is acting pursuant to the Second Amended and Restated Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code for the Debtors (the "Plan"). The Plan was confirmed on April 5, 2013. The Plan Administrator is the assignee of all right, title and interests of the Debtors to the claims asserted herein.

6. Defendant JCF LLC, is a limited liability company and an affiliate of J.C. Flowers & Co. LLC ("JC Flowers"). JCF LLC was the holder of Holdings LLC's Series A Preferred Stock during the Relevant Time, of which there were $150 million in the aggregate amount outstanding on the Petition Date.

7. The Series B Holders were the beneficial holders of the Series B Preferred Stock who received dividends on one or more of the Transfer Dates, as defined below. The Series B Preferred Stock was held in street name and the identity of the Series B Holders is currently unknown. Plaintiff is taking the steps necessary to discover the identity of the Series B Holders and will amend the complaint when the identities of the Series B Holders is discovered. On the Petition Date, $40,355,000 in aggregate amount of Series B Preferred Stock was outstanding.

## FACTS

8. In July 2008, Holdings Ltd. issued $150,000,000 in aggregate liquidation preference of its Series A Preferred Stock to an affiliate of J.C. Flowers. In February 2010, the Series A Preferred Stock was transferred by JC Flowers to JCF LLC, another of its affiliates. The annual dividend rate of the Series A Preferred Stock was 10.725%. Dividends were payable as and when determined by Holdings Ltd.'s board of directors. During the Relevant Time, dividends were declared quarterly. JC Flowers had the right to appoint a director to Holdings Ltd.'s board, and it exercised its right to appoint a director during the Relevant Time.

3

9.      In June 2008, Holdings Ltd. issued $150,000,000 in aggregate liquidation preference of its Series B Preferred Stock. The annual dividend rate of the Series B Preferred Stock was 9.75%.  Dividends were payable when, as and if declared by Holdings Ltd's board of directors, quarterly in arrears on February 15, May 15, August 15 and November 15 of each year. In July 2010, Holdings Ltd. completed an offer to exchange shares of Common Stock and a cash premium for any and all of its Series B Preferred Stock. In the Exchange Offer, 1,096,450 shares of Series B Preferred Stock with a liquidation preference of $109,645,000 were validly tendered. The Company issued, in the aggregate, 10,492,366 shares of Common Stock and paid an aggregate cash premium of $48,792,000 to the tendering holders of Series B Preferred Stock.

10.     During the Relevant Time, dividends on the Series A Preferred Stock and the Series B Preferred Stock (the "Transfers") were paid on the dates (the "Transfer Dates") and in the amounts listed below:

| TRANSFER DATE | SERIES A PREFERRED STOCK | SERIES B PREFERRED STOCK |
| --- | --- | --- |
| November 15, 2010 | $4,021,875 | $983,653 |
| February 15, 2011 | $4,021,875 | $983,653 |
| May 15, 2011 | $4,021,875 | $983,653 |
| August 15, 2011 | $4,021,875 | $983,653 |
| Total | $16,087,500 | $3,934,612 |

11.     Holdings Ltd. initially made the Transfers to its transfer agent, Computershare Inc. ("Computershare"), which was responsible for paying all registered holders.  On the Transfer Dates, Computershare transferred the Series A Preferred Stock Dividend Transfers on Holdings Ltd.'s behalf to Defendant JCF LLC.  Also on the Transfer Dates, Computershare

4

transferred the Series B Preferred Stock Dividend Transfers on Holdings Ltd.'s behalf to the DTC Corporation ("DTC"), which was the registered holder on behalf of various beneficial holders of the Series B Preferred Shares.  Upon information and belief, DTC then forwarded the funds to each of the beneficial holders, whose identities are presently unknown to Plaintiff.  The Series B Preferred Stock beneficial holders who received the Transfers are named in this Complaint as John Does 1-25 until such time as Plaintiff can obtain their identities from and through DTC.

## CLAIM I

**(Avoidance and Recovery of Constructively Fraudulent Transfer Under
11 U.S.C. §§ 548(a)(1) and 550)**

12. Plaintiff re-alleges paragraphs 1 through 11 as if fully set forth herein.

13. The Transfers were transfers of interest in Holdings Ltd.'s property.

14. Holdings Ltd. received less than reasonably equivalent value in exchange for the Transfers.

15. When Holdings Ltd. made each of the Transfers, Holdings Ltd. was engaged or was about to engage in business or a transaction for which any property remaining with Holdings Ltd. was an unreasonably small capital.

16. Each of the Defendants was the initial and/or immediate or mediate transferees of one or more of the Transfers.

17. By virtue of the foregoing, pursuant to sections 548(a) and 550 of the Bankruptcy Code, the Transfers constitute avoidable fraudulent transfers and the Plaintiff, as the successor-in-interest to the estate of Holdings Ltd., is entitled to a judgment avoiding and recovering the Transfers.

## CLAIM II

### (Objection to Claims -- 11 U.S.C. 502(d))

18. Plaintiff re-alleges paragraphs 1 through 17 as if fully set forth herein.

19. Pursuant to § 502(d) of the Bankruptcy Code, the Court shall disallow any claim of the Defendants because property is recoverable from the Defendants under section 550 of title 11, or that is a transferee of a transfer avoidable under section 548 of title 11, unless Defendants pay the amount recoverable.

20. Until such time as Defendants return the Transfers to the Plaintiff, Defendants' claims, whether previously or subsequently scheduled, filed or otherwise asserted or paid in the Debtor(s)' chapter 11 estates, should be disallowed in its/their entirety.

## RESERVATION OF RIGHTS

21. The Plaintiff hereby specifically reserves the right to bring any and all other causes of action that it may maintain against the Defendants including, without limitation, causes of action arising out of the same transaction(s) set forth herein, to the extent discovery in this action or further investigation by the Plaintiff reveals such further causes of action.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff pursuant to Sections 548(a) and 550 of the Bankruptcy Code, avoiding, preserving and recovering the transfers for the benefit of Holdings Ltd.'s estate in an amount not less than $20,022,112, together with all interest and in respect of the obligations avoided hereunder, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 30, 2013

>Respectfully submitted,
>
>KASOWITZ, BENSON, TORRES
> & FRIEDMAN LLP
>
>By:   /s/  Marc E. Kasowitz
>        Marc E. Kasowitz
>        (MKasowitz@kasowitz.com)
>        Daniel J. Fetterman
>        (DFetterman@kasowitz.com)
>        Michael C. Harwood
>        (MHardwood@kasowitz.com)
>1633 Broadway
>New York, New York 10019
>Tel: (212) 506-1700
>
>*Attorneys for Plaintiff*