**MORRISON & FOERSTER LLP**
Brett H. Miller
Melissa A. Hager
William M. Hildbold
250 West 55th Street
New York, New York 10019
Tel: (212) 468-8000
Fax: (212) 468-7900

*Counsel for MF Global Holdings Ltd.,*
*as Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x
                                                        :
**In re**                                               :    **Chapter 11**
                                                        :
**MF GLOBAL HOLDINGS LTD.,** *et al.*,                  :    **Case No. 11-15059 (MG)**
                                                        :
         Debtors.                                       :    **(Jointly Administered)**
                                                        :
                                                        :
------------------------------------------------------- x

**REPLY OF THE PLAN ADMINISTRATOR TO THE OMNIBUS RESPONSE OF PLAINTIFFS IN ADVERSARY 11-02880 (MG) TO PLAN ADMINISTRATOR'S <u>OBJECTION TO CLAIM NO. 1793</u>**

ny-1145699

MF Global Holdings Ltd. ("**Holdings Ltd.**" or the "**Plan Administrator**"), the Plan Administrator under the *Second Amended and Restated Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code for MF Global Holdings Ltd., MF Global Finance USA Inc., MF Global Capital LLC, MF Global FX Clear LLC, MF Global Market Services LLC, and MF Global Holdings USA Inc.* (the "**Second Amended and Restated Plan**") [Docket No. 1382], hereby files this reply (the "**Reply**")[1] to the *Omnibus Response of Plaintiffs in Adversary 11-02880 (MG) to Plan Administrator's Objection to Claim No. 1793* (the "**Response**") [Docket No. 1880], filed by the "Plaintiffs in Adversary 11-02880 (MG)" (the "**WARN Plaintiffs**"). The WARN Plaintiffs filed their Response to the *Objection of Plan Administrator to the Claim of Plaintiffs in Adversary 11-02880 (MG) (Claim No. 1793)* (the "**Objection**") [Docket No. 1847] seeking to expunge the WARN Claim in its entirety. In support of the Reply, the Plan Administrator respectfully states as follows:

## PRELIMINARY STATEMENT

1.      By the Objection, the Plan Administrator shifted the burden onto the WARN Plaintiffs to show that they have an actual claim against the Debtors. In their Response, the WARN Plaintiffs ignore the Plan Administrators' main arguments and instead try to refute a secondary argument, all in an attempt to rehash their failed arguments in support of the WARN Complaint. The WARN Claim should be disallowed and expunged for two reasons.

2.      First, the only way in which the WARN Plaintiffs could have a claim for vacation pay is if they were employees of the Debtors or if the "single employer theory" applied in these cases. Yet, the Court *dismissed* the WARN Complaint with prejudice *because* the WARN Plaintiffs could not show that they were employees of the Debtors, and the Court held that the "single employer theory" did not apply to in these cases because the WARN Plaintiffs were

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

1

employed by MFGI, a liquidating fiduciary. Arguments to the contrary are barred by the doctrine of *res judicata*, whether analyzing a claim for WARN Act damages or a claim for vacation pay. Moreover, even absent *res judicata*, despite repeated requests from the Court, the WARN Plaintiffs have failed to offer any proof that they were employees of the Debtors. These arguments fail, as they did in the Court's consideration of the WARN Complaint because the WARN Plaintiffs are not employees of the Debtors and the single employer theory does not apply in these cases.

3. Second, the WARN Claim itself makes clear that the basis of the WARN Claim *is* the WARN Complaint and the requests for relief are the same. Nothing in, or attached to, the WARN Claim asserts a separate claim for vacation damages. In fact, the statement attached to the WARN Claim (the "**Statement**") only strengthens the Plan Administrator's position that the WARN Claim and the WARN Complaint are inextricably tied. Therefore, the dismissal of the WARN Complaint with prejudice necessarily means that the WARN Claim should be disallowed and expunged. Accordingly, the Court should disallow and expunge the WARN Claim.

## REPLY

4. The WARN Plaintiffs failed to meet their burden to show that they have an actual claim against the Debtors after the Plan Administrator shifted the burden onto them by refuting an essential allegation of the WARN Claim. *See Sherman v. Novak (In re Reilly),* 245 B.R. 768, 773 (2d Cir. B.A.P. 2000) ("[T]he objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim. . . . Once the [trustee] offered the evidence refuting the allegations in the proof of claim, the burden shifted to the [claimant]."). Therefore, the Court should disallow and expunge the WARN Claim in its entirety.

5.  Instead of attempting to refute the Plan Administrator's *res judicata* argument, the WARN Plaintiffs argue that the WARN Claim actually consists of two claims (a WARN Act damages claim and a vacation pay claim), despite the clear and unequivocal language in the Statement to the contrary. The first claim, according to the WARN Plaintiffs, is a claim for WARN Act damages, which the WARN Plaintiffs agree is barred by *res judicata*. *See* Response at ¶7. They argue, however, that the second purported claim is an independent claim for vacation pay that was unaffected by the Court's dismissal with prejudice of the WARN Complaint. *See id.* The WARN Plaintiffs' argument for two independent claims is misplaced and unsupportable for two reasons. First, the Statement belies their argument that the WARN Claim is actually a bifurcated claim. Second, the entire basis for the dismissal of the WARN Complaint was the WARN Plaintiffs' failure, despite repeated requests from the Court, to establish that they were actual employees of the Debtors.

**I.  The WARN Plaintiffs cannot have a Vacation Claim against the Debtors because this Court determined that the WARN Plaintiffs are not Employees of the Debtor and the Single Employer Theory does not Apply in these Cases, and those Determinations are now *Res Judicata***

6.  As detailed in the Objection, this Court dismissed the WARN Complaint because the WARN Plaintiffs failed to establish that they were employees of the Debtors and held that the "single employer theory" was inapplicable in these cases. These holdings of the Court are *res judicata*—as the WARN Plaintiffs admit—and cannot be undermined by the WARN Plaintiffs now to secure a claim for vacation pay.

7.  The WARN Plaintiffs do not attempt to rebut these holdings of the Court—nor could they—but rely on *ipse dixit* arguments that the WARN Plaintiffs are employees of the Debtors and entitled to vacation pay claims. What the WARN Plaintiffs fail to realize is that the Court already dismissed with prejudice the underlying bases for a vacation pay claim when the

3

ny-1145699

Court determined that the WARN Plaintiffs were not employees of the Debtors and the single employer theory did not apply in these cases. Without those essential elements, the WARN Plaintiffs cannot have a vacation pay claim against the Debtors; and the Debtors have no liability for the WARN Claim, or a bifurcated vacation pay claim. Therefore, the WARN Claim should be disallowed and expunged.

II.     **The WARN Plaintiffs' Proof of Claim does not support an Independent Vacation Claim, which would be Subject to *Res Judicata* anyway**

8.      The WARN Plaintiffs ignore the Plan Administrator's main argument and for the first timecontend that the WARN Plaintiffs have a class vacation claim, which the Plan Administrator failed to specifically address in its *res judicata* argument. Based on the Statement, however, the WARN Plaintiffs never asserted an independent claim for vacation pay that would survive the dismissal of the WARN Complaint.

9.      The Statement says

> *   This proof of claim is being filed *in conjunction with* the adversary seeking to recover *both WARN Act damages, as well as unpaid wages and vacation pay* as *alleged in the adversary pending before this Court in 11-02880(MG)*. It is intended to be a claim against each of the following estates:
>
> MF Global Holdings Ltd. 11-15059
> MF Global Finance USA Inc. 11-15058
> MF Global Capital LLC 11-15808
> MF Global Market Services 11-15810
> MF Global FX Clear LLC 11-15810
> MF Global Holdings USA 12-10863

*See* WARN Claim at page 4 (emphasis added).

10.     On multiple occasions in the Statement, the WARN Plaintiffs make clear that the WARN Complaint and the WARN Claim are inextricably tied and the claimed amounts arise from the WARN Complaint.

4

11. First, the WARN Plaintiffs start the Statement with the most damning evidence by stating "[t]his proof of claim is being filed *in conjunction with* the adversary . . ." (emphasis added). The use of the phrase "in conjunction with" clearly ties the WARN Claim to the WARN Complaint. Given that the Court dismissed the WARN Complaint with prejudice, and, as the WARN Plaintiffs admit in their reply, that dismissal is *res judicata*, anything filed "in conjunction with" the WARN Complaint is clearly subject to the same *res judicata* effect.

12. The Statement also provides that the WARN Claim and the WARN Complaint seek to recover "both WARN Act damages, as well as unpaid wages and vacation pay . . . ." The WARN Plaintiffs in no way delineate that the WARN Claim seeks a separate claim for vacation pay but instead link the various forms of relief by using the terms "both" and "as well as."

13. Additionally, the WARN Plaintiffs solidify that there is no delineation between the WARN Claim, the WARN Complaint and the amounts claimed by ending the first sentence of the Statement with "as alleged in the adversary pending before this Court in 11-02880(MG)."

14. Finally, the WARN Claim itself was filed by the "Plaintiffs in Adversary Proceeding 11-02880", thus making it clear that they filed the WARN Claim based on their status as plaintiffs.

15. Despite all of the above, the WARN Plaintiffs now conveniently suggest that there are two claims and the Court should bifurcate the WARN Claim into a claim for WARN Act damages and a separate claim for vacation pay. The Plan Administrator cannot fathom any other interpretation than the plain meaning of the Statement, which provides in at least three separate ways that the WARN Plaintiffs intended to tie the WARN Claim to the WARN Complaint. Because the Court dismissed the WARN Complaint with prejudice, and the WARN

5

Plaintiffs admit that *res judicata* applies, the Plan Administrator respectfully requests that the Court disallow and expunge the WARN Claim.

### III. The Warn Plaintiffs' Failure to Properly File the Warn Claim Warrants the Dismissal Of the Warn Claim

16. Regardless of the WARN Plaintiffs' inability to properly identify the corporate entity or case number on the WARN claim proof of claim form, pursuant to the Claims Bar Date Order, among other things, "if a claimant asserts a claim against more than one Debtor or has claims against different Debtors, a separate Proof of Claim Form must be filed with respect to each Debtor." Claims Bar Date Order at 4(f) (emphasis added).

17. *At best*, the WARN Plaintiffs should be entitled to assert a single claim against one entity based on the WARN Claim. In the Response, the WARN Plaintiffs agree that the claim should only be against one entity but assert that the WARN Claim should be against Holdings Ltd. The Plan Administrator reserves its right to object to the WARN Plaintiffs having a claim against Holdings Ltd. but in no event should the WARN Claim be deemed as a claim against Capital, Market Services, and FX Clear because they are not named defendants in any iteration of the WARN Complaint.[2]

### NOTICE

18. Notice of this Reply has been served on (a) counsel to the WARN Plaintiffs and (b) other parties entitled to notice pursuant to this Court's *Order Pursuant to 11 U.S.C. § 105(a) of the Bankruptcy* Code *and Fed. R. Bankr. P. 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures* [Docket No. 256] (the "**Case Management Order**"). The Plan Administrator submits that no other or further notice need be provided.

---

[2] To the extent not already reserved in the Objection, the Plan Administrator reserves all of its rights to bring further objections to the WARN Claim on any grounds, for any reason, regardless of the outcome of the Objection.

19. No previous request for the relief sought herein has been made by the Plan Administrator to this or any other Court.

## CONCLUSION

**WHEREFORE**, the Plan Administrator respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as this Court may deem proper.

Dated: June 17, 2014
New York, New York

/s/ Melissa A. Hager
**MORRISON & FOERSTER LLP**
Brett H. Miller
Melissa A. Hager
William M. Hildbold
250 West 55th Street
New York, New York 10019
Tel: (212) 468-8000
Fax: (212) 468-7900

*Counsel for MF Global Holdings Ltd., as Plan Administrator*