**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>MF GLOBAL HOLDINGS, LTD, *et al.,*<br><br>                             Debtors. | NOT FOR PUBLICATION<br><br>Chapter 11<br><br>Case No. 11-15059 (MG)<br><br>Jointly Administered |

**MEMORANDUM OPINION AND ORDER SUSTAINING OBJECTION TO**
**<u>VACATION PAY CLAIMS</u>**

*A P P E A R A N C E S:*

KLEHR HARRISON HARVEY BRANZBURG LLP
*Attorneys for Employee Representative Plaintiffs in*
*Adversary Proceeding 11-02880 (MG)*
1835 Market Street, Suite 1400
Philadelphia, PA 19103
By:    Charles A. Ercole, Esq.

OUTTEN & GOLDEN LLP
*Attorneys for Employee Representative Plaintiffs in*
*Adversary Proceeding 11-02880 (MG)*
3 Park Avenue, 29th Floor
New York, New York 10016
By:    Jack A. Raisner, Esq.

MORRISON & FOERSTER LLP
*Counsel for MF Global Holdings Ltd., as Plan Administrator*
250 West 55th Street
New York, New York 10019
By:    William M. Hildbold, Esq.

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

       Pending before the Court is the *Objection of the Plan Administrator to the Claim of*

*Plaintiffs in Adversary 11-02880 (MG) (Claim No. 1793)* (the "Objection," ECF Doc. # 1847)

filed by MF Global Holdings Ltd. ("Holdings" or the "Plan Administrator"). The Plan Administrator seeks an order disallowing and expunging proof of claim number 1793 (the "Holdings Class Claim") filed by Charles A. Ercole on behalf of the "Plaintiffs in Adversary 11-02880 (MG)" (the "Holdings Class Claimants"). The Holdings Class Claimants filed a response (the "Response," ECF Doc. # 1880), and the Plan Administrator filed a reply (the "Reply," ECF Doc. # 1922). The Court heard argument on the Objection on June 19, 2014. For the reasons that follow, the Court **SUSTAINS** the Objection.[1]

## I.     BACKGROUND

### A.     The WARN Act Adversary Proceedings

In November 2011, individuals who claimed to be former employees of MF Global, Inc. ("MFGI") and the chapter 11 Debtors[2] (the "Plaintiffs") filed three adversary complaints seeking relief under state and federal WARN Acts for termination of their employment without the statutorily required advance notice. (*See* Adv. Pro. No. 11-02880-mg; Adv. Pro. No. 11-02881-mg; and Adv. Pro. No. 11-02882-mg; collectively, the "Adversary Proceedings").[3] The Court consolidated the Adversary Proceedings on January 30, 2012. On December 12, 2011, the Plaintiffs filed a consolidated Amended Complaint. (Adv. Pro. Doc. # 4.) The Amended Complaint included claims for unpaid accrued vacation time under New York and Illinois wage payment laws.

On October 23, 2012, the Court dismissed with prejudice all WARN Act claims against

---

[1] In a companion Opinion and Order entered in the SIPA proceeding, the Court finds that the same class claimants may proceed with their claims for vacation pay against their former employer, MF Global, Inc. ("MFGI"). *See* Case No. 11-2790, ECF Doc. # 8092. As explained below, the difference in the result here is that the class claimants have not shown that they were employed by the chapter 11 Debtors.

[2] The chapter 11 Debtors include Holdings, MF Global Finance USA, Inc. ("FinCo"), and MF Global Holdings USA, Inc.

[3] Unless otherwise noted, references to the docket in the Adversary Proceedings refer to Adv. Pro. No. 11-2880.

2

MFGI, holding that the "liquidating fiduciary" principle immunized MFGI from WARN Act liability. *See Thielmann v. MF Global Holdings Ltd. (In re MF Global Holdings Ltd.)*, 481 B.R. 268, 284 (Bankr. S.D.N.Y. 2012) (*Thielmann I*). As to Holdings, the Court dismissed the WARN Act claims *without* prejudice. The Court held that it could not decide, as a matter of law, whether the "liquidating fiduciary" principal barred a suit against the chapter 11 Debtors, and requested more facts to ascertain whether a suit could be maintained against the chapter 11 Debtors at all. *Id.* at 283. The Court granted the Plaintiffs leave to further amend their Amended Complaint to allege that the Debtors were attempting to reorganize. The Court also requested information regarding "where each Plaintiff worked (at MFGI or at one of the chapter 11 Debtors), who gave each Plaintiff a notice of termination, [and] when was it given." *Id.* In a footnote, the Court stated:

> [R]equiring the Plaintiffs to plead these facts is not intended to preclude their "single employer" theory. But if the Plaintiffs worked for MFGI (even if their payroll checks came from MF Global USA) and were terminated at the direction of the SIPA Trustee, it is not clear on what basis their claims can survive against the chapter 11 Debtors. Plaintiffs cannot hide behind vague allegations to avoid confronting the issues.

*Id.* at n.12.

As to *all* defendants, the Court specifically declined to rule on the vacation pay portion of the Amended Complaint, stating:

> With respect to the claims for unpaid accrued vacation time and unpaid wages and benefits, Plaintiffs' counsel acknowledged at the hearing that these claims should be asserted in proofs of claim filed in the SIPA and chapter 11 cases, rather than in an adversary complaint. Plaintiffs' counsel also said they have filed class proofs of claim seeking relief with respect to these claims. Both Trustees' counsel acknowledged that those claims will be dealt with in the normal claims allowance process. In dismissing the Amended Complaint, this ruling is without prejudice to the assertion of claims for unpaid accrued vacation or unpaid wages and benefits.

*Id.* at 272 n.1 (internal quotation marks omitted).

3

On November 26, 2012, the same Plaintiffs who filed the initial Amended Complaint filed their Second Amended Complaint. (Adv. Pro. Doc. # 64.) The Second Amended Complaint asserted causes of action for violation of both the federal and New York WARN Acts, and included a request for unpaid accrued vacation time. (*See* Second Am. Compl. at 18.) On December 21, 2012, the chapter 11 Debtors filed a Motion to Dismiss the Second Amended Complaint.

On August 23, 2013, the Court issued a second decision, dismissing *with prejudice* the WARN Act claims against the chapter 11 Debtors. *See Thielmann v. MF Global Holdings Ltd. (In re MF Global Holdings Ltd)*, Nos. 11-15059, 11-15058, Adv. Pro. No. 11-02880, 2013 WL 4511863, at *4 (Bankr. S.D.N.Y. Aug. 23, 2013) (*Thielmann II*). Specifically, the Court rejected the Plaintiffs' attempt to use the "single employer" doctrine, and explained as follows:

> The "single employer" doctrine is an exception to the doctrine of limited liability. Where the parent or an affiliate makes the decision to shut down the business, it may be appropriate to extend liability to the parent or affiliate on the basis of the single employer doctrine. But that rationale makes no sense in the context of a registered broker-dealer that is subject to SIPA. Here, the Securities Investor Protection Corporation ("SIPC"), acting on its own for the protection of customers of a broker-dealer, filed the proceeding leading to the appointment of the SIPA Trustee and the statutorily required liquidation of the business of MFGI. When employment is terminated of the requisite number of employees of the liquidating broker-dealer in the SIPA proceeding that would otherwise trigger WARN liability, the Court has already held that the liquidating fiduciary doctrine is a defense to WARN liability. In such circumstances, there is no basis for extending liability to the parent or other affiliates; termination of employment results from the commencement of the SIPA proceeding by SIPC, not from any act of the parent or affiliates.
>
> Here, Plaintiffs' counsel failed to amend the complaint to allege that the named Plaintiffs were employed by anyone other than MFGI. Rather than amending the complaint as directed by the Court, Plaintiffs' counsel chose instead to rely on the "single employer" doctrine that cannot apply in the circumstances present in this case. Under these circumstances, the Second Amended Complaint should be dismissed with prejudice.

*Id.*

The Plaintiffs appealed the *Thielmann II* decision (*see* Notice of Appeal, Adv. Pro. Doc. # 77); that appeal remains pending.

### B.    The Holdings Class Claim

On November 2, 2012, Ercole filed the Holdings Class Claim on behalf of "Plaintiffs in Adversary 11-02880 (MG)." (*See* Holdings Class Claim, attached as Ex. A to the Response, ECF Doc. # 1880-1.)[4] The stated basis for the Holdings Class Claim is: "Claims for WARN Act Violations as well as unpaid vacation time."  The Claim was filed against "MF Global Finance LTD*" and references case number 11-5059, which does not correlate with any existing entity.

Attached to the Holdings Class Claim is the following statement:

* This proof of claim is being filed in conjunction with the adversary seeking to recover both WARN Act damages, *as well as unpaid wages and vacation pay* as alleged in the adversary pending before this Court in 11-02880(MG).  It is intended to be a claim against each of the following estates:

MF Global Holdings Ltd. 11-15059
MF Global Finance USA Inc. 11-15058
MF Global Capital LLC 11-15808
MF Global Market Services 11-15810
MF Global FX Clear LLC 11-15810
MF Global Holdings USA 12-10863

---

[4] The Holdings Class Claim apparently amends Claim No. 10, which Ercole filed on November 18, 2011, on behalf of "Todd Thielmann and Pierre-Yvan Desparois, individually, and on behalf a Class of All Other Former Employees Similarly Situated."  (*See* Obl. ¶ 19.)  Claim No. 10 was filed against Holdings and "MF Global Finance LTD," which Holdings characterizes as "a non-existent or, at a minimum, non-debtor entity."  (*See id.*)  The case numbers listed on the claim were 11-15058 and 11-15059—the case numbers for the proceedings of FinCo and Holdings, respectively.  On April 19, 2013, the Court entered an order expunging Claim No. 10 as amended and superseded by the Holdings Class Claim (Claim No. 1793).  (*See Order Granting the Fifth Omnibus Objection of Plan Proponents Seeking to Disallow Certain Amended and/or Superseded Claims*, ECF Doc. # 1341.)  In its objection, the Plan Administrator asserts (in a single sentence) that the Holdings Class Claim was an improper amendment to the earlier filed Claim No. 10.  (*See* Obj. ¶ 20.)  The Claimants respond by asserting that amendments are liberally allowed, *see In re Orion Refining Corp.*, 317 B.R. 660, 664 (D. Del. 2004), and by pointing to the fact that the earlier claim was already expunged as an amended and superseded claim.  Holdings did not press this issue further in its Reply, and appears to have abandoned the argument.  In any event, the Court rejects this argument as a basis for disallowing the Holdings Class Claim.

(Holdings Class Claim at 4 (emphasis added).)[5]

### C. The Objection

Holdings objects to the WARN Act claim on the grounds that it is barred by *res judicata* since the Court dismissed that claim with prejudice in *Thielmann II*. Holdings objects to the claim for unpaid accrued vacation time on the grounds that (1) it is also barred by *res judicata* and (2) the Class Claimants failed to state a claim because they did not provide evidence as to who their employer was.

### II. DISCUSSION

### A. Claims Allowance

Claims objections have a shifting burden of proof. Correctly filed proofs of claim "constitute prima facie evidence of the validity and amount of the claim . . . . To overcome this prima facie evidence, an objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." *Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (2d Cir. B.A.P. 2000). By producing "evidence equal in force to the prima facie case," an objector can negate a claim's presumptive legal validity, thereby shifting the burden back to the claimant to "prove by a preponderance of the evidence that under applicable law the claim should be allowed." *Creamer v. Motors Liquidation Co. GUC Trust (In re Motors Liquidation Co.)*, No. 12 Civ. 6074 (RJS), 2013 U.S. Dist. LEXIS 143957, at *12–13 (S.D.N.Y. Sept. 26, 2013) (internal quotation marks omitted). If the objector does not

---

[5] The Plan Administrator argues that the Claim should be disallowed and expunged because the Class Claimants did not follow the explicit instructions in the Claims Bar Date Order by failing to properly identify the corporate entity or case number against which the claim was asserted. (*See* Claims Bar Date Order, ECF Doc. # 40 at 4(f) ("[P]roofs of Claim must specify by name and case number the Debtor against which the claim is filed. If a claimant asserts a claim against more than one Debtor or has claims against different Debtors, a separate Proof of Claim Form must be filed with respect to each Debtor.").) The Court rejects this argument. The Plan Administrator admittedly presumes that the Holdings Class Claimants intended to reference case number 11-15059—the case number for this chapter 11 proceeding, (s*ee* Reply at 6 n.4), and the Debtors' claims processing agent scheduled the Claim as asserting a claim against Holdings in the chapter 11 proceeding.

6

"introduce[] evidence as to the invalidity of the claim or the excessiveness of its amount, the claimant need offer no further proof of the merits of the claim." 4 COLLIER ON BANKRUPTCY ¶ 502.02 (16th rev. ed. 2013).

### B.     Res Judicata

*Res judicata* provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)); *Niles v. Wilshire Inv. Grp., LLC*, 859 F. Supp. 2d 308, 338 (E.D.N.Y. 2012). Under federal law, *res judicata* "bars later litigation if [an] earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007) (alteration in original) (internal quotation marks omitted). Further, the pendency of an appeal does not affect a decision's finality for *res judicata* purposes. *See Huron Holding Corp. v. Lincoln Mine Operating Co.*, 312 U.S. 183, 189 (1941) ("In the federal courts the general rule has long been recognized that while appeal with proper supersedeas stays execution of the judgment, it does not—until and unless reversed—detract from its decisiveness and finality.").

Here, the Court dismissed with prejudice the WARN Act claims against Holdings in *Thielmann II*. That decision is final, notwithstanding the Class Claimants' pending appeal. Indeed, the Class Claimants concede that *res judicata* bars the WARN Act portions of their claims. (*See* Resp. ¶ 4.) Therefore the Court **SUSTAINS** the Objection to the WARN Act claims.

But the Court specifically declined to rule on the vacation pay portion of the Class Claim

7

in its prior rulings. Still, because the Court held in *Thielmann II* that the "single employer theory" did not apply in these cases, the Class Claimants cannot rely on that doctrine to support a claim for unpaid accrued vacation time. Therefore, the Claimants must show that they were employees of the Debtors, and *not* just employees of MFGI.

### C. The Claimants Failed to Show That They Were Employees of the Chapter 11 Debtors

Through the Objection, the Debtors shifted the burden of proving the validity of the Class Claim back to the Claimants. Despite repeated requests from the Court, the Holdings Class Claimants have failed to offer any proof that they were employed by the chapter 11 Debtors—a prerequisite for their entitlement to vacation pay. Therefore, the Class Claimants have failed to show by a preponderance of the evidence the validity of their claim for unpaid accrued vacation time, and the Objection is **SUSTAINED** on that ground.

### III. CONCLUSION

For all of the foregoing reasons, the Court **SUSTAINS** the Objection.

**IT IS SO ORDERED.**

Dated:  July 17, 2014
        New York, New York

          ___*Martin Glenn*_____
                MARTIN GLENN
          United States Bankruptcy Judge