**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>MF GLOBAL HOLDINGS, LTD., et al.,<br><br>　　　　　　Debtors. | Chapter 11<br>Case No. 11-15059 (MG)<br>Jointly Administered |
| In re<br><br>MF GLOBAL Inc.,<br><br>　　　　　　Debtors. | Case No. 11-2790 (MG) SIPA |

**ORDER CONCERNING ADVANCES OF DEFENSE COSTS**
**UNDER CERTAIN INSURANCE POLICIES OF THE DEBTORS**

The Court, having received briefing and heard argument on the Motion Of The Individual Insureds To Modify The Automatic Stay And The Plan Injunction So As To Extend The "Soft Cap" On The Use Of The Proceeds Of Certain MFG Assurance Company Policies Of Professional Liability Insurance (the "Motion" - Case No. 11-15059, ECF No. 2039), hereby enters this Order concerning advances of defense costs under certain insurance policies obtained by MF Global Holdings, Ltd. ("MFGH") and MF Global Inc. and ("MFGI").

**WHEREAS**, by its April 25, 2012 Order Lifting Automatic Stay To Permit Payments Of Defense Costs Under Certain Insurance Policies (the "Initial Order" – Case No. 11-15059, ECF Docket No. 652), this Court modified the automatic stay under 11 U.S.C. § 362(a) (the "Stay"), to the extent applicable, to permit MFG Assurance Company Limited ("Assurance") and U.S. Specialty Insurance Company (together with Assurance, the "Insurers") to advance and/or make payments under certain insurance policies for defense costs incurred by insured individuals in connection with pending lawsuits, investigations and disputes, as well as any additional matters

1

that may arise in the future, subject to the Insurers' determination that such matters are potentially covered under the respective insurance policies and subject to the reservation of rights issued in respect of any claims;

**WHEREAS**, pursuant to the Initial Order, Assurance was authorized to advance defense costs under a tower of professional liability policies issued by it to MFGH for the period May 31, 2011, through May 31, 2012 (the "E&O Policies")[1];

**WHEREAS**, the Initial Order subjected the aggregate advances and/or payments permitted under the E&O Policies and certain other directors and officers liability policies (the "D&O Policies" and together with the E&O Policies, the "Policies") to a "soft cap" of $30 million, which could be further adjusted either by agreement among James W. Giddens, Trustee for the SIPA Liquidation of MFGI (the "Trustee"), the then-Chapter 11 Trustee for MFGH, and the Insurers, or by further order of this Court;

**WHEREAS**, the D&O insurers and the E&O insurers agreed to an allocation arrangement (the "Prior Allocation Arrangement"), which provided that in advancing defense costs on matters to which both the D&O and E&O insurers were contributing, the D&O insurers would advance or pay 59 percent of the defense costs and the E&O insurers would advance or pay 41 percent of the defense costs;

**WHEREAS**, the Amended and Restated Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code for MFGH, MF Global Finance USA Inc., MF Global Capital LLC, MF Global FX Clear LLC, MF Global Market Services LLC, and MF Global Holdings USA Inc. was filed with this Court on April 1, 2013 (as amended, supplemented or modified from time to

---

[1] The E&O Policies bear the policy numbers, 1-18001-00-11, 1-18002-00-11, 18003-00-11, 1-18004-00-11, 1-18005-00-11, 1-18005-01-11, 1-18006-00-11, 1-18009-00-11, 1-18010-00-11, 1-18011-00-11, 1-18011-01-11, and 1-18012-00-11.

2

time, the "Plan") and confirmed pursuant to an order of the Court entered on April 5, 2013 (the "Confirmation Order"), except with respect to certain Plan modifications, which were approved by order of this Court entered on May 2, 2013 (together with the Confirmation Order, the "Plan Confirmation Order");

**WHEREAS**, the Plan and the Plan Confirmation Order provide for the establishment of the Plan Administrator, as defined in the Plan, with duties and responsibilities as set forth in the Plan;

**WHEREAS**, this Court's May 30, 2014 Order To Lift The Automatic Stay To Permit Payments Of Defense Costs Under Certain Insurance Policies (the "Second Order" - Case No. 11-15059, ECF Docket No. 1901) recognized that the Plan Administrator now acts on behalf of MFGH in connection with the instant matter and bound it to the Initial Order and Second Order;

**WHEREAS**, the Second Order further modified the Stay to increase the initial "soft cap" to $40 million plus an additional $3.8 million to advance and/or pay for defense costs incurred by individual insureds who never were or no longer are defendants in any litigation, resulting in a total "soft cap" of $43.8 million, which could be further adjusted either by agreement among the Trustee, the Plan Administrator, and the Insurers (which now included XL Specialty Insurance per the Second Order) or by further order of this Court;

**WHEREAS**, certain of the individual insureds, including Jon Corzine, Bradley Abelow, and Henri Steenkamp had timely asserted against MFGI and/or MFGH certain claims for advancement and/or indemnification (the "Indemnification Claims");

**WHEREAS**, in the Court's Memorandum Opinion of September 4, 2014 (the "September 4 Opinion"), the Court found that due to the pendency of the Indemnification Claims, MFGI and MFGH could be entitled to receive up to $13.06 million in proceeds from the

3

D&O Policies, and the Court held that MFGH and MFGI do not have a property interest in the proceeds of the D&O Policies, except for $13.06 million, and thus that the proceeds of the D&O Policies, except as to $13.06 million of coverage, are therefore not subject to the "soft cap";

**WHEREAS**, the Motion sought further modification of the Stay, to the extent necessary, to extend the "soft cap" so that Assurance could make further advances of defense costs under the E&O Policies; and

**WHEREAS**, in December 2014 the Court entered an Interim Order to Lift the Automatic Stay to Permit Certain Advances of Defense Costs under Certain Errors and Omissions Insurance Policies, under which Order the Court increased the "soft cap," solely with respect to the E&O Policies, by the amount of $1,810,898.73 so that Assurance could make certain advances of defense costs under the E&O Policies on account of invoices that were then outstanding from the individual insureds;

**WHEREAS**, the Trustee and MFGH entered into a Sale and Assumption Agreement under which the Trustee assigned to MF Global Assigned Assets LLC, for which MFGH serves as managing member, all of MFGI's rights, remedies, title, and interests arising from or related to the litigation and other proceedings in which the E&O insurers have advanced defense costs;

**WHEREAS**, Messrs. Corzine, Abelow, and Steenkamp have withdrawn their Indemnification Claims;

**WHEREAS**, the D&O insurers and E&O insurers have advised the Court that they have agreed that the D&O insurers will begin to fund 100 percent of the defense costs of the individual insureds, including the defense costs that currently are outstanding and that, in accordance with the Prior Allocation Arrangement, have been allocated to and would have been paid by the E&O insurers, subject to (1) the ongoing application of the insurers' litigation

4

management and auditing guidelines, and (2) a reservation of the right of the insurers and the individual insureds to seek relief from the Court allowing the E&O insurers to pay to the D&O insurers some or all of the defense costs that under the Prior Allocation Arrangement have been or in the future would have been allocated to and paid by the E&O insurers, but that under the new agreement among the D&O insurers and E&O insurers, will be paid entirely by the D&O insurers.

**NOW, THEREFORE** in consideration of the foregoing, it is hereby **ORDERED**:

1. The Motion is denied without prejudice to its renewal in the future.

2. The Indemnification Claims having been withdrawn, MFGI and MFGH no longer have any property interest in proceeds from the D&O Policies. Accordingly, the D&O insurers, including those D&O insurers that are responsible for the $13.06 million in coverage that was subject to this Court's September 4 Opinion, may continue to use those proceeds to advance or pay defense costs and to resolve claims in accordance with the terms of the D&O Policies.

3. In view of the fact that the D&O insurers have agreed to advance defense costs that under the Prior Allocation Arrangement would have been allocated to the E&O Policies, the insurers and the individual insureds may seek relief from the Court allowing the E&O insurers to pay to the D&O insurers some or all of the defense costs that will be paid from the proceeds of the D&O Policies.

4. Further adjustments, if any, to the "soft cap" as it relates to the E&O Policies shall be made only by agreement among the Plan Administrator, Assurance, and the individual insureds, or by further order of this Court.

5.  Nothing herein shall constitute an admission by the Plan Administrator, any Insurer, or any individual insured that the proceeds of the E&O Policies are or are not property of the debtors' estates.

6.  Nothing herein shall constitute (i) a waiver, modification or limitation of the Plan Administrator's, the Insurers', or any insured's reservation of any of their respective rights, remedies and defenses under the E&O Policies, D&O Policies, and otherwise, (ii) a waiver, modification or limitation of any of the terms or conditions of any E&O Policy, D&O Policy, and otherwise, (iii) a waiver, modification or limitation of either of the debtor's rights under the E&O Policies, D&O Policies, and otherwise, (iv) a finding that sums are due and owing, or in what amount, under, by or between the D&O Policies or E&O Policies, or (v) an agreement to submit to this or any other particular Court any subsequent disputes as to coverage under the E&O Policies or D&O Policies.

7.  Nothing herein shall modify the Consent Order Authorizing the Payment and Reimbursement of Defense Costs by MFG Assurance Company Limited, and Granting Related Relief (Case No. 11-15059, ECF No. 535).

**[REMAINDER OF PAGE LEFT BLANK]**

8. Except as stated expressly herein, nothing herein shall modify either of the Initial Order or the Second Order.

9. This Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Order.

10. The 14-day stay pursuant to Fed. R. Bankr. Proc. 4001(a) is hereby waived.

**IT IS SO ORDERED.**

Dated: November 3, 2015
New York, New York

                                                    **/s/Martin Glenn**
                                                    MARTIN GLENN
                                       United States Bankruptcy Judge