# EXHIBIT D

Hearing Date: Thursday, August 11, 2016 at 11:00 a.m.. (prevailing Eastern Time)
Response Deadline: Wednesday, August 3, 2016 at 4:00 p.m. (prevailing Eastern Time)

JONES DAY
Bruce Bennett
Michael Schneidereit
555 South Flower Street, 50th Floor
Los Angeles, CA 90071
Tel:   (213) 243-2533
Fax:   (213) 243-2539

Counsel for the Litigation Trustee of the
　　MF Global Litigation Trust , MF Global
　　Holdings Ltd., as Plan Administrator,
　　and MF Global Assigned Assets LLC

 -and-

Jane Rue Wittstein
250 Vesey Street
New York, NY 10281
Tel:   (212) 326-3939
Fax:   (212) 755-7306

Counsel for MF Global Holdings Ltd.,
　　as Plan Administrator, and
　　MF Global Assigned Assets LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------- x | | Chapter 11 |
| **In re** : | | Case No. 11-15059 (MG) |
| **MF GLOBAL HOLDINGS LTD., et al.,** : | | (Jointly Administered) |
| Debtors.[1] : | | |
| ------------------------------------------------------- X | | |

**DECLARATION OF NADER TAVAKOLI IN
SUPPORT OF THE MOTION PURSUANT TO
RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE TO APPROVE THE SETTLEMENT AMONG THE PLAN
ADMINISTRATOR, THE TRUSTEE OF THE LITIGATION TRUST, INDIVIDUAL
DEFENDANTS, SAPERE CTA FUND, L.P., AND THE CUSTOMER REPRESENTATIVES**

---

[1]    The debtors in the chapter 11 cases (the "Chapter 11 Cases") are MF Global Holdings Ltd.; MF Global Finance USA Inc.; MF Global Capital LLC; MF Global Market Services LLC; MF Global FX Clear LLC; and MF Global Holdings USA Inc. (collectively, the "Debtors").  The Court entered an order of final decree closing the chapter 11 cases of MF Global Capital LLC, MF Globla FX Clear LLC, and MF Global Market Services LLC on February 11, 2016.

I, Nader Tavakoli, am the trustee of the Litigation Trust created pursuant to the confirmed *Second Amended and Restated Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code for MF Global Holdings Ltd., MF Global Finance USA Inc., MF Global Capital LLC, MF Global FX Clear LLC, MF Global Market Services LLC, and MF Global Holdings USA Inc.* (D.I.[2] 1382) (the "Plan") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") and the Litigation Trust Agreement dated as of June 4, 2013 (the "Litigation Trust Agreement").  I submit this declaration in my capacity as Litigation Trustee[3] pursuant to 28 U.S.C. § 1746 in support of the *Motion Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for Entry of an Order Approving the Settlement Agreement Among the Plan Administrator, the Trustee of the Litigation Trust, Individual Defendants, Sapere CTA Fund, L.P., and the Customer Representatives* (the "Motion"),[4] which seeks approval of that certain Stipulation and Agreement of Settlement dated as of July 6, 2016 (the "Settlement Agreement"), by and among (i) MFGAA, as assignee of certain claims, rights, and interests of MF Global Inc. ("MFGI"); (ii) MFGH; (iii) the Litigation Trustee (together with MFGI, MFGAA, and MFGH, the "MFG Plaintiffs"); (iv) the Customer Class Representatives;[5] (v) Sapere CTA

---

[2]    Citations to "D.I." refer to docket items in the main bankruptcy case of MFGH, Case No. 11-15059.  Citations to "MDL D.I." refer to docket items in the consolidated MDL proceeding Deangelis v. Corzine, No. 11-cv-7866 (S.D.N.Y.) (VM) (the "MDL").  Citations to "SIPA D.I." refer to docket items in the SIPA liquidation of MF Global Inc., which was proceeding before the Bankruptcy Court as Case No. 11-02790 before it was closed on April 4, 2016.  Citations to "Adv D.I." refer to docket items in Adversary Proceeding Number 13-01333 (Bankr. S.D.N.Y.).  Citations to "Section 105 Adv. D.I." refer to docket items in Adversary Proceeding Number 15-01362 (Bankr. S.D.N.Y.).  Citations to "CFTC-ECF" are to the docket in the CFTC Action.

[3]    I understand that the separate Declaration of Erik Graber ("Graber Decl.") is submitted in support of the Plan Administrator's and MFGAA's request for approval of the Settlement Agreement.  I am also a member of the Board of MFGH, but do not submit this Declaration in that capacity.

[4]    Capitalized terms not otherwise defined in this declaration have the meaning given to them in the Motion.

[5]    The "Customer Class Representatives" are the parties appointed as lead plaintiffs in the class action cases alleging violations of the Commodity Exchange Act and associated regulations, all of which were

Fund, L.P. ("Sapere"), and, together with the MFG Plaintiffs and the Customer Class Representatives, the "Plaintiffs"); (vi) Jon S. Corzine ("Corzine"), Bradley Abelow ("Abelow"), and Henri Steenkamp ("Steenkamp") (the "Litigation Trust Action Defendants"); and (vii) David Dunne ("Dunne"), Vinay Mahajan ("Mahajan"), and Edith O'Brien ("O'Brien" and, together with the Litigation Trust Action Defendants and Dunne and Mahajan, the "Defendants"; the Plaintiffs and Defendants are collectively referred to herein as the "Settling Parties").[6] The statements in this Declaration are based on (a) my personal knowledge in my capacity as Litigation Trustee, (b) my review of relevant documents, and (c) information provided to me by, or discussions with, Litigation Trust counsel. If called to testify, I could and would testify to each of the facts set forth herein on that basis, and hereby state as follows:

1.    As trustee of the Litigation Trust, I am familiar with the Chapter 11 Cases, the Plan, the Plan Administrator's rights, duties, and obligations under the Plan, along with the Litigation Trust, the Litigation Trust Agreement, the Litigation Trust Claims, and my obligations as trustee of the Litigation Trust. The Litigation Trust Agreement, in accordance with the Plan, assigned to the Litigation Trust the claims set forth in the complaint entitled *Louis J. Freeh, as Chapter 11 Trustee of MF Global Holdings Ltd., et al. v. Jon S. Corzine, et al.,*" Adversary

---

(continued…)

consolidated for pre-trial purposes into the case captioned *Deangelis v. Corzine*, No. 11-cv-7866 (S.D.N.Y.) (VM) and *In re MF Global Holdings Ltd. Investment Litigation*, No. 12-md-2338 (VM) (the "MDL"). On August 20, 2015, the District Court entered its Decision and Order granting the class certification motion of the Customer Class Representatives, certifying a class of former commodities and securities customers of MFGI (the "Customer Class"), and appointing Co-Lead Class Counsel ("Class Counsel"). (MDL D.I. 981).

[6]    The Settlement Agreement in redacted form is annexed to the Motion as Exhibit B. For completeness, Movants are submitting a motion to file the unredacted Settlement Agreement under seal, along with the *Confidential Supplement to Motion Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure For Entry of an Order Approving the Settlement Agreement Among the Plan Administrator, the Trustee of the Litigation Trust, Individual Defendants, Sapere CTA Fund, L.P., and the Customer Representatives* (the "Supplement") to be provided to the Court with the unredacted Settlement Agreement once an order permitting the filings under seal is entered. The Supplement describes for the Court's ease of reference the specific provisions required to be kept strictly confidential as part of Settlement. (See also Settlement Agreement ¶¶ 12(e), 57 (imposing confidentiality obligations)).

3

NAI-1500739640

Proceeding Number 13-01333 (the "Adversary Proceeding") in the U.S. Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), as well as any claims arising out of or related to the facts or circumstances alleged in the complaint or set forth in the *Report of Louis J. Freeh, as Chapter 11 Trustee of MF Global Holdings Ltd., et al.*, dated April 3, 2013 (D.I. 1279) (the "Litigation Trust Claims").[7]

2. Among the primary objectives of the Litigation Trust under the Litigation Trust Agreement are the investigation, pursuit, litigation (including, as appropriate, settlement), and liquidation of the Litigation Trust Claims. (Litigation Trust Agreement at § 1.3). My broad authority under the Litigation Trust Agreement includes the authority to settle the Litigation Trust Claims. (See Litigation Trust Agreement §§1.3; 1.7; 3.1; 4.3(b), (d)(ii); 5.4)). In furthering the objectives of the Litigation Trust, I am required to use my business judgment to maximize distributions to beneficiaries of the Litigation Trust without unduly prolonging its duration. (See id. at §§ 1.3; 3.1; 7.1).

3. Upon confirmation of the Plan and the transfer of the Litigation Trust Claims into the Litigation Trust, and in accordance with the Litigation Trust Agreement, I evaluated the Litigation Trust Claims and concluded that they are meritorious. I thereafter directed the filing of the First Amended Complaint on September 16, 2013 in the Adversary Proceeding (Adv D.I. 22), from which the reference was subsequently withdrawn and which was consolidated with the MDL under the caption *DeAngelis v. Corzine*, Docket No. 11-CV-07866 in the U.S. District Court for the Southern District of New York (the "District Court") (MDL D.I. 513; CFTC-ECF 29).

---

[7] The Litigation Trust Claims, as described in the *First Amended Complaint and Request For Jury Trial* (the "First Amended Complaint") filed on September 16, 2013 in the Adversary Proceeding, seek damages from the Litigation Trust Action Defendants for alleged breaches of fiduciary duties of care and loyalty to MF Global prior to MF Global's collapse as set forth more fully in the Motion and in considerable detail in the complaint. The damages sought as a result of these breaches in fiduciary duties are approximately $2 billion.

4

4. On March 24, 2014, the District Court entered an opinion denying in full the Litigation Trust Defendants' motion to dismiss the First Amended Complaint. (MDL D.I. 703). Fact discovery with respect to the Litigation Trust Claims was completed on July 15, 2015, and expert discovery was completed on November 23, 2015.

5. At appropriate junctures, I have supported efforts to resolve the Litigation Trust Claims by settlement. I have been motivated in these settlement efforts in significant part by the fact that the primary source of funds available to satisfy any recoveries on claims against individual defendants in the MDL, either from a judgment or a settlement, are the proceeds of MF Global's directors and officers ("D&O") and errors and omissions ("E&O") insurance policies. Even though I am highly confident of the merits of the claims asserted in the Litigation Trust Action, I recognize that the D&O and E&O policies are wasting policies with finite total limits that have been drained to a significant degree in order to fund the Defendants' (and other insureds') litigation and settlement costs in the MDL.[8] I also recognize that the facts underlying the Litigation Trust Claims are complex and the risk of proceeding to trial is significant.

6. Previous settlement discussions in 2014 and early 2015 that were facilitated by experienced mediators failed. In late 2015, I worked closely with counsel to design a settlement structure that would fix the financial obligation of the settling defendants at the full amount of all remaining insurance proceeds. All insurers who funded their policy limits to the global settlement would receive releases with respect to their funding policies, and the Defendants/Insureds would assign their rights against any insurers that refused to contribute their remaining policy limits. Because such a structure would exhaust remaining insurance proceeds (which also paid for the Defendants' defense costs), the Defendants insisted that the settlement in

---

[8] I am advised that over $97 million in proceeds from the D&O Policies and E&O Policies had been paid out for reimbursement of defense fees and costs through March 31, 2016.

5

principle either had to also settle all other pending litigations in the MDL or set aside funds to provide for the defense and/or settlement of those claims. On November 30, 2015, after extensive good-faith, arms' length negotiations, the MFG Plaintiffs, the Defendants, and the Customer Class Representatives entered into a confidential term sheet (the "<u>November 30 Term Sheet</u>") setting forth terms of a global settlement that would resolve (or set aside finite reserves to defend and/or resolve) all claims remaining against the Defendants in the MDL litigation.[9]

7.   In the months since the November 30 Term Sheet was executed, the Settling Parties, with the participation of the D&O and E&O Insurers, have been negotiating the final documentation for the global settlement under the supervision of Magistrate Judge James C. Francis, as mediator. The Settlement Agreement and the agreements related thereto[10] represent the final result of those negotiations. All execution signatures for all documentation comprising the global settlement were finally obtained on July 12, 2016.

8.   In my business judgment, the Settlement for which the Motion seeks approval[11] is in the best interests of the beneficiaries of the Litigation Trust and will maximize the recovery that can be expected for the Litigation Trust (and all MFG Plaintiffs) given the wasting nature of the insurance proceeds and the time, expense, and risks inherent in taking the Litigation Trust Claims to trial. Litigating the Litigation Trust Claims to final judgment would be enormously

---

[9] As set forth in the Supplement, the Settlement Agreement provides for certain personal contributions from the Group A Defendants that were the subject of good faith, arms' length negotiations. (Supplement ¶ 6). While the specifics of these contributions are required to be kept strictly confidential, the net impact of these personal contributions has been disclosed in calculating the expected adjusted gross proceeds from the Settlement. (Graber Decl. ¶ 5).

[10] Among other side agreements that have been entered into in connection with the Settlement Agreement, the D&O insurers and E&O insurers have entered into confidential funding agreements that require contribution of the limits of certain policies to the global settlement.

[11] As set forth in the Graber Declaration, this Motion simply asks for approval under Rule 9019 of the aggregate recoveries flowing to the MFG Plaintiffs. The allocation of those proceeds among the MFG Plaintiffs will be sought through a separate motion. (Graber Decl. ¶ 6 n.11). I also will not reiterate here the breakdown of the insurance proceeds, amounts subject to confidential aspects of the Settlement, or the detailed explanations of the expected recoveries, which are fully set forth elsewhere. (<u>E.g.</u>, <u>id.</u> ¶¶ 4-6).

NAI-1500739640

expensive, given the complexity of the factual and legal issues and the large number of professionals involved in the case, with no certainty of outcome. Furthermore, defense costs, including expert fees and costs of the Defendants, have been and would continue to be reimbursed out of the same insurance proceeds available to fund any damages that are ultimately awarded.

9.     Given the extremely high rate at which insurance proceeds have been spent up to this point, and considering the costs of trial(s) and likely appeals, it is possible that defense costs could consume much of the remaining E&O and D&O insurance proceeds before any recovery is achieved even assuming a favorable judgment. Pursuing litigation rather than supporting the proposed Settlement under this circumstance would only be prudent if a greater recovery would be expected to be realized from the Litigation Trust Action Defendants' personal assets, especially given the time and risks involved. After exploring this issue with my advisors, I concluded in my business judgment that the personal assets of the Defendants available to satisfy a judgment would not provide as great a recovery to the Litigation Trust as is provided by the proposed Settlement.[12] Furthermore, seeking such a recovery would only increase the expense, uncertainty, and duration of the recovery process.

10.     In my business judgment, I conclude that pursuing the Litigation Trust Claims to trial would unduly prolong the existence of the Litigation Trust and would not maximize distributions to the Litigation Trust's beneficiaries. For this reason and for all of the reasons

---

[12]     Notably, the Securities Lead Plaintiffs reached a similar conclusion and agreed to a settlement funded exclusively from insurance proceeds after requiring confidential disclosures, including verified disclosures to a mediator for certain defendants. See *Joint Declaration of Salvatore J. Graziano and Javier Bleichmar in Support of (I) Lead Plaintiffs' Motion for Final Approval of Class Action Settlements and Plan Of Allocation; and (II) Co-Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses*, MDL D.I. 1002 at 7 ¶ 8, Ex. 3 at 3 ¶ 6.

7

stated above, I respectfully request that the Court grant the Motion and approve the Settlement Agreement.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 20, 2016  
      New York, New York

/s/ *Nader Tavakoli*  
Nader Tavakoli

NAI-1500739640

NAI-1500739640